

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2018 JUN -6 PM 3: 35

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

CLERK___BMG

| | |
|---|---|
| CHARLES EPLEY AKA Pierryck Castellazzi | § |
| Plaintiff, | § |
| | § |
| V. | § Civil Action No. _____ |
| | § |
| Marco Gonzalez (Sergeant at Montford), | § |
| David Camargo (Officer at Montford), | § |
| Julio Espinosa III (Officer at Montford), | § |
| Rafael Guitron II (Officer at Montford), | § |
| Bobby Gutierrez (Officer at Montford), | § |
| Jonathan Smith (Officer at Montford), | § |
| Herrera (Sergeant at Montford), | § |
| Tara C. Flores (Nurse at Montford), | § |
| Maria R. Martinez (Nurse at Montford), | § |
| Shaquavia C. Wagner (Nurse at Montford), | § |
| Tasia M. Rains (Nurse at Montford), | § |
| Robert Stevens (Warden at Montford), | § |
| John/Jane Doe(s) (officials at Montford), | § |
| John Doe (Bus driver: Montford to Robertson), | § |
| Lopez (Sergeant at Robertson), | § |
| "Blue" (Duty medical official at Robertson), | § |
| John/Jane Doe(s) (officials at Robertson), | § |
| Samuel B. Itie (Medical official at Lynaugh), | § |

Roxie Ingram (Medical official at Lynaugh),       §
M. Fuentes (Practice Manager at Lynaugh),       §
Michelle D. Sellers (Classification at Lynaugh),§
Paul M. Robinson (Sergeant at Lynaugh),       §
Heather M. Gonzales (Sergeant at Lynaugh),     §
Raul Melero (Captain at lynaugh),       §
Sheila R. Lehnert (Grievance at Lynaugh),       §
Glen H. Whitfield (Warden at Lynaugh),       §
John/Jane Doe(s) (officials at Lynaugh),       §
John/Jane Doe(s)       §
(Step II Medical Grievance Program -       §
 Office of Professional Standards) –       §
TDCJ Health Service Division),       §
K. Ward (Grievance Supervisor),       §
C. Martinez (Grievance Supervisor),       §
M. Blalock (Grievance Supervisor),       §
Steve Massie (Assistant Regional Director),       §
Katheryn Bell (Use of Force Supervisor),       §
Maggie Schillaci (Use of Force Supervisor),       §
John/Jane Doe(s)       §
(State Classification Committee in Huntsville), §
Zeke Tisdale (TDCJ Legal Assistant  One),       §
Nicholas Morrell (TDCJ Asst. General Counsel),§
Sharon Felfe Howell (TDCJ General Counsel),   §
Ken Paxton (Attorney General of Texas),       §
Defendants.       §        DEMAND FOR JURY TRIAL

## COMPLAINT

### STATEMENT OF THE CASE

This is a civil rights case filed by Plaintiff CHARLES EPLEY (AKA Pierryck Castellazzi) a former Texas prisoner - for damages as to all claims under 42 U.S.C. § 1983 (and for an Emergency Temporary Restraining Order and Preliminary Injunction which were filed separately, a few days ago) - who is asserting claims for:

(01). The unconstitutional misuse of force, in violation of the Eighth Amendment to the United States Constitution.

(02).  The denial of much-needed medical, dental, and psychiatric treatments for the injuries inflicted during the unconstitutional misuse of force, in violation of the Eighth Amendment to the United States Constitution.

(03). Retaliation for having reported the misuse of force and for having sought much-needed medical and psychiatric treatments, in violation of the First Amendment to the United States Constitution.

(04). Denial of due process (e.g., Obstruction of Justice by the defendants, to skirt liability, for the above constitutional violations), in violation to the Fourteenth Amendment to the United States Constitution.

(05). The torts of assault and battery and negligence.

## STATEMENT OF CLAIM

The pleadings filed in this Honorable Court allege the following:

(06). Certain defendants willfully combined, conspired, and agreed with one another and with co-conspirators known and unknown to plaintiff that they would, while acting under color of law, injure, oppress, threaten, and intimidate plaintiff in his free exercise and enjoyment of the right, secured and protected by the Constitution of the United States, not to be subjected to cruel and unusual punishment by one acting under color of law.

(07). It was part of the manner and means of the conspiracy that certain defendants would unjustifiably brutalize plaintiff while he was lying on the floor, compliant, not posing a physical threat to anyone, and not evading or struggling with any official.

(08). It was part of the manner and means of the conspiracy that certain defendants would unjustifiably deny plaintiff much-needed treatments for the following serious medical conditions:

A. MEDICAL:

- Plaintiff's broken nose;
- Plaintiff's Traumatic Brain Injury, with loss of consciousness, headaches, vomiting...;
- Blurred vision to plaintiff's right eye;
- Loss of hearing to plaintiff's right ear;
- Neurological pain in the right side of Plaintiff's neck;
- Pain in plaintiff's left shoulder;
- Broken ribs on plaintiff's right side;
- Worsening of plaintiff's back pain, resulting from preexisting injuries;
- Pain in plaintiff's both knee.

B.  DENTAL:

  -  Plaintiff's pain in his frontal teeth;

C.  PSYCHIATRIC:

  -  Plaintiff's Post-Traumatic Stress Disorder;
  -  Plaintiff's severe recurring depressive episodes.

(09). It was part of the manner and means of the conspiracy that certain defendants would unjustifiably retaliate against plaintiff for having reported having been brutalized and for seeking much-needed medical, dental, and psychiatric treatments for the serious medical conditions itemized above.

(10). Certain defendants knowingly and willfully combined, conspired, and agreed with one another and with co-conspirators to obstruct Justice by knowingly falsifying and/or making entry(ies) in a record(s) with the intend to impede, obstruct, and influence the investigations.

## JURISDICTION AND VENUE

(11). This action is brought pursuant to 42 U.S.C. § 1983 et seq, to redress the Defendants' tortious conduct and their deprivation of Plaintiff's rights secured by the United States Constitution.

(12). Jurisdiction over claims brought under the Civil Rights Act of 1871 is conferred on this court pursuant to the Judicial code, 28 U.S.C. §§ 1331 and 1343; and the Constitution of the United States.

(13). This Court also has supplemental jurisdiction over the pendent state law claims as codified in 28 U.S. § 1367.

(14). The amount in controversy in this case is greater than $75,000. And Plaintiff is a citizen of France who resides in France. This Court has diversity jurisdiction over the entire case pursuant to 28 U.S.C. § 1332.

(15). Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District and one or more of the Defendants is subject to the court's personal jurisdiction with respect to this action.

(16). Pursuant to 28 U.S. 1746, this is a verified complaint which incorporates, for all purposes, Plaintiff's six-page Affidavit/Declaration in Support of Plaintiff's Motion and Memorandum of Law for an Emergency Temporary Restraining Order and a Preliminary Injunction, dated May 22nd 2018 and its attached exhibits – and makes the documents a part hereof – by reference to his Complaint.

(17). Plaintiff also incorporates, for all purposes, all the pleadings he has previous filed with this Court (i.e., all the Motions, the Memorandums of Law, the exhibits attached to the pleadings... dated May 22nd 2018) - and makes the documents a part hereof – by reference to this Complaint.

(18). Plaintiff hereby demands a trial by jury pursuant to Federal Rule of civil Procedure 38(b) on all issues so triable.

## PLAINTIFF

(19). At all times relevant herein Plaintiff was a prisoner of the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID). Plaintiff spent about twenty-eight (28) years incarcerated in the State of Texas. Plaintiff has always maintained that he is not guilty of the crime for which he was convicted. Plaintiff was released from the TDCJ-ID in February of 2018. The Constitutional violations reported herein occurred while Plaintiff was incarcerated at the Montford, Robertson and the Lynaugh prisons of the TDCJ-ID.

Plaintiff can be easily, inexpensively, and promptly contacted at: epleylegal@gmail.com.

(20).  Texas Penal Code Sec. 22.04 states, in part:

a). A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission, causes to a child, elderly individual, or disabled individual.:

                (1). Serious bodily injury;

                (2). Serious mental deficiency, impairment, or injury; or

                (3). Bodily injury.

(c)(3). "Disabled individual" means a person older than 14 years of age who by reason of age or physical or mental disease, defect, or injury is substantially unable to protect himself from harm or to provide food, shelter, or medical care for himself.

Plaintiff will be sixty-one (61) year old in August of 2018.

Per the available medical and psychiatric records, Plaintiff is a disabled individual.

## DEFENDANTS

(21). Marco Gonzalez, was at all times herein (Monday June O6-2016 and Tuesday June 07-2016) a Sergeant of security at the Montford prison, of the Texas Department of Criminal Justice (TDCJ), located in Lubbock, Texas USA (hereafter: "Montford", for easy reference).

Based on the information available at the time this Complaint is written (i.e., before Discovery has been conducted), it is believed that Defendant Marco Gonzalez is liable for the violations/crimes cited in this complaint's paragraphs: #01, #04, #05, #06, #07 and #10.

(22). David Camargo was at all times herein (Monday June 06-2016) a prison guard at Montford. Based on the information available at the time this complaint is written, it is believed that Defendant David Camargo is liable for the violations/crimes cited in this complaint's paragraphs: #01, #04, #05, #06, #07 and #10.

(23). Julio Espinosa III was at all times herein (Monday June 06-2016) a prison guard at Montford. Based on the information available at the time this complaint is written, it is believed that Defendant Julio Espinosa III is liable for the violations/crimes cited in this complaint's paragraphs: #01, #04, #05, #06, #07 and #10.

(24). Rafael Guitron II was at all times herein (Monday June 06-2016) a prison guard at Montford. Based on the information available at the time this complaint is written, it is believed that Defendant Rafael Guitron II is liable for the violations/crimes cited in this complaint's paragraphs: #01, #04, #05, #06, #07 and #10.

(25). Bobby Gutierrez was at all times herein (Monday June 06-2016) a prison guard at Montford. Based on the information available at the time this complaint is written, it is believed that Defendant Bobby Gutierrez is liable for the violations/crimes cited in this complaint's paragraphs: #01, #04, #05, #06, #07 and #10.

(26). Jonathan Smith was at all times herein (Monday June 06-2016) a prison guard at Montford. Based on the information available at the time this complaint is written, it is believed that Defendant Jonathan Smith is liable for the violations/crimes cited in this complaint's paragraphs: #01, #04, #05, #06, #07 and #10.

(27). Herrera was at all times herein (Monday June 06-2016 and Tuesday June 07-2016) a Sergeant of security at Montford.
Based on the information available at the time this complaint is written, it is believed that Defendant Herrera is liable for the violations/crimes cited in this complaint's paragraphs:  #03, #04, #05, #06, #09 and #10.

(28). Tara C. Flores was at all times herein (Monday June 06-2016) a Nurse at Montford. Based on the information available at the time this complaint is written, it is believed that Defendant Tara C. Flores is liable for the violations/crimes cited in this complaint's paragraphs: #02, #04, #05, #08, #10.

(29). Maria R. Martinez was at all times herein (Monday June 06-2016) a Nurse at Montford. Based on the information available at the time this complaint is written, it is believed that Defendant Maria R. Martinez is liable for the violations/crimes cited in this complaint's paragraphs: #02, #04, #05, #08 and #10.

(30). Shaquavia C. Wagner was at all times herein (Monday June 06-2016) a Nurse at Montford. Based on the information available at the time this complaint is written, it is believed that Defendant Shaquavia C. Wagner is liable for the violations/crimes cited in this complaint's paragraphs: #02, #04, #05, #08 and #10.

(31). Tasia M. Rains was at all times herein (Monday 06-2016) a Nurse at Montford. Based on the information available at the time this complaint is written, it is believed that Defendant Tasia M. Rains is liable for the violations/crimes cited in this complaint's paragraphs: #02, #04, #05, #08 and #10.

(32). Robert Stevens was at all times herein (June and July of 2016) the Warden at Montford. Based on the information available at the time this complaint is written, it is believed that Defendant Robert Stevens is liable for the violations/crimes cited in this complaint's paragraphs: #04, #05 & #10.

(33). John/Jane Doe(s) security and medical official(s) was(were) at all times herein (June of 2016) at Montford.
Based on the information available at the time this complaint is written, it is believed that certain John/Jane Doe(s) Defendant(s) is(are) liable for the violations/crimes cited in this complaint's paragraphs: #02, #03, #04, #05, #08, #09 and #10.

(34). Lopez was at all times herein (Tuesday June 07-2016) a Sergeant of security at the Robertson prison, of the TDCJ, located in Abilene, Texas USA (hereafter: "Robertson", for easy reference). Based on the information available at the time this complaint is written, it is believed that Defendant Lopez is liable for the violations/crimes cited in this complaint's paragraphs: #02, #04, #05, #06, and #08.

(35). "Blue" was at all times herein (Tuesday June 07-2016, Wednesday June 08-2016, and Thursday June 09-2016) the medical official dispensing the prescribed medications to the prisoners incarcerated in the transit building of the Administrative-Segregation at Robertson. Based on the information available at the time this complaint is written, it is believed that Defendant 'Blue' is liable for the violations/crimes cited in this complaint's paragraphs: #02, #04, #05, #08 & #10.

(36). John/Jane Does security and medical officials – including, but not limited to, the bus driver who operated the bus which transported Plaintiff from Montford to Robertson on Tuesday June 07-2016 - were at all times herein (Tuesday June 07-2016) at the "reception" area of the transit building of the Administrative-Segregation at Robertson.
Based on the information available at the time this complaint is written, it is believed that certain John/Jane does Defendants are liable for the violations/crimes cited in this complaint's paragraphs: #02, #03, #04, #05, #06, #08, #09 and #10.

(37). Samuel B. Itie was at all times herein (June of 2016) a medical supervisor at Lynaugh. Based on the information available at the time this complaint is written, it is believed that Defendant Samuel B. Itie is liable for the violations/crimes cited in this complaint's paragraphs: #02, #04, #05, #06, #08 and #10.

(38). Roxie Ingram was at times herein (June of 2016) the medical supervisor of the Mental-health Department at Lynaugh. In that capacity, Roxie Ingram interfaced between the officials at Montford and the officials at Lynaugh.
Based on the information available at the time this complaint is written, it is believed that Defendant Roxie Ingram is liable for the violations/crimes cited in this complaint's paragraphs: #02, #03, #04, #05, #06, #08, #09 and #10.

(39). M. Fuentes was at the times herein (June of 2016) the medical department's Practice Manager at lynaugh. In that capacity she also interfaced between the security and the medical officials. Based on the information available at the time this complaint is written, it is believed that Defendant M. Fuentes is liable for the violations/crimes cited in this complaint's paragraphs: #02, #04, #05, #08 and #10.

(40). Michelle D. Sellers was at all times herein (June of 2016) the Director of Classification at Lynaugh).
Based on the information available at the time this complaint is written, it is believed that Defendant Michelle D. Sellers is liable for the violations/crimes cited in this complaint's paragraphs: #03, #04, #05, #06, #09 and #10.

(41). Paul M. Robinson was at all times herein (June of 2016) a Sergeant of security at Lynaugh.
Based on the information available at the time this complaint is written, it is believed that Defendant Paul M. Robinson is liable for the violations/crimes cited in this complaint's paragraphs: #03, #04, #05, #06, #09 and #10.

(42). Heather M. Gonzales was at all times (Monday June 20-2016) a Sergeant of security at Lynaugh with the duty to investigate/prosecute assaults, batteries and other crimes within the TDCJ prisons.
Based on the information available at the time this complaint is written, it is believed that Defendant Heather M. Gonzales is liable for the violations/crimes cited in this complaint's paragraphs: #04, #05, #06, and #10.

(43). Raul Melero was at all times (Monday June 20-2016) a Captain of security at Lynaugh with the duty to investigate/prosecute assaults, batteries and other crimes within the TDCJ prisons. Based on the information available at the time this complaint is written, it is believed that Defendant Raul Melero is liable for the violations/crimes cited in this complaint's paragraphs: #04, #05, #06, and #10.

(44). Sheila R. Lehnert was at all times herein (June of 2016) the Grievance Supervisor at Lynaugh. Based on the information available at the time this complaint is written, it is believed that Defendant Sheila R. Lehnert is liable for the violations/crimes cited in this complaint's paragraphs: #04, #05 and #10.

(45). Glen H. Whitfield was at all times herein (June and July of 2016) the Warden at Lynaugh. Based on the information available at the time this complaint is written, it is believed that Defendant Glen Whitfield is liable for the violations/crimes cited in this complaint's paragraphs:  #04, #05 & #10.

(46). John/Jane Doe(s) official(s) was(were) at all times (June of 2016) at Lynaugh. Based on the information available at the time this complaint is written, it is believed that certain John/Jane Doe(s) Defendant(s) is(are) liable for the violations/crimes cited in this complaint's paragraphs: #02, #03, #04, #05, #06, #08, #09 and #10.

(47). John/Jane Doe(s) was(were) at all times herein official(s) with the Step II Medical Grievance Program-Office of Professional Standards-TDCJ Health Service Division.
Based on the information available at the time this complaint is written, it is believed that the John/Jane Doe(s) Defendant(s) is(are) liable for the violations/crimes cited in this complaint's paragraphs: #02, #04, #05, #08 and #10.

(48).  K. Ward was at all times herein acting as Grievance Supervisor.

Based on the information available at the time this complaint is written, it is believed that Defendant K. Ward is liable for the violations/crimes cited in this complaint's paragraphs: #04 and #10.

(49). C. Martinez was at all times herein acting as Grievance Supervisor.

Based on the information available at the time this complaint is written, it is believed that Defendant C. Martinez is liable for the violations/crimes in the complaint's paragraphs: #04 and #10.

(50). M. Blalock was at all times herein acting as Grievance Supervisor.

Based on the information available at the time this complaint is written, it is believed that Defendant M. Blalock is liable for the violations/crimes cited in this complaint's paragraphs: #04 and #10.

(51). Steve Massie, Assistant Regional Director, was at all times herein acting as Grievance Supervisor.

Based on the information available at the time this complaint is written, it is believed that Defendant Steve Massie is liable for the violations/crimes cited in this complaint's paragraphs: #04 and #10.

(52). Katheryn Bell was at all times herein an official with the TDCJ Office of the Administrative Monitor for Use of Force.

Based on the information available at the time this complaint is written, it is believed that Defendant Katherine Bell is liable for the violations/crimes cited in this complaint's paragraphs: #04 and #10.

(53). Maggie Schillaci was at all times herein an official with the TDCJ Office of the Administrative Monitor for Use of Force.

Based on the information available at the time this complaint is written, it is believed that Defendant Maggie Schillaci is liable for the violations/crimes cited in this complaint's paragraphs: #04 & #10.

(54). John/Jane Doe(s) official(s) was(were) at all time herein with the State Classification Committee.

Based on the information available at the time this complaint is written, it is believed that certain John/Jane Doe(s) Defendant(s) is(are) liable for the violations/crimes cited in this complaint's paragraphs: #04 and #10.

(55). Zeke Tisdale was at all times herein the TDCJ Legal Assistant One.

Based on the information available at the time this complaint is written, it is believed that Defendant Zeke Tisdale is liable for the violations/crimes cited in this complaint's paragraphs: #04 and #10.

(56). Nicholas Morrell was at all times herein the TDCJ Assistant General Counsel.

Based on the information available at the time this complaint is written, it is believed that Defendant Nicholas Morrell is liable for the violations/crimes cited in this complaint's paragraphs: #04 and #10.

(57). Sharon Felfe Howell was at all times herein the TDCJ General Counsel.

Based on the information available at the time this complaint is written, it is believed that Defendant Sharon Felfe Howell is liable for the violations/crimes cited in this complaint's paragraphs: #04 and #10.

(58). Ken Paxton was at all times herein the Attorney General of Texas.

Based on the information available at the time this complaint is written, it is believed that Defendant Ken Paxton is liable for the violations/crimes cited in this complaint's paragraphs: #04 and #10.

(59). At all times herein, Defendants were "persons" for purposes of 42 U.S.C. Section 1983 and acted under color of law to deprive Plaintiff of his constitutional rights, as set forth below. Each Defendant is sued individually and in his/her official capacity.


### STATEMENT OF FACTS


(60). Per the medical records compiled by the Texas prison medical officials, the psychiatrists who have examined me have diagnosed me with Post Traumatic Stress Disorder (PTSD) (EXHIBIT: COMPLAINT # **01** is illustrative, as opposed to exhaustive).

(61). I have a medical history of having sustained Traumatic Brain Injuries (TBI) in the Texas prison system (see EXHIBIT: COMPLAINT # **02**).

(62). My PTSD and my TBI are causing me to be afflicted with extremely painful and debilitating symptoms, such as excruciating migraine attacks, confusion particularly during stressful situations, sleeping disturbances, chronic fatigue, feelings of unreality during which I do not know if what I see real, anxiety and panic attacks, vivid and distressing flashbacks and nightmares, severe and recurrent depressive episodes...

(63). Inside the Texas prison system, the prisoners and the officials have exploited my PTSD and TBI symptoms to manipulate me and to cause me to be subjected to unnecessary abuses, hardships… due to my level of extreme vulnerability. As a result, I have a comprehensive history of being victimized by the Texas prisoners and officials.

(64). Due to my PTSD and my TBI, i.e., the above serious medical conditions, the Texas prison medical doctors have given me - and refused to rescind - the medical restriction known as: SINGLE-CELL (see EXHIBIT: COMPLAINT # 03, which is illustrative as opposed to exhaustive). I was SINGLE-CELLED from on or about 1995 or 1996, until my release from the Texas prison system in February of 2018.

(65). Due to the SINGLE-CELL medical restriction, I must be housed in a cell alone.

(66). On Thursday June 02-2016, I arrived at the Lynaugh prison, located in Fort Stockton, Texas. A few hours later, I was transferred to the Montford prison, in Lubbock, Texas.

(67). At the Montford prison, I was SINGLE-CELLED from Thursday June 02-2016 until Monday June 06-2016. The conditions of incarcerations at the Montford prison were such that they exacerbated both my PTSD and my TBI.

(68). During the PM hours of Monday June 06-2016, I was taken to a cell occupied by three (3) African-American prisoners I had never seen before. This triggered severe PTSD symptoms which prevented me from entering the cell occupied by the three prisoners.

(69). The Lubbock-based Montford prison is an inpatient psychiatric facility.

(70). I asked the officials to allow me to be examined by a medical doctor/psychiatrist.

(71). I was placed naked, except for an underwear, inside an empty day-room where I was overwhelmed with TBI/PTSD symptoms (e.g., confusion, fear, flashbacks, feelings of unreality…).

(72). Certain officials made me believe that the medical doctors were going to examine me.

(73). Suddenly, through a special opening in the door, gas was shoot at me from what appeared to be a large pistol. I became incapacitated and unable to think. I laid on the ground on my stomach with my arms stretched out.

(74). At one point, I tried to crawl toward the door's special opening to allow the officials to handcuff me, from the outside, through the door' special opening. I wanted to be handcuffed to leave the room saturated with gas as I was suffocating and felt as if I was dying.

(75). Next, maybe as many as six (6) large and heavily armored security officials ran toward me and crushed me as I was laying on the ground compliant, not posing a threat to anyone, and not evading or struggling with any officer.

(76). I believe that it was defendant Sergeant Marco Gonzalez who forcefully slammed by head against the concrete/cement floor, <u>after</u> the officials had already crushed me. I felt intense pain in my head, face, nose, ear, front teeth… I also felt blood on my face.

(77). As the officials were on the top of me, crushing my body, for an instant I felt less pressure on my chest, and suddenly defendant Sergeant Marco Gonzalez's very heavy weight and armored equipment crushed me once more breaking several ribs on my right side. Defendant Sergeant Marco Gonzalez had raised his body from mine (while apparently remaining on the top of me), and then dropped himself once more with force on the right side of my body. I immediately felt a sharp tearing pain in my chest's right side. Every move then became painful. I had severe pain throughout my entire body.

(78). At that moment, I feared that the officials were trying to crush me to death, as I have seen the New York City policer officers do on national television.

(79). I believe that the use of force video for case number MA-03534-06-16, which was recorded on June 06-16, by the Texas prison officials, at the Montford unit located in Lubbock, Texas – i.e., the video-recording which Plaintiff has moved this Honorable federal court to obtain in his MOTION AND MEMORANDUM OF LAW FOR AN EMERGENCY TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION – shows the above facts in an incontrovertible manner.

(80). Plaintiff incorporates by reference, to this verified Complaint, the following grievances he has filed with the Texas Department of Criminal Justice:

- # 2016158831, both steps one and two, (EXHIBIT: COMPLAINT # **04**);
- # 2016160882, both steps one and two, (EXHIBIT: COMPLAINT # **05**);
- # 2017141526, both steps one and two, (EXHIBIT: COMPLAINT # **06**).

(81). I was subsequently taken in handcuff to a four (4) men cell and thrown on the dirty floor near the toilet where the prisoners defecate. The three (3) African-American prisoners became angry because a white person's blood was contaminating their cell.

(82). I felt very dizzy. After a period of time I cannot estimate, I lost consciousness. I vomited several times during the night. I was debilitated with painful TBI and PTSD symptoms. And by the physical pains (e.g., broken ribs) caused by the brutal acts. Yet, I was not allowed to leave the four (4) men cell to obtain much-needed medical care, or to shower to remove the burning chemicals…

(83). The following morning (Tue. June 07-16), before ordering me to board the bus without medical treatment, defendant Sergeant Marco Gonzalez told me: "I am the one who fucked you. I hate French people. If you come back to Montford, I will fuck you again."

(84). The medical records show (e.g., EXHIBIT: COMPLAINT # **07**) that, on June 06-2016, and at the Montford Unit located in Lubbock, Texas, Plaintiff sustained severe injuries.

For example, I suffered:

- A broken nose;

- Pain in the frontal teeth (several teeth have become loose);

- Traumatic Brain Injury, with loss of consciousness, headaches, vomiting...;

- Blurred vision to my right eye;

- Loss of hearing to my right ear;

- Pain in the right side of my neck;

- Pain in my left shoulder;

- Broken ribs on my right side;

- Worsening of my back pain, resulting from preexisting injuries;

- Pain in both knees.

(85). The Texas prison medical official who conducted a very brief examination, at the Lynaugh prison on June 10-2016 (after the events which occurred on Monday June 06-16) is named: SAMUEL B. ITIE. His name appears on the medical record known as the EMR (Electronic Medical Record) Master Problem List, dated June 15-2016 (please see the small arrows on the left margin of EXHIBIT: COMPLAINT # **08**).

(86). Before, during and after I was brutalized by Defendants Marco Gonzalez (21), David Camargo (22), Julio Espinosa III (23), Rafael Guitron II (24), Bobby Gutierrez (25) and Jonathan Smith (26), medical and psychiatric officials were standing nearby observing the brutal acts without intervening, whereas, per the TDCJ rules and policy medical and psychiatric officials have the authority and the duty to intervene at any time a prisoner is being injured. I must point out that the fact that the above Defendants acted in such of an egregious and blatant manner in front of the medical and psychiatric officials, whom themselves exercised deliberate indifference to my health and safety, exposes the fact that the Warden, Defendant Robert Steven (32), had created practices/ customs/policies allowing or encouraging the illegal acts; And that Defendant Robert Steven had failed to adequately train or supervise his and her subordinates. These medical and psychiatric officials are among the Montford John and Jane Does Defendants whom I believe can be identified on the video-recording, I have moved this Court to obtain before the Defendants destroy it.

(87). Among the medical/psychiatric officials - who demonstrated deliberate indifference to my health/safety - I have identified the following Defendants because they compiled medical records (which became temporarily available to me), after the brutal acts occurred. These Defendants are:

- Nurse Tara C. Flores (28);

- Nurse Maria R. Martinez (29);

- Nurse Shaquavia C. Wagner (30);

- Nurse Tasia M. Rains (31).

(88). The above defendants not only denied me much-needed medical, dental and psychiatric treatments for the injuries I had sustained on Monday June 06/16, but they also knowingly and willfully combined, conspired, and agreed with one another and with the TDCJ uniformed co-conspirators to intentionally enter false information in my medical records to conceal/suppress the injuries I had sustained i.e., the injuries that the medical officials - such as supervisor Samuel B. Itie - witnessed when I arrived at Lynaugh. Moreover, one of the Jane Doe Defendant pressed a rag upon my nose – which was broken – causing me extreme pain.  This was done not only to conceal the blood but also to intimidate me from asking the medical officials for help by "letting me know" that asking for medical treatment would only result in more pain and suffering. This callous act should be visible on the video-recording if it has not been altered/falsified/deleted. Certain, John/Jane does Defendants also intimidated and threatened me (by, for example, laughing at me and saying to me: "French motherfuckers do not get medical treatment here, they only get beaten up when they speak.") to put me in fear of seeking medical treatments for my injuries.

(89). On Tuesday June 07-16, and at Montford, two security officials came to my assigned cell to handcuff me. As we were passing near the nurse-station, a uniformed TDCJ Sergeant of security whom I believe to be official Herrera (27) and the Nurses laugh at me, warned me that French people were not welcome in Lubbock, and that I will be beaten up more if I were to return to Montford, as I was passing still covered in blood and disoriented due to the sleep deprivation and continuing severe pains.

(90). At no time was I provided with any medical treatment for my injuries, at Montford. Instead, I was threatened with additional acts of brutalities. It was total and abject deliberate indifference.

(91). Shortly before boarding the bus, I saw defendant Marco Gonzalez (21) speak with the driver of the bus who took me from Montford to the Robertson prison of the TDCJ (Robertson).

(92). As the Warden of the Montford Psychiatric Prison, Defendant Robert Steven (32) had easy access to the video-recording of the injuries I had sustained. Defendant Robert Steven had a duty to take the necessary corrective actions, such as alerting the authorities to investigate the crimes.

(93). The rulings issued in Step One of grievance # 2016158831 and of grievance # 2016160882 (EXHIBITS: COMPLAINT # **04** and COMPLAINT # **05**, respectively) by Defendant Robert Steven are evidences that Defendant Robert Steven, a supervisor, has denied me due process in violation to the Fourteenth Amendment to the U.S. Constitution. Defendant Robert Steven:

A. Directly participated in the violation of knowingly, combining, conspiring, and agreeing with the other Montford-based Defendants to falsifying and/or making entries in the records - such as my grievances referenced above - with the intend to impede, obstruct, and influence the investigations.

B. Learned of the violations of my rights, when he viewed the video as he must have done, when he read my grievances - which he signed -..., and failed to take the necessary corrective actions;

C. Created practices/customs/policies allowing or encouraging the illegal acts reported herein;

D. Failed to adequately train and/or supervise his and her subordinates per the above facts which are verified by the video-recording.

(94). The injuries sustained at Montford caused me to experience excruciating pains during the lengthy (believed to be about 170 miles long) and difficult trip (due to the conditions of my transport, such as being handcuffed, being unable to move, being in a stress position the entire time due to my injuries) from Montford to Robertson. Incidentally, during his initial examination, on June 10-2016, medical supervisor Samuel B. Itie reported being bewildered and angry that I was placed in the bus with the kind of injuries I had sustained.

(95). Upon disembarking from the bus, at Robertson, I alerted the duty nurse standing-by, a large white woman with long blond hair who refused to identify herself (one of the John/Jane Does 36). She immediately asked me who had injured me, as opposed to what were my injuries.

(96). Next, I saw the driver of the bus, who had taken me from Montford to Robertson (one of the John/Jane Does 36), talk to the other Robertson-based John/Jane Does Defendants (36), whom immediately looked at me menacingly.

(97). When I revealed that officers had injured me, nurse Jane Doe replied that if officers wanted to hurt me, she will not provide me with any medical treatment. Nurse Jane Doe pulled-back behind the officer (another John Doe 36) who was holding the list of incoming prisoners. The officer told me to shut-up and to go to Administrative-Segregation, where the transit section is located.

(98). The Robertson-based John/Jane does Defendants certain duties when the process the incoming prisoners being detained in the transit building of Administrative-Segregation. Such a duty is report in writing the injuries sustained by the arriving prisoners. In order to deny me much needed medical treatments for my serious medical conditions, the John/Jane Does Defendants had to knowingly and willfully combine, conspire, and agree with one another to knowingly falsify

and/or make entries in their records (about my injuries) to conceal their wrongful acts (of having denied me much-needed medical treatments for the injuries) and with the intend to impede, obstruct, and influence the investigations of, for example, my grievance # 2016160882 (EXHIBIT: COMPLAINT # 05) of their wrongful and illegal acts.

(99). In the lobby area of the transit building of Administrative-Segregation, the prisoners who knew that I had been brutalized and I alerted Sergeant Lopez (34). Upon learning that I had been injured by officers, Sergeant Lopez refused to call medical, and denied me access to medical services, whereas, I was experiencing such severe generalized pain that I could barely walk. Sergeant Lopez's demeanor and conduct was evidence that he had willfully combined, conspired, and agreed with co-conspirators that they would injure, oppress, threaten, intimidate me in my free exercise and enjoyments of the right secured and protected by the Constitution of the U.S. to not be subjected to cruel and unusual punishment by one acting under color of law.

(100). "Blue" (35) is the medical official dispensing the prescribed medications to the prisoners held inside the cells of the transit building at Robertson. I alerted Defendant "Blue" of my need for medical treatments. When "Blue" looked at me from the outside of the cell she was initially horrified and told me that she will file a notice to have me brought to the infirmary for treatments. However, I was never taken to the infirmary. Instead, the security officials insulted me, denied me access to the food-trays and turned on the bright lights inside my assigned cell, from the control picket (located at the center of the pod possibly fifty feet away), to prevent me from sleeping.

(101). Once "Blue" had become aware of my need for medical care and after she understood that I was going to be denied medical care – regardless of the fact that she may have initially wanted me to be provided with medical care - she had to knowingly and willfully combine, conspire and agree with the other co-conspirators to deny me medical care, due process, and to knowingly falsify and/or make entries in her records to impede, obstruct, and influence the investigations of, for example, my grievance # 2016160882 (EXHIBIT: COMPLAINT # **05**), about her illegal acts.

(102). Per the available evidence known to me, Lynaugh prison-based medical official SAMUEL B. ITIE (37) did <u>not</u> initially know that I had been brutalized by officials. His comments indicated that SAMUEL B. ITIE assumed that I had been brutalized by prisoners. When officials MICHELLE D. SELLERS (40), the Lynaugh prison-based Director of Classification and Lynaugh prison-based mental-health official ROXIE INGRAM (38) (who acts as liaison with the Montford psychiatric prison) informed the Lynaugh prison officials that I had been injured by officials at Montford, the Lynaugh-based medical officials denied me much-needed medical treatments and the Lynaugh-based security officials blocked my access to the medical services.

(103). For example, during the initial examination held on June 10-2016, medical supervisor Samuel B. Itie made several attempts to call the Regional Medical Director to obtain approval to have me rushed to the hospital for emergency medical treatment for the Traumatic Brain Injury – which required critical immediate treatment - and to ascertain whether the broken ribs had perforated or punctured my lung(s).  In between the attempts to reach by telephone the Regional Medical Director, Defendant Michelle D. Sellers (40) called on the telephone medical supervisor Samuel B. Itie.  Next, Samuel B. Itie told me to temporarily step-out of his office and to sit on a chair outside his office.

A few minutes later, Defendant Michelle D. Sellers arrived and stayed at a distance in one of the hallway. Samuel B. Itie walked toward her and the two of them conversed for about five minutes. When Defendant Samuel B. Itie came back he was tensed, told me that I no longer needed to receive emergency medical treatment at the hospital; and promptly terminated the examination without renewing the medications prescribed by the John Sealy hospital-based neurologists, for the previous Traumatic Brain Injuries, which Samuel B. Itie said he would renew for the Montford Traumatic Brain Injury.

(104). Per my step one and two grievance # 2016170365 (EXHIBIT: COMPLAINT # 09), my following requests to get meaningful and timely medical, dental and mental-health treatments for my injuries were blocked by the Lynaugh officials some of whom are identified by names and the others as the John/Jane Does Defendants (46).

(105). As a medical supervisor, Defendant Samuel B. Itie has a duty to compile medical reports based on the facts he witnesses during his examinations, and to provide me with the much-needed medical treatments.  Following the above reported meeting with Defendant Michelle D. Sellers, Defendant Samuel B. Itie denied me due process to skirt liability for the above constitutional violations. Further, Defendant Samuel B. Itie willfully combined, conspired, and agreed with Defendant Michelle D. Sellers and co-conspirators (e.g., Defendants Roxie Ingram (38) and M. Fuentes (39)) that they would, while under color of law, injure, oppress, threaten, and intimidate me in my free exercise and enjoyment of the rights, secured and protected by the Constitution of the united states not to be subjected to cruel and unusual punishment.

(106). Furthermore, Defendant Samuel B. Itie knowingly and willfully combined, conspired and agreed with the other Defendants to obstruct Justice by knowingly falsifying and/or making entries in the medical records with the intend to impede, obstruct, and influence the investigations of, for example, my grievance # 2016170365 (EXHIBIT: COMPLAINT # 09).

(107). I was incarcerated, in the Texas prison, for a period of about twenty-eight (28) years. I have been assigned to several prisons. It is my experience that the organized gangs exist because of the conditions of incarceration inside the Texas prisons combined with the fact that the Texas prison administration uses the gangs to advance certain agendas.

(108). Upon request from the court, I will provide detailed information on this matter.

(109). The Lynaugh prison is divided, by a high fence, into two large sections. On one side the administration does not allow the gangs. On the other side, the gangs rule the housing assignments.

(110). On Thursday June 09-2016. When I arrived from Montford to Lynaugh, I was interviewed by senior official Michelle D. Sellers, the powerful Director of Classification.

(111). Then and there I reported to the entire Unit Classification Committee that I had been severely injured and that the injuries were making me even more helpless and vulnerable. I stated the reasons why I would be victimized by the gang members. These exact reasons are also reported in my grievance # 2016163422 (EXHIBIT: COMPLAINT # 10). Moreover, the Lynaugh-based Defendants in general, and Defendant Michelle D. Sellers in particular knew, or should have known from their classification records about me, that I needed protection from the gang members. Furthermore, during my meeting with Defendant Michelle D. Sellers I repeatedly asked to be placed in the housing assignment know as: SAFEKEEPING, citing the injuries sustained at Montford to be an additional emergency reason. Notwithstanding the facts in my situation and my repeated pleas for protection, Defendant Michelle D. Sellers had me housed in the most dangerous housing assignment at Lynaugh, a large portion of it housed active gang members, and another portion being G4 prisoners to whom I was never supposed to have any contact with.

(112). The officials did not control the housing assignment in which Defendant Michelle D. Sellers had me placed. Instead, the gangs had established their rules. For example, because I had always refused to join any gang during my entire incarceration, I was not allowed to sit at either the tables or on the benches. I had to stand-up until the officials – who were binging the drugs to the gang members – were told by the gang members to allow me inside my assigned cell. Due to my injuries sustained at Montford combined with the denials of much-needed medical treatments, I could not keep standing. To avoid the ordeal, I stayed in my assigned cell often unable to go to, for example, the dining-room to aliment myself, the medication dispensary to take my prescribed medications...

(113). To survive, I had to occasionally purchase food items from the commissary store. Consequently, I became the victim of extortion having to, for example, purchase drugs from the gang members to be allowed to keep some food items.

(114). I was also physically harmed – in more than one way - by the gang members to force me to spend more money at the commissary store.

(115). There were too many daily mistreatments/abuses... for me to report each one of them. Moreover, doing so is further complicated by the facts that the officials working with the gang members do not wear their name-tags making identifying them impossible for me to do.

(116). Defendant Roxie Ingram (38) stated that she had been employed at Lynaugh for a period of about twenty years. And that she knew that the officials at Lynaugh were corrupt and the acts of violence, also committed by the numerous gang members, included rape and severe injuries.

(117). Roxie Ingram admitted that she was the liaison medical official between Lynaugh and Montford (e.g., Montford informs her of what happened to the prisoners returning to Lynaugh), and that she informed Classification Director M. Sellers & Warden Glen Whitfield, among others.

(118). Roxie Ingram admitted that I was at risk of great harm, possibly death, due to the following:

- My national origin (I am the only citizen of France);
- My serious medical and psychiatric conditions which make me vulnerable, easy prey and unable to defend myself;
- My religion and spiritual practices which most persons neither understand nor respect;
- My law-abiding background which singles me out among the prevalent criminal culture;
- The fact that my stepfather, the victim of the homicide in my case, was a Texas prison official;
- The injuries I had sustained at Montford which made unable to even seek help.

(119). The practice of my religious/spiritual Tradition helps me manage the chronic pains I suffer. During the Transfer from Ramsey to Lynaugh, I lost control/access to most of my religious literature and items. I was left with an approved - as evidenced by the property papers issued to me by the prison administration - religious medallion. On Thursday June 02-2016, the day I arrived at Lynaugh, Defendant Paul M. Robinson illegally seized my religious medallion to intimidate me and to spiritually "weaken" me by impressing upon my mind that there were no rules at Lynaugh. The religious medallion was left in the infirmary.

(120). When I returned to Lynaugh, on Thursday June 09-2016, Roxie Ingram saw me injured. On that occasion, I asked her about my religious medallion which she found concealed/hidden at the nurse station. Instead, of returning the religious medallion to me Roxie Ingram – who had no legal authority to touch my religious medallion – gave it back to Defendant Paul Robinson who illegally took it a second time. This time the religious medallion disappeared. It was never returned to me.

(121). Based on the Defendants conduct and demeanor, I believe that sensing the importance the religious medallion had upon me, sensing that it gave me support/comfort, and to weaken/undermine me at my core by indirectly attacking my spiritual Tradition, Roxie Ingram colluded with Sergeant Paul Robinson to retaliate against me by depriving me of an essential religious item when I was most vulnerable. This was done in violation of established laws, such as the First Amendment to the U.S. Constitution.

(122). When I reported being victimized by members of the Lynaugh organized criminal gangs, Roxie Ingram then nonchalantly stated that:

- She does not do anything other than talk to the prisoners;
- She could not help me with anything;
- I was wasting everybody's time with my requests for medical care and for protection that she did not care to hear;
- Huntsville had sent me to Lynaugh to get harmed;
- If I felt like killing myself, I just needed to tell security who will then place me in a refrigerated cell in segregation (i.e., subject me to temperature extreme in solitary confinement).

(123). Per my medical restriction (see EXHIBIT: COMPLAINT # 03), I must be kept in a cell alone (also see entries 64 and 65, respectively). In retaliation for seeking medical treatments for the injuries sustained at Montford, Defendants Roxie Ingram and Michelle D. Sellers had prisoners to force entry inside my assigned cell on Thursday June 16-2016. This can be verified with reviewing the records kept by the classification dept. at Lynaugh. These acts triggered severe and frequent Post Traumatic Stress Disorder and Traumatic Brain Injury symptoms. And they exacerbated my fears. Moreover, the above acts encouraged the gang members to continue to victimize me as they sensed that the administration wanted for me to harmed.

(124). Roxie Ingram worsened my ailments and denied me much-needed medical treatment.

(125). Roxie Ingram willfully combined, conspired, and agreed with, for example, Defendants Michelle D. Sellers (40), M. Fuentes (39), Paul M. Robinson (41), Heather M. Gonzales (42), Raul Melero (43), Sheila R. Lehnert (44), Glen H. Whitfield (45)… that they would, while acting color of law, injure, oppress, threaten, and intimidate me in my free exercise and enjoyment of the right, secured and protected by the Constitution of the United States, not to be subjected to cruel and unusual punishment by one acting under color of law.

(126). Roxie Ingram knowingly and willfully combined, conspired, and agreed with her co-conspirators to obstruct Justice by knowingly falsifying and/or making entries in records, such as my medical records, with the intend to impede, obstruct, and influence the investigations of, for example, my grievances.

(127). Defendant Michelle D. Sellers (40), the Director of Classification at Lynaugh, denied my repeated requests for protection from the organized gang members at Lynaugh. I made requests for protection on Thursday June 02-2016, Thursday June 09-2016… The denial of safe housing assignment exacerbated my fear, and my serious medical conditions. And created conditions which encouraged the gang members to victimize me.

(128). I hereby repeat, and incorporate by reference, the content of the previous entries and their reports of intentional acts of retaliation. To be clear, Defendants Michelle D. Sellers and Roxie Ingram colluded in a particularly close and egregious manner.

(129). Michelle D. Sellers knowingly and willfully combined, conspired, and agreed with the certain Defendants to obstruct Justice by knowingly falsifying and/or making entries in records (such the particularly important classification records) with the intend to impede, obstruct, and influence the investigations of, for example, my grievances attached to this complaint as exhibits.

(130). Defendant M. Fuentes (39) as many responsibilities.  Among them is the duty to assure that access to medical services is not blocked by medical and/or security officials. At first, I alerted M. Fuentes by writing to her about, for example, my "Sick-Call Request" forms not being returned to me, and the medical department not responding.  Next, I filed grievance # 2016170365 (EXHIBIT: COMPLAINT # 09).  M. Fuentes failed to provide me with a truthful, relevant and material ruling. Instead, she referred to clerical entries basically saying that providing me with the appearance of medical care, as opposed to meaningful and timely medical treatment, is sufficient.

(131). Defendant M. Fuentes' acts caused me to be denied access to certain much-needed medical services during a period of time when I was severely injured and unable to care for myself. The denials had far reaching consequences. For example, the denials of much-needed medical treatments for the injuries sustained at Montford made that much more difficult for me to access the medication dispensary to take my prescribed medications creating an infernal loop of pain and suffering.

(132). Defendant M. Fuentes's ruling to my grievance # 2016170365 denied me due process.

(133). Defendant M. Fuentes knowingly and willfully combined, conspired, and agreed with one another and with the other Defendants to obstruct Justice by knowingly falsifying and/or making entries in the records to impede, obstruct, and influence the investigations e.g., of my grievance.

(134). Per the above entries, Defendant Paul M. Robinson (41) caused me harmed, shortly after I arrived at Lynaugh by illegally taking my religious medallion and colluded with Defendant Roxie Ingram to harm me; thus, violating my First Amendment right.

(135). Defendant Paul M. Robinson, who patrols the main building used his position to block my access to the medical services. And threatened me with disciplinary cases if I were to report being in need of medical treatments.

(136). On several occasions - between June 10-2016 and June 22-2016 – when I was able to escape my assigned building under the pretext of going to the prisoners' dining-room, I approached Defendant Paul M. Robinson, reported that I was being victimized and harmed by members of the organized gang, and asked for protection. Defendant Paul M. Robinson ordered me to immediately return to the very same housing I had escaped from and to not speak to anyone about anything.

(137). On Monday June 20-2016, and upon leaving the area where I had been intimidated by Defendants Heather M. Gonzales (42) and Raul Melero (43), I asked Defendant Sheila R. Lehnert (44), the grievance supervisor, for assistant in retrieving my religious medallion. Then and there, Defendant Paul M. Robinson appeared and declared aloud, as Defendant Sheila R. Lehnert was listening a few feet away, "I took your religious medallion". And that it was in Property Supervisor Carolina Galindo's office, whereas, this was not true. Defendant Paul M. Robinson illegally took my religious medallion for the reason stated above (e.g., retaliation), and then denied me due process, in violation of the Fourteenth Amendment, thus causing me unnecessary harm.

(138). It was part of the manner and means of the conspiracy that Defendant Paul M. Robinson would unjustifiably retaliate against me for having reported having been brutalized, for seeking much-needed medical and psychiatric treatments for my serious medical conditions itemized above, and for seeking protection from the members of the organized criminal gangs at Lynaugh.

(139). Defendant Paul M. Robinson knowingly and willfully combined, conspired, and agreed with certain Defendants to obstruct justice by knowingly falsifying and/or making entries in the records with the intend to impede, obstruct, and influence the investigations in grievances # 2016163422 (EXHIBIT: COMPLAINT # **10**) and # 2016171719 (EXHIBIT: COMPLAINT # **11**).

(140). Defendant Heather M. Gonzales (42), a Sergeant with the duty to investigate/prosecute crimes within the TDCJ, called to her office on or about 4 PM, Monday June 20-2016.

(141). Heather Gonzales angrily asked me why I had filed the grievance against Sergeant Marco Gonzalez (21) [i.e., grievance # 2016158831. EXHIBIT: COMPLAINT # **04**] about the assault at Montford on Monday June 06-2016. I stated that per the established rules/policies I had reported the events and that all the officials at Montford, Robertson, and Lynaugh had violated the rules, policies and the laws by refusing to take photographs of my wounds and injuries. I asked Heather Gonzales to take photographs of my wounds and injuries. Heather Gonzales became furious and insulted me, however, she eventually took two photos one from the back and one from the front making sure that my clothes were covering my wounds and injuries. No photos of the wounds and injuries were taken.

(142). Next, Heather Gonzales took me to the infirmary where a nurse, who appeared to be intimidated by Heather Gonzales, briefly looked at me and took a few notes. I asked the nurse to have photos taken of my wounds and injuries. The nurse looked at Heather Gonzales who motioned her head signifying No, and then refused to take any photo. Heather Gonzales ordered me to go to Captain Raul Menero' office.

(143). Defendant Raul Melero (43), is captain with the duty to investigate/prosecute crimes within the TDCJ. Raul Melero ordered me to write a statement, however, he made me understand to not accuse any official of any wrongdoing.  Intimidated, I reported my injuries, that I was in pain, distressed, and wanted to be transferred back to the Ramsey prison. I then explained that I requested to be transferred back to Ramsey for protection because the Ramsey officials do not tolerate the organized criminal gangs which were victimizing me at Lynaugh. I again asked for SAFEKEEPING housing. Defendant Raul Melero laughed at me, shook his head as if he I were an idiot for asking for protection, and Defendant Raul Melero ordered me to return to my cell.

(144). Defendant Heather Gonzales ordered me to say that nothing had happened at Montford. I replied that a video-recording was made of the brutal acts I sustained.  Heather Gonzales kept badgering me as if she was going to assault me. I kept saying, please look at the video-recording. I restated my request to be placed in SAFEKEEPING housing, and Defendant Heather Gonzales told me to leave.

(145). On Wednesday June 22-2016, I was called to the infirmary to have x-rays done by Texas officials, as opposed to fee-world medical staff members.  Overwhelmed by fear, because the Defendants Heather Gonzales and Raul Melero had intimidated me and implicitly threatened me to not report having been injured, I signed a so-called refusal form – which is kept in my medical records – upon which I wrote:

I REFUSE BECAUSE AS A RESULT OF MONDAY JUNE 20-2016
INTERROGATORY I FEAR COMPLICATIONS WITH THE OFFICIALS.

(146). Defendants Heather Gonzales and Raul Melero denied me due process by obstructing Justice, to skirt liability, in violation of the Fourteenth Amendment;

(147). Defendants Heather Gonzales and Raul Melero showed deliberate indifference to my health and safety; thus, violating my rights granted under the Eighth Amendment to the U.S. Constitution.

(148). Defendants Heather Gonzales and Raul Melero willfully combined, conspired, and agreed with one another and with the other Defendants that they would under color of law, injure, oppress, threaten, and intimidate me in my free exercise and enjoyment of the right, secured and protected by the Constitution of the United States.

(149). Defendants Heather Gonzales and Raul Melero knowingly and willfully combined, conspired, and agreed with one another and certain other Defendants to obstruct Justice by knowingly falsifying and/or making false entries in the records with the intend to impede, obstruct, and influence the investigations.

(150). Defendant Sheila R. Lehnert (44) had the legal duty to preserve the reliability and the integrity of the facts finding process when she conducted the investigations of the prisoners' grievances. Moreover, Sheila R. Lehnert was physically present when Defendant Paul M. Robinson said that he had personally [and illegally] taken my religious medallion (see entry: 137). Notwithstanding the above, following the investigation conducted by Sheila R. Lehnert, in grievance # 2016171719 (EXHIBIT: COMPLAINT # 11), Defendant Paul M. Robinson was absolved of any wrongdoing making a mockery of the grievance process.

(151). Sheila R. Lehnert corrupted the grievance process in every grievance I submitted that she investigated, making the violations a matter of custom/practice/policy.

(152). Sheila R. Lehnert denied me due process, to skirt liability, in violation of the Fourteenth Amendment.

(153). Sheila R. Lehnert knowingly and willfully combined, conspired, and agreed with the other Defendants to obstruct Justice by knowingly falsifying and/or making entries in records to impede, obstruct, and influence the investigations of my grievances, and by extension, of this lawsuit since my grievances are used as exhibits in my lawsuits.

(154). As the Warden of the Linaugh, Defendant Glen H. Whitfield (45) had access to information due to the fact that he reviewed the prisoners' grievances – including but not limited to my grievances - which he signed. Defendant Glen H. Whitfield had the duty to take the necessary corrective actions, such as preventing the members of the organized criminal gangs from victimizing the most helpless and vulnerable prisoners, such as me.

(155). The rulings issued in Step One grievance # 2016163422 and in grievance # 2016171719 (Exhibits: Complaint # **10** and # **11**, respectively) by Defendant Glen H. Whitfield are evidences that Defendant Glen H. Whitfield, a supervisor, has denied me due process in violation to the Fourteenth Amendment to the U.S. Constitution. Defendant Glen H. Whitfield:

A. Directly participated in the violation of knowingly, combining, conspiring, and agreeing with the other Linaugh-based Defendants to falsifying and/or making entries in the records – such as my grievances referenced above – with the intend to impede, obstruct, and influence the investigations.

B. Learned of the violations of my rights, when he read my grievances – which he signed – and failed to take the necessary corrective actions;

C. Created practices/customs/policies allowing or encouraging the illegal acts herein;

D. Failed to adequately train and/or supervise his and her subordinates per the above facts.

(156). The Lynaugh-based John/Jane Does Defendants (46) have colluded with the defendants identified above in certain violations. Who did what with whom will be revealed during discovery of the records compiled by the known defendants, their depositions and their interrogatories.

(157). The denials of much-needed medical, dental and psychiatric treatments experienced at Lynaugh caused me severe and prolonged unnecessary pain and suffering, in violation to the Eight Amendment to the U.S. Constitution. The victimizations inflicted upon me by the members of the organized gangs, which were given impunity by corrupt officials have shattered whatever trust I had left in the officials.  This is making functioning into society that much more difficult.

(158). The officials with the Step II Medical Grievance Program – Office of Professional Standards – TDCJ Health Service Division remain unknown to skirt being held liable.  Hence, they are listed as John/Jane Does Defendants (47). The identity of those who issued the ruling in step two of grievance # 2016170365 (EXHIBIT: COMPLAINT # 09) will be revealed during discovery.

(159).  The ruling issued in Step Two grievance # 2016170365 (EXHIBIT: COMPLAINT # 09) by Defendants John/Jane Does (47) is evidence that the John/Jane Does Defendants have denied me due process, in violation to the Fourteenth Amendment to the U.S. Constitution, by invoking clerical entries compiled to deceive and manipulate the readers by ignoring the facts supported by the available evidences. For example, at times, I was prevented from leaving my housing

assignment by gang members, as a result of being intimidated by certain officials, too impaired to go to the medical department… As a result, I continued to be denied much-needed medical care in violation to the Eight Amendment to the U.S. Constitution.

(160). The John/Jane Does Defendants (47):

    A. Directly participated in the violation of knowingly combining, conspiring, and agreeing with the other Lynaugh-based Defendants to falsifying and/or making entries in the records - such as my grievance referenced above - with the intend to impede, obstruct, and influence the investigations.

    B. Learned of the violations of my rights when, for example, they read my grievance - which they collectively signed -…, and failed to take the necessary corrective actions;

    C. Created practices/customs/policies allowing or encouraging the illegal acts reported herein;

    D. Failed to adequately train and/or supervise their subordinates at Lynaugh per the above facts.

(161). The ruling issued in Step Two of grievance # 2016171719 (EXHIBIT: COMPLAINT # **11**) by Defendant K. Ward (48) is evidence that Defendant K. Ward, a supervisor, has denied me due process in violation to the Fourteenth Amendment to the U.S. Constitution. Defendant K. Ward:

    A. Directly participated in the violation of knowingly combining, conspiring, and agreeing with the other Linaugh-based Defendants to falsifying and/or making entries in the records - such as my grievance referenced above - with the intend to impede, obstruct, and influence the investigations.

    B. Learned of the violations of my rights, when, for example, the official read my grievances - which the official signed - and failed to take the necessary corrective actions;

    C. Created practices/customs/policies allowing or encouraging the illegal acts reported herein;

    D. Failed to adequately train and/or supervise his/her subordinates per the above facts.

(162). The rulings issued in Step Two of grievance # 2016160882 and grievance # 2017141526 (EXHIBIT: COMPLAINT # **05** and # **06**, respectively) by Defendant C. Martinez (49) is evidence that Defendant C. Martinez, a supervisor, has denied me due process in violation to the Fourteenth Amendment to the U.S. Constitution.

Defendant C. Martinez:

    A. Directly participated in the violation of knowingly combining, conspiring, and agreeing with the other Linaugh-based Defendants to falsifying and/or making entries in the records - such as my grievance referenced above - with the intend to impede, obstruct, and influence the investigations.

    B. Learned of the violations of my rights, when, for example, the Defendant read my grievances - which the Defendant signed - and failed to take the necessary corrective actions;

    C. Created practices/customs/policies allowing or encouraging the illegal acts reported herein;

    D. Failed to adequately train and/or supervise his/her subordinates per the above facts.

(163). The ruling issued in Step Two of grievance # 2016163422 (EXHIBIT: COMPLAINT # **10**) by Defendant M. Blalock (50) is evidence that Defendant M. Blalock, a supervisor, has denied me due process in violation to the Fourteenth Amendment to the U.S. Constitution. Defendant M. Blalock:

    A. Directly participated in the violation of knowingly combining, conspiring, and agreeing with the other Lynaugh-based Defendants to falsifying and/or making entries in the records - such as my grievance referenced above - with the intend to impede, obstruct, and influence the investigations.

    B. Learned of the violations of my rights, when, for example, the Defendant read my grievances - which the Defendant signed - and failed to take the necessary corrective actions;

C. Created practices/customs/policies allowing or encouraging the illegal acts reported herein;

D. Failed to adequately train and/or supervise his/her subordinates per the above facts.

(164). The ruling issued in Step Two of grievance # 2016158831 (EXHIBIT: COMPLAINT # **04**) by Defendant Steve Massie (51) is evidence that Defendant Steve Massie, a supervisor, has denied me due process in violation to the Fourteenth Amendment to the U.S. Constitution.

Defendant Steve Massie:

A. Directly participated in the violation of knowingly combining, conspiring, and agreeing with the other Linaugh-based Defendants to falsifying and/or making entries in the records - such as my grievance referenced above - with the intend to impede, obstruct, and influence the investigations.

B. Learned of the violations of my rights, when, for example, the official read my grievances - which the official signed - and failed to take the necessary corrective actions;

C. Created practices/customs/policies allowing or encouraging the illegal acts reported herein;

D. Failed to adequately train and/or supervise his/her subordinates per the above facts.

(165). Defendants Katherine Bell (52) and Maggie Shillaci (53) both supervisors with the TDCJ Office of the Administrative Monitor for Use of Force, have strictly defeated all the efforts to obtain the video-recording in the present case. I believe that the Texas prison officials have such proclivity for violence because they knew, in advance, that the officials named as Defendants in this lawsuit were going to protect them. Stated another way, it is Defendants Katherine Bell and Maggie Shillaci's practice/custom/policies of concealing/suppressing relevant and materials exhibits which encouraged the illegal acts herein.

(166). Defendants Katherine Bell and Maggie Schillaci have obstructed Justice thus, violating my due process right which is protected by the Fourteenth Amendment to the U.S. Constitution.

(167). Next to the name of each Defendant appears one exhibit attached not to prove my claims against the defendant but to establish to this Court' satisfaction that the defendant is indeed personally involved to my case and legal claims for having denied me the most relevant and material evidence in this lawsuit, the critically important video-recording:

- Katheryn Bell: My grievance # 2017141526 (EXHIBIT: COMPLAINT # **06**);
- Maggie Schillaci: Basic Information dated 10/10/16 (EXHIBIT: COMPLAINT # **12**).

(168). The John/Jane Does Defendants with State Classification Committee (54). The SCC is the organism which has the greatest impact on the prisoners well beings, as it decides the prisoners' units of assignment. The SCC can keep a prisoner to a prison located near his relatives, or it can send him to a prison essentially controlled by the organized gang members... to experience severe hardships and complications. The SCC keeps detailed records about every prisoner.  The SCC knows where a prisoner is safe and where he will be harmed.

(169). Before transferring me to Lynaugh, the Defendants with the State Classification Committee had in their records all the information in my grievance # 2016163422 (EXHIBIT: COMPLAINT # **05**).

(170). Usually, prisoners are transferred as punishment for having been disciplined for infractions. I had not been given any disciplinary case prior to being transferred to Lynaugh, a prison staffed by many corrupt officials and which housed hundreds of gang members.  Moreover, I am only familiar with the Houston metropolitan area.  My depressive disorder could not only get worse by transferring me to a prison located far from Houston. Even without the harms inflicted by the gang members, Lynaugh would have exacerbated by Post Traumatic Stress Disorder and my Traumatic Brain Injury Symptoms. I was transferred to Lynaugh, by the SCC, to be harmed; And I was harmed.

(171). The facts stated in this Complaint, its exhibits, and this lawsuit's other pleadings show that the John/Jane Does defendants with the State Classification Committee (54) were deliberately indifferent to my health and safety in violation to the Eighth Amendment to the U.S. Constitution.

(172). Based on the information uncovered when I was returned to Ramsey, it is now clear that the John/Jane Does Defendants with the State Classification Committee transferred me to Lynaugh in retaliation because I had expressed the desire, in the Ramsey prison law library, to file a religious lawsuit in the Houston federal court. Therefore, when they transferred me in retaliation the Defendants violated the rights granted to me under the First Amendment to the U.S. Constitution. I allege a continuing violation until I was returned to Ramsey in December of 2016.

(173). Until my release from the Texas prison system, in February of 2018, I was denied meaningful access to the prison law library, on several occasions the Texas prison officials seized my legal materials to block my access to the courts, I was threatened to NOT file the present lawsuit, the officials continued to deny me much-needed medical treatments to incapacitate me (rending me, at times, of UNSOUND MIND due to, for example, my recurring severe depressive episodes).
Upon request from this Court, I will provide the available evidences in support of the above.

(174). Considering the above, I was uncapable and unable to prosecute my legal claims from prison. Thus, I attempted to interest attorneys; However, the attorneys wanted to see the video-recording in the case referenced as: MA-03534-06-16 Montford Unit, before deciding to take the case.

(175). My relatives and I made repeated efforts to obtain the video-recording. The defendants named below, colluded to prevent my relatives, the media (such as: The Lubbock Avalanche Journal, The Texas Tribune, Texas Monthly...) and I from obtaining the video-recording. The

above defendants' well-orchestrated collusion, essentially, denied me access to an attorney at the time when the Texas prison officials were preventing me from accessing the courts.

(176). I was the victim of the crime committed against the United States on Monday June 06-2016, at Montford i.e., I saw what happened. The only reason the above Defendants refuse to release the video-recording is to cover-up the crime. It is to suppress and conceal relevant and material evidences to skirt liability. It is to corrupt the integrity of the facts finding process.

(177). For the reasons stated above, I believe that Defendants: Zeke Tisdale (55), Nicholas Morrell (56), Sharon Felfe Howell (57), and Ken Paxton (58):

A. Directly participated in the violation of my Constitutional rights by knowingly making entries in the records with the intend to impede, obstruct, and influence the investigations; thus, violating my due process.

B. Learned of the violations of my rights when, for example, they saw the video-recording they have refused to release, and failed to take the necessary corrective actions;

C. Created practices/customs/policies allowing or encouraging the illegal acts reported herein by: Concealing/suppressing the relevant and material evidences, corrupting the integrity of the fact finding process, and allowing the prison-based officials to skirt liability;

D. Failed to adequately train and/or supervise their subordinates per the above facts to, possibly, perpetuate the illegal practices/customs/policies used by the prison-based Texas officials.

(178). Next to the name of each defendants appears one exhibit attached not to prove my claims against the defendant but to establish to this court's satisfaction that the defendant is personally involved to my case and legal claims for having denied me the most relevant and material evidence in this lawsuit, the critically important video-recording:

- Zeke Tisdale:  Email dated April 17/18 (EXHIBIT: COMPLAINT # **13**);
- Nicholas Morrell: Two letters dated April 25/2018 (EXHIBITS: COMPLAINT # **14** & # **15**);
- Sharon Felfe Howell: Two letters dated April 25/18 (EXHIBITS: COMPLAINT #**14** & # **15**),
         My email dated Monday May 28/2018 (EXHIBIT: COMPLAINT # **16**);
- Ken Paxton: Letter dated April 25/2018 (EXHIBIT: COMPLAINT # **15**).

(179). The events which occurred at Montford, in June of 2016, have been so traumatic that due to my fears of being returned to a Texas prison psychiatric unit in general, and Montford in particular, I underreported my PTSD symptoms until I was released from the Texas prison system, in February of 2018. As a result, I did not receive the much-needed follow-up psychiatric treatments.

(180). Two years after the events which have occurred at the Montford Unit, I continue to suffer from the following chronic serious medical conditions:

- Dental pains;
- Traumatic Brain Injury symptoms;
- Decreased vision in my right eye;
- Decreased earing in my right ear;
- Neurological pain and numbness radiating from my neck;
- Pain in my knees.

(181). I certify that the above referenced and attached exhibits/documents are true and correct copies of the original documents. The exhibits/documents and the video-recording mentioned in the Statement of Facts and this lawsuit other pleadings are incorporated - and made a part hereof - by reference to this Complaint for all purposes. For this reason and in the interest of Justice, this Complaint should be used, and reconciled, with the missing video-recording, which the Texas officials have refused to release since June of 2016.

(182). NOTICE TO INFORM THE COURT: Exhibit: Complaint # **02**, which pertains to a preexisting history of Traumatic Brain Injury, shows only half of the page. For readability/convenience, I only carried half of the page of the document when I was released from the Texas prison system. The complete page will be made available during discovery, when the medical records are released. Markings have been added to the exhibits.

(183). Plaintiff believes that the video being sought in his Motion and Memorandum of Law for an Emergency Temporary Restraining Order and a Preliminary Injunction shows most of the facts reported above. Further, the video would help in identifying the security/medical officials who witnessed the illegal acts and failed/refused to intervene.

(184). Additionally, plaintiff believes that the video being sought in his Motion and Memorandum of Law for an Emergency Temporary Restraining Order and a Preliminary Injunction would help in identifying the unidentified security and medical officials who willfully combined, conspired and agreed with one another and with co-conspirators that they would, while acting under color of law, injure, oppress, threaten, and intimidate me in the free exercise and enjoyment of the right, secured and protected by the Constitution of the United States, not to be subjected to cruel and unusual punishment by one acting under color of law.

## CAUSES OF ACTION
### ALL THE CLAIMS AGAINST ALL THE DEFENDANTS

- 42 USC § 1983 (e.g., Civil Conspiracy/Conspiracy to Deprive Constitutional Rights;

    Failure to Intervene, to Supervise and to Train;

    Deliberate Indifference to Plaintiff' Safety;

    Deliberate Indifference to Plaintiff' Serious Medical Needs;

    Violation of Due Process;

    Retaliation...)
- 42 USC § 1985 (e.g., Conspiracy to Violate Civil Rights);
- 42 USC § 1986;
- Conspiracy to Falsify and/or Omit Required Reports;
- Conspiracy to Destroy Videotape Evidence;
- Spoliation of Evidence/Interference with Right to Remedy;
- Intentional Tort;
- Intentional Infliction of Emotional Distress;
- Negligent Infliction of Emotional Distress;
- Recklessness;
- Negligence...

Plaintiff reasserts, re-allege, and incorporates by reference the foregoing factual allegations with the same force and effect as if herein set forth.

The foregoing factual allegations show that either all or some defendants violated the above laws/statutes and that they are liable per this Complaint's paragraphs: 01, 02, 03, 04, 05, 06, 07, 08, 09 and 10.

For the foregoing reasons, Plaintiff was deprived of the rights, privileges and immunities secured by, for example, the First, Eighth and Fourteenth Amendments to the U.S. Constitution.

Plaintiff also reports violations of the Rehabilitation Act of 1973, 29 U.S.C. §794, and Title II of the Americans with Disability Act (ADA), 42 U.S.C. §12131, et seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that this Court enter judgment in his favor and against Defendants:

- Awarding compensatory damages jointly and severally against the Defendants through the Fourteenth Amendment, Section 1983, 42 U.S.C. §§ 12101-12213 (2012), the American with Disabilities Act, and the Rehabilitation Act of 1973, to include Plaintiff's injuries, present and future loss of income, pain and suffering, emotional distress & mental anguish;

- Because the conduct of the individually-named Defendants was motivated by evil intent and/or involves reckless or callous or deliberate indifference to Plaintiff's federally-protected rights, Plaintiff request that this court enter judgement awarding him punitive damages jointly and severally against the Defendants under Section 1983;

- Plaintiff also seeks to recover fees, costs, litigation expenses…, and such other and further relief this Court deems just, proper and equitable.

## JURY DEMAND

Plaintiff here demands a trial by jury pursuant to Federal Rule of civil Procedure 38 on all issues so triable.

Respectfully submitted,

Signed this 31st day of May, 2018.

Charles Epley
epleylegal@gmail.com

## CORRECTIONAL MANAGED CARE
## OUTPATIENT MENTAL HEALTH SERVICES

Triage Interview

**EXHIBIT: COMPLAINT # 01**

Patient Name: EPLEY, CHARLES E
TDCJ#:601990

Date:  11/06/2017 10:42
Facility:  RAMSEY I (R1)

☐ No apparent mental health needs
■ Currently receiving mental health treatment
☐ Other:

**P:**  Refer to:
☐ QMHP
☐ Psychiatrist/NP/PA
☐ Other:
☐ Return to clinic in _____ for follow up
■ See as scheduled by current mental health provider
☐ Follow up upon request or referral.  Access to care procedure explained to patient.
Procedures Ordered:

| Date Time | Description | Diagnosis | Comments | Special Instructions |
|---|---|---|---|---|
| 11/6/2017 10:47AM | MH OP SICK CALL/REFERRAL TRIAGE (F) | posttraumatic stress disorder | | |

Electronically Signed by STEVENS, VICTORIA A. BS, MHCM on 11/06/2017.
Electronically Signed by HEIPLE, BRANDON G. MA, LPC-I, MHC on
11/09/2017.
##And No Others##

**Correctional Managed Care**
**REPORT OF PHYSICAL EXAM**

EXHIBIT: COMPLAINT # 02

**Patient Name:** EPLEY, CHARLES E   **TDCJ#:** 601990   **Date:** 12/03/2012 12:49   **Facility:** RAMSEY I (R1)
**Age:** 55 year **DOB:** 08/18/1957 **Race:** W **Sex:** male
**Most recent vitals from 12/3/2012:** BP: 108 / 59 (Sitting) ; Wt: 149 Lbs.; Height: 71 In.; Pulse: 61 (Sitting) ; Resp: 16 / min; Temp: 97.9 (Oral)
**Allergies:** SENSITIVITY TO CHEESE

**Patient Language:   ENGLISH   Name of Interpreter, if required:**

**Current Medications:**

TRAZODONE 50MG TABLET                ORDERING FACILITY: RAMSEY I (R1)          COMPLIANCE: 34.04 %
3 TABS ORAL EVERY EVENING for 30 Days   ORDERING PROVIDER: BEDARD, DORACE L    REFILLS: 1 / 11
                                                                                EXPIRATION DATE: 10/13/2013 11:43:00AM

**Chief Complaint and Notes: complaints of headaches, intermittent confusion, dizziness, n/v, night mares from being kicked in the head 1994;**
**Significant Past Medical History: c/o Traumatic Brain Injury 1994**
Family Hx: cant think right now

c:\users\elalmanz\local settings\temp\288378986.tif printed by mivap. (Page 1 of 1)

Scanned by HERNANDEZ, PATRICIA F. in facility LYNAUGH (LH) on 06/10/2016 12:15

PHE5964 /1BWQ/HS05      **TEXAS DEPARTMENT OF CRIMINAL JUSTICE**      12:08:51
                        HEALTH SUMMARY FOR CLASSIFICATION           06/10/2016

NAME: EPLEY,CHARLES EUGENE              DOB: 08/18/1957       P U L H E S
TDCJ#: 00601990  SID#: 04167419         WGT: 150 LBS
UNIT: RB         HOUSING: A-1-12T       HGT: 5'11"            |3|1|3|1|1|2|
JOB: I/S MEDICAL SQ 1ST                                      |C|A|C|A|A|B|
                                                             |P| |P| | |T|

I.   FACILITY ASSIGNMENT (CHECK ONE)
X  A. NO RESTRICTION
__ B. BARRIER-FREE FACILITY                  **EXHIBIT: COMPLAINT # 03**
__ C. SINGLE LEVEL FACILITY
__ D. SUITABLE FOR TRUSTEE CAMP?   __YESX NO

II.  HOUSING ASSIGNMENT
A. BASIC HOUSING (CHECK ONE)
__ 1. NO RESTRICTION                    B. BUNK ASSIGNMENT (CHECK ONE)
➤ 00 2. SINGLE CELL ONLY                __ 1. NO RESTRICTION
__ 3. SPECIAL HOUSING (HOUSING WITH     60 2. LOWER ONLY
       LIKE MEDICAL CONDITION           00 5. M EXT HRS
__ 4. CELL BLOCK ONLY                   __ 6. EXTENDED HOURS INSULIN
C. ROW ASSIGNMENT (CHECK ONE)           D. WHEELCHAIR USE (CHECK ONE)
X  1. NO RESTRICTION                    __ 1. NO RESTRICTION
__ 2. GROUND FLOOR ONLY                 __ 2. PHOP ORDERED
                                        __ 3. UTILITY USE

III. WORK ASSIGNMENT/RESTRICTIONS (CHECK ALL THAT APPLY)
__ 1. MEDICALLY UNASSIGNED             15. NO FOOD SERVICE
__ 2. PSYCHIATRICALLY UNASSIGNED    00 16. NO REPETITIVE USE OF HANDS
__ 3. SEDENTARY WORK ONLY          __ 17. NO WALK WET/UNEVEN SURFACES
00 4. FOUR HOUR WORK RESTRICTION   __ 18. DO NOT ASSIGN TO MEDICAL
__ 6. EXCUSE FROM SCHOOL            00 19. NO WORK IN DIRECT SUNLIGHT
00 7. LIMITED STANDING             00 20. NO TEMPERATURE EXTREMES
__ 8. NO WALKING > ___ YARDS       00 21. NO HUMIDITY EXTREMES
60 9. NO LIFTING > 030 LBS.        00 22. NO EXPOSURE TO ENVIRONMENT POLLUTANTS
__ 10. NO BENDING AT WAIST         00 23. NO WORK WITH CHEMICALS OR IRRITANTS
__ 11. NO REPETITIVE SQUATTING     __ 24. NO WORK REQUIRING SAFETY BOOTS
__ 12. NO CLIMBING                 00 25. NO WORK AROUND MACHINE WITH MOVING PART
__ 13. LIMITED SITTING             00 26. NO WORK EXPOSURE TO LOUD NOISES
__ 14. NO REACHING OVER SHOULDER

IV.  DISCIPLINARY PROCESS (CHECK ONE)
X  A. NO RESTRICTIONS
__ B. CONSULT REP OF MENTAL HEALTH DEPT BEFORE TAKING DISCIPLINARY ACTION
__ C. CONSULT REP OF MEDICAL DEPARTMENT BEFORE TAKING DISCIPLINARY ACTION

V.   INDIVIDUALIZED TREATMENT PLAN (CHECK ALL THAT APPLY)
X  A. NO RESTRICTION           __ C. MENTAL HEALTH REPRESENTATIVE REQUIRED
__ B. MEDICAL REPRESENTATIVE REQUIRED

VI.  TRANSPORTATION RESTRICTIONS (CHECK ONE)
X  A. NO RESTRICTION   __ C. WHEELCHAIR VAN   __ E. VAN
__ B. EMS AMBULANCE    __ D. MULTI-PATIENT VEHICLE(MPV)

ITIB,S              NP          06/10/2016    _____
PRINTED NAME AND TITLE OF REVIEWER    DATE         SIGNATURE OF REVIEWER



**Texas Department of Criminal Justice**

# STEP 1

**OFFENDER GRIEVANCE FORM**

| OFFICE USE ONLY | |
|---|---|
| Grievance # | 2016158831 |
| Date Received: | JUN 13 2016 |
| Date Due: | 7-22-16 |
| Grievance Code: | 80184 |
| Investigator ID #: | 1217 |
| Extension Date: | |
| Date Retd to Offender: | JUL 22 2016 |

Offender Name: CHARLES EPLEY          TDCJ # 601990

Unit: LYNAUGH        Housing Assignment: A-1-12-B

Unit where incident occurred: MONTFORD PSYCHIATRIC FACILITY

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? SERGEANT GONZALES or GONZALEZ          When? JUNE 07-2016

What was their response? TO THREATEN ME WITH ADDITIONAL SERIOUS INJURIES (SEE BELOW).

What action was taken? TO ORDER ME TO BOARD THE OUTGOING BUS WITHOUT MEDICAL CARE.

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

SINGLE ISSUE GRIEVED: On Monday June 06 2016 and at MONTFORD security, medical, and administrative officials knowingly and intentionally severely harmed me. BACKGROUND FACTS: In March of 1994 and at the Michael Prison of the Texas prison system I was repeatedly and severely brutalized. I suffered serious physical injuries, and I was diagnosed with POST TRAUMATIC STRESS DISORDER. I have been SINGLE-CELLED during a period of about twenty (20) calendar years. The SINGLE-CELL medical restriction can only be revoked by a medical doctor. The psychiatrists who have examined - during the past twenty years - have all continued the SINGLE-CELL RESTRICTION. Thus, I have been stable at RAMSEY. RELEVANT AND MATERIAL FACTS: On Friday May 27-16 I begun the punishing transfer to the LINAUGH Prison. I arrived at LINAUGH on Thursday June 02-16. I was almost immediately transferred to MONTFORD where I was coerced (under the penalty of acts of violence) to sign two forms which I could not read because my glasses had been taken from me - to show that I objected to signing the forms I did not used my usual signature. Next, I was placed naked in a cold cell which resulted in sleep deprivation. The isolation further impaired my ability to think. On Friday June 03-16, I was taken to an unidentified psychologist, as opposed to a medical doctor. She indicated that I would benefit from pursuing educational advancement at the RAMSEY prison and that my PTSD-16's SINGLE-CELL restriction will not be rescinded. I was discharged and I was returned naked to the cold cell. I was NEVER EXAMINED BY A PSYCHIATRIST or a MEDICAL DOCTOR during my entire stay at MONTFORD. During the PM hours on Monday June 06-16, I was taken to a four men cell occupied by three African-American prisoners I have never seen before. I had a flashback and an anxiety attack. I was unable to enter the occupied four men cell. I asked to be examined by a psychiatrist/medical doctor. I was placed into an empty "day-room" naked except for an underwear. As I was waiting, I had panic attacks, flashbacks, and feeling of unreality during which the walls around me appeared to be moving and I thought that I was dreaming. I experienced intense fear. A security official made me believe that the doctors were coming to talk to me. Suddenly, through a special opening in the door, gas was shot at me from what appeared to be a large pistol. I became incapacitated and unable to think. I laid on the ground on my stomach with my arms and legs stretched out. At one point, I tried to crawl toward the door to allow the officials to handcuff me, from the outside, through the door' special opening. Next, maybe as many as six large and heavily armored security officials ran toward me and crushed me as I was laying on the ground. I believe that it was Sgt. GONZALES who forcefully slammed my head against the concrete/cement floor. I felt intense pain in my head, face, nose, ear, front teeth... I also felt blood on my face. For an instant I felt less pressure on my chest, and suddenly Sergeant GONZALES' very heavy weight crushed me. I immediately I felt a sharp tearing pain in my chest's right side. Every move then became painful. I had severe pains throughout my entire body. I feared that the officials were trying to crush me to death, as I have seen it done on television, in New York City. I was subsequently taken in handcuff to a four men cell, and thrown on the dirty floor near the toilet where the prisoners defecate. The three African

I-127 Front (Revised 11-2010)          YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM          (OVER)

**EXHIBIT: COMPLAINT # 04**          Appendix F

Americans prisoners became angry because a white person's blood was contaminating their cell. I felt very dizzy. After a period of time I cannot estimate, I lost consciousness. I vomited several times during the night. I was not allowed to leave the four men cell to get medical care, to shower to remove the burning chemicals... The following morning, before ordering me to board the bus without any medical treatment, Sgt. GONZALES told me: "I am the one who fucked you." I hate French people. If you come back to MONTFORD, I will fuck you again." I FEAR BEING RETURNED TO MONTFORD.

NOTE #1: This grievance is against: (A). The liable officials for the acts they have committed in their personal and official capacities; (2). The customs/practices/policies in effect at MONTFORD on Monday June 06-16; (3). The failure to properly train the liable officials.

NOTE #2: The video-recordings made on Monday June 06-2016, my medical records, and all the relevant and material records (e.g.: All the liable security and medical officials past disciplinary records) are incorporated by reference to this grievance for all purposes.

NOTE #3: Due to space limitation, certain important facts could not be included.

NOTE #4: I was assisted in the writing of this grievance.

ction Requested to resolve your Complaint. That: (1) Sgt. GONZALES and the other unidentified security officials involved; (2). The unidentified medical and mental-health staff members who allowed/ordered the security officials to harm me; (3). The unidentified officials, possibly in Huntsville, involved, to be held personally and officially liable for the serious injuries I have sustained.

ffender Signature: _____  Date: FRIDAY JUNE 10-2016

rievance Response:

AN INVESTIGATION HAS BEEN CONDUCTED REGARDING YOUR COMPLAINT.THE INVESTIGATION REVEALED INSUFFICIENT EVIDENCE TO SUPPORT YOUR ALLEGATION OF STAFF MISCONDUCT ON THE ALLEGED DATE.NO FURTHER ACTION WARRANTED.

Robert Stevens, Warden          Date: 7-22-16

mature Authority: _____

ou are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. te the reason for appeal on the Step 2 Form.

turned because:       *Resubmit this form when the corrections are made.

1. Grievable time period has expired.
2. Submission in excess of 1 every 7 days. *
3. Originals not submitted. *
4. Inappropriate/Excessive attachments. *
5. No documented attempt at informal resolution. *
6. No requested relief is stated. *
7. Malicious use of vulgar, indecent, or physically threatening language. *
8. The issue presented is not grievable.
9. Redundant, Refer to grievance #_____
10. Illegible/Incomprehensible. *
11. Inappropriate. *

I Printed Name/Signature: _____

lication of the screening criteria for this grievance is not expected to adversely ect the offender's health.

Jical Signature Authority: _____

:7 Back (Revised 11-2010)

OFFICE USE ONLY

Initial Submission          UGI Initials:_____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

2ⁿᵈ Submission          UGI Initials:_____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

3ʳᵈ Submission          UGI Initials:_____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

Appendix F

EXHIBIT: COMPLAINT # 04



**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

CHARLES EPLEY                13-2-6-B

Offender Name:                           TDCJ # 601990

Unit: __STRINGFELLOW__  Housing Assignment: ____C13-1-15-B____

Unit where incident occurred:  MONTFORD PSYCHIATRIC FACILITY

<table>
<tr><td colspan="2"><b>OFFICE USE ONLY</b></td></tr>
<tr><td>Grievance #</td><td>2016158831</td></tr>
<tr><td>UGI Recd Date:</td><td></td></tr>
<tr><td>HQ Recd Date:</td><td>SEP 14 2016</td></tr>
<tr><td>Date Due:</td><td>10-17</td></tr>
<tr><td>Grievance Code:</td><td>814</td></tr>
<tr><td>Investigator ID#:</td><td>1775</td></tr>
<tr><td>Extension Date:</td><td></td></tr>
</table>

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**   *I am dissatisfied with the response at Step 1 because...*

Reading the ruling, dated July 22-16, issued by Warden ROBERT STEVENS in grievance # 2016158831 frightens me. Here is why: The fact that criminal acts witnessed by so many prisoners and officials – and verified by video-recordings and my medical records – can be covered-up/concealed/ suppressed with what is essentially nothing more than a "general denial". Prisoner should not be sent to MONTFORD, a "medical facility" only to leave it, a few days later, physically injured and mentally traumatized with flashbacks, nightmares, constant fear of being again brutalized...

It is clearly established that I was injured at MONTFORD during a VIDEO-RECORDED use of force during which the officials violated:

BOARD POLICY 03-46 STANDARDS FOR THE USE OF FORCE.

Authority: Texas Government Code  411.148;  492.013;  501.002;

Texas Penal Code        9.32;   9.33;   9.52;   9.53;

NOTE: The proof that the officials violated BOARD POLICY 03-46 is that I was NEVER given a disciplinary case. The officials could not find any fault with my conduct; Thus, the use of force was illegal.

To conceal/suppress... my injuries, the liable officials also violated:

ADMINISTRATIVE DIRECTIVE 03-47   TAKING PHOTOGRAPHS FOLLOWING AN INJURY OR USE OF FORCE INCIDENT.

Authority: Texas Government Code: 493.001; 493.006(b); 494.001; 494.002.

In addition to the above mentioned VIDEO-RECORDING, and medical records which report injuries consistent with the VIDEO-RECORDING, I am ready to

I-128 Front (Revised 11-2010)      **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**      (OVER)

Appendix G

**EXHIBIT: COMPLAINT # 04**

provide sworn affidavits, to take polygraph examinations..., and to cooperate with any legitimate law enforcement agency (e.g., the U.S. Department of Justice) willing to investigate the crimes reported in this grievance.  Moreover, all the witnesses, whether they are prisoners, TDCJ officials, medical staff members, should have already been asked to provide affidavits, deposed under oath, polygraphed.. to TIMELY secure the AVAILABLE evidences. I ONLY END THIS APPEAL DUE TO SPACE LIMITATION.

**Offender Signature:** _____  **Date:** FRIDAY SEPTEMBER 02-16

**Grievance Response:**

Step 1 response appropriate. Please refer to that response. There was no evidence to substantiate your allegations. No further action warranted.

STEVE MASSIE
ASST. REGIONAL DIRECTOR

**Signature Authority:** _____  **Date:** SEP 3 0 2016

**Returned because:** *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

### OFFICE USE ONLY

**Initial Submission**  **CGO Initials:** _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___Screened ___Improperly Submitted
Comments: _____
Date Returned to Offender: _____

**2nd Submission**  **CGO Initials:** _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___Screened ___Improperly Submitted
Comments: _____
Date Returned to Offender: _____

**3rd Submission**  **CGO Initials:** _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___Screened ___Improperly Submitted
Comments: _____
Date Returned to Offender: _____

I-128 Back (Revised 11-2010)                    Appendix G

**EXHIBIT: COMPLAINT # 04**



**Texas Department of Criminal Justice**

# STEP 1
**OFFENDER GRIEVANCE FORM**

*Monitored 13*

Offender Name: CHARLES EPLEY          TDCJ # 601990

Unit: LYNAUGH          Housing Assignment: - -A-1-12-B...

Unit where incident occurred: MONTFORD PSYCHIATRIC PRISON
FRENCH ROBERTSON PRISON

| OFFICE USE ONLY |
|---|
| Grievance #: 2016140882 |
| Date Received: |
| Date Due: 7-31-16  7 24 |
| Grievance Code: 608  CC |
| Investigator ID #: 12229 |
| Extension Date: 524 |
| Date Retd to Offender: |

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? EVERY OFFICIAL I COULD TALK TO (SEE BELOW) | JUNE 06, 07, 08 & 09-16

What was their response? TO THREATEN ME WITH ADDITIONAL SERIOUS INJURIES (SEE BELOW)

What action was taken? TO KNOWINGLY DENY ME ALL MEDICAL TREATMENT (SEE BELOW)

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

SINGLE ISSUE GRIEVED: Denial of medical treatment at the MONTFORD & ROBERTSON prisons for the severe injuries I sustained at MONTFORD on Monday June 06-2016.
BACKGROUND FACTS: Per the facts reported in my grievance dated Fri. June 10-16, I was brutally assaulted on Monday June 06-2016, at the MONTFORD prison. As of Friday June 10-16, I suffered from the following known physical injuries:
- Nose with heavy bleeding (possibly broken);
- Frontal teeth (pain and at least one tooth loose);
- Concussion (loss of consciousness/headaches/vomiting);
- Blurred vision in right eye;
- Loss of hearing with ringing in right ear;
- Pain in right side of neck;
- Pain in left shoulder;
- Sharp/acute pains in right side of chest (broken rib(s)?);
- Worsened back pain of pre-existing injury;
- Pains in both knees.
AT THE MONTFORD PRISON: Following the above assault, I was taken - bleeding - to a cell occupied by three African-American prisoners. I was dropped on the filthy floor a few inches from the toilet where prisoners defecate. The prison officials then left, and locked the door behind them. I was unable to leave the cell. My pleas for medical care were ignored. No pictures of my wounds were taken. I was silenced under the threat of additional injuries. I was left with multiple injuries, in severe pain, and in fear. During the night both the security and the medical officials refused to provide any care. On Monday June 07-16, two security officials handcuffed me. As we were passing in front of the nearby nurse station, Sergeant HERRERA (I believe that it is her name) and the nurses laughed when they saw me still covered in blood, and disorientated due to the sleep deprivation and continuing pain. I was taken directly to the bus boarding area where Sergeant GONZALES was waiting for me (see grievance dated Friday June 10-16). I was again denied any medical care and ordered to board the bus under the penalty of another brutal assault. I FEAR TO BE RETURNED TO THE MONTFORD PSYCHIATRIC PRISON.
THE LENGTHY TRANSFER BETWEEN MONTFORD AND ROBERTSON was extremely painful.
AT THE ROBERTSON PRISON: Upon disembarking from the bus, I alerted the duty nurse standing-by, a large white women with long blond hair who refused to identify herself. She immediately asked me who had injured me, as opposed to what were my injuries. When I revealed that officers had injured me, the nurse replied that if officers wanted to hurt me, she will not provide me with any medical treatment. The nurse then pulled-back behind the officer who was holding the list of incoming prisoners. The officer told me to shut-up and to go to Administrative-Segregation. There the prisoners who knew of the assault and I alerted Sergeant LOPEZ, who upon learning that I was brutalized by officers refused to call medical. On Wednesday June 08-16 and Thursday June 09-16, I alerted the infirmary women who called herself "BLUE", when she passed in front of my assigned cell to deliver medications . She told me that she had filed a notice that I needed to be examined by medical. Yet, nobody

1-127 Front (Revised 11-2010)          YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM          (OVER)

**EXHIBIT: COMPLAINT # 05**          Appendix F

examined me... I also alerted all the security officials who passed in front of my cell. I was never provided with any medical treatment at the ROBERTSON prison. I was also denied access to the food-trays because I could not get out of bed fast enough to get them, according to the officers passing the trays. I FEAR TO BE RETURNED TO THE ROBERTSON PRISON.
THE LENGTHY TRANSFER BETWEEN ROBERTSON AND LYNAUGH was extremely painful.
NOTE #1: This grievance is against: (A). The liable security, administrative, and medical/mental-Health officials for the acts they have committed in their individual/personal capacities and their official capacities; (B). The customs/practices/policies in effect during the events reported above.(C). The failure to properly train the liable officials.
NOTE #2: The video-recordings made on Monday June 06-2016, my medical records, and all the relevant and material records (e.g., All the liable security and medical officials' past disciplinary records) are incorporated by reference to this grievance for all purposes.
NOTE #3: Due to space limitation, certain important facts could not be included.
NOTE #4: I needed assistance in writing this grievance due to the continuing pains and the intrusive thoughts of the June 06-16 assault at Montford.
That: (1). All the security and medical/mental-

**Action Requested to resolve your Complaint.** Health officials who knew, or should have known, of my needs for medical care From Monday June 06-16 until Thursday June 09-16 be held liable in their individual/personal and official capacities for the severe harm I have suffered.
Wednesday JUNE 15-2016

Offender Signature: _____     Date: _____

Grievance Response:

YOUR ALLEGATIONS WAS FORWARDED TO THE REGIONAL OFFICE OF THE INSPECTOR GENERAL FOR INVESTIGATION. NO EVIDENCE WAS FOUND OR PRESENTED TO SUBSTANTIATE YOUR ALLEGATIONS. NO FUTHER ACTION IS WARRANTED IN THIS MATTER.

Signature Authority: _____ Robert Stevens, Warden          Date: 7-12-16

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**     *Resubmit this form when the corrections are made.

☐ 1.  Grievable time period has expired.

☐ 2.  Submission in excess of 1 every 7 days. *

☐ 3.  Originals not submitted. *

☐ 4.  Inappropriate/Excessive attachments. *

☐ 5.  No documented attempt at informal resolution. *

☐ 6.  No requested relief is stated. *

☐ 7.  Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8.  The issue presented is not grievable.

☐ 9.  Redundant. Refer to grievance # _____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely affect the offender's health.

Medical Signature Authority: _____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials: |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |
| 2nd Submission | UGI Initials: |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |
| 3rd Submission | UGI Initials: |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |

Appendix F

**EXHIBIT: COMPLAINT # 05**



**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

| OFFICE USE ONLY | |
|---|---|
| Grievance # | 2016160882 |
| UGI Recd Date | AUG 0 1 2016 |
| HQ Recd Date: | AUG 0 3 2016 |
| Date Due: | 9.10 |
| Grievance Code: | 003 |
| Investigator ID#: | |
| Extension Date: | |

Offender Name: CHARLES EPLEY          TDCJ # 601990

Unit: STRINGFELLOW      Housing Assignment: C13-1-22-B

Unit where incident occurred: MONTFORD PSYCHIATRIC PRISON
FRENCH ROBERTSON PRISON

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**   *I am dissatisfied with the response at Step 1 because...*

Reading the ruling, dated July 12-16, issued by Warden ROBERT STEVENS

in grievance # 2016160882 frightens me. Here is why: The fact that

criminal acts witnessed by so many prisoners and officials - and verified

by video-recordings and my medical records - can be covered-up/concealed/

suppressed with what is essentially nothing more than a "general denial".

Prisoner should not be sent to MONTFORD, a "medical facility" only to

leave it, a few days later, physically injured and mentally traumatized

with flashbacks, nightmares, constant fear of being again brutalized...

The facts are simple and clear:

- I was injured at MONTFORD during a video-recorded use of force during

  which the officials violated the following:

  BOARD POLICY 03-46 STANDARDS FOR THE USE OF FORCE.

  Authority: Texas Government Code   411.148;   492.013;   501.002;

              Texas Penal Code      9.32;   9.33;   9.52;   9.53;

  NOTE: The proof that the officials violated BOARD POLICY 03-46 is that

        I was never given a disciplinary case. The officials could not

        find any fault with my conduct; Thus, the use of force was illegal.

- I was provided with no medical care at both MONTFORD and ROBERTSON;

- Upon arriving at LYNAUGH, the medical officials diagnosed my injuries.

- In-between MONTFORD and LYNAUGH I was handcuffed in closely supervised

  busses AND in a strictly, and nearly constantly, monitored single-cell.

Hence: (1). I was clearly afflicted with serious medical conditions;

I-128 Front (Revised 11-2010)          **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**          (OVER)

Appendix G

**EXHIBIT: COMPLAINT # 05**

(2). The officials at both the MONTFORD and the ROBERTSON prisons denied
me much-needed medical care to conceal that I had been injured by
officials. This was made possible by the officials having also violated:
ADMINISTRATIVE DIRECTIVE 03-47   TAKING PHOTOGRAPHS FOLLOWING AN INJURY
OR USE OF FORCE INCIDENT.

Authority: Texas Government Code: 493.001; 493.005(b); 494.001; 494.002.

**Offender Signature:** _____   **Date:** FRIDAY JULY 29-16

**Grievance Response:**

This issue has been reviewed by The Office of the Inspector General and that office has
determined that there is insufficient evidence to warrant opening a case. No further action will
be taken.

**Signature Authority:** _____ C. MARTINEZ _____   **Date:** AUG 1 0 2018

**Returned because:**   *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

Initial Submission          CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ____Screened ____Improperly Submitted
Comments: _____
Date Returned to Offender: _____

**2nd Submission**          CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ____Screened ____Improperly Submitted
Comments: _____
Date Returned to Offender: _____

**3rd Submission**          CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ____Screened ____Improperly Submitted
Comments: _____
Date Returned to Offender: _____



**Texas Department of Criminal Justice**

# STEP 1
**OFFENDER GRIEVANCE FORM**

| OFFICE USE ONLY |
|---|
| Grievance #: 2017141526 |
| Date Received: MAY 2 2 2017 |
| Date Due: 07/01/2017 |
| Grievance Code: 880 |
| Investigator ID #: 3842 |
| Extension Date: _____ |
| Date Retd to Offender: JUN 0 1 2017 |

**Offender Name:** CHARLES EPLEY  **TDCJ #** 601990

**Unit:** RAMSEY  **Housing Assignment:** ONE WING 4-11-T

**Unit where incident occurred:** HUNTSVILLE

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? KATHERYN BELL-DIRECTOR USE OF FORCE SEE BELOW

What was their response? TO INFORM ME THAT THE OFFICIALS REFUSE TO GRANT MY REQUEST.

What action was taken? TO DENY MY REQUEST THAT THE VIDEO-RECORDING BE RELEASED.

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

INFORMAL RESOLUTION was attempted when I wrote my letter, dated 05-01-17,
to Huntsville-based Use of Force Supervising Official KATHERYN BELL.
On Monday May 15-17, the mail-room official provided me with a letter,
dated May 05-17, from Use of Force Official MAGGIE SCHILLACI - on
KATHERYN BELL's behalf - who denied my request that a copy of a video-
recording he released to my relatives. Next, a communication, dated
Tues. May 16-17, from: Central Grievance Office, addressed to me, read:
PLEASE UTILIZE THE OFFENDER GRIEVANCE PROCEDURE TO ADDRESS YOUR CONCERNS.
GRIEVANCE: On Monday June 06-16, and at the Montford Unit of the TDCJ,
I was the victim of an unjustified and illegal USE OF FORCE. The said
Use of Force has caused me to suffer serious injuries. I continue to be
afflicted with severe chronic pain, distress, impairments...
On multiple occasions, I have asked the Texas prison officials, to
release UNEDITED/UNALTERED copies of the ENTIRE and COMPLETE video-
recording of the Use of Force referenced/numbered MA-03534-6-16 MONTFORD
unit to my relatives, and to the Houston-based French Consular General Consulate.
The requests were made to enable the French Consular officials to know
the facts in order to act per the authority granted to them by Article
36 of the Vienna Convention on Consular Relations. Notwithstanding the
above, the officials continue to conceal/suppress the video-recording.
It should further be noted that the officials at MONTFORD, ROBERTSON,
LYNAUGH, and STRINGFELLOW have created "complications" for me/retaliated
against me by, for example, denying me access to my LEGAL MATERIALS,
to prevent me from alerting the Courts of the facts arising from the

I-127 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

# EXHIBIT: COMPLAINT # 06

Appendix F

MAY 22 2017   MAY 22 2017   MAY 2.2017   MAY 22 2017   MAY 2 2 2017

unjustified and illegal Use of Force # MA-03534-06-16 MONTFORD Unit.

P.S: It is my intention to alert all the responsible authorities, such
as the United States Department of Justice-Civil Rights Division,
of the events that took place on Monday June 06-16. Any attempt to
destroy, or alter/tamper/edit..., the video recording referenced/
numbered above will be construed to be an OBSTRUCTION OF JUSTICE.

NOTE: All the documents in this matter, such as ALL the grievances I
have filed since Monday June 06-16, my medical records... are
incorporated by referenced to this grievance, for all purposes.

**Action Requested to resolve your Complaint.** That copies of the USE OF FORCE video-recording,
numbered MA-03534-06-16 MONTFORD unit, be promptly released - at my
expenses - to my relatives, and to the Houston-based French Consulate.

**Offender Signature:** _____   **Date:** TUESDAY MAY 16-17

**Grievance Response:** Your claim was forwarded to the Region III Office of the Inspector General, (OIG) for their
review, and they found insufficient evidence to warrant opening an OIG investigation.

No further action warranted.

**Signature Authority:** _R. B_____   Assistant Warden R. Babcock   **Date:** 5/31/17

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (1-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response.
State the reason for appeal on the Step 2 Form.

**Returned because:**   *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant. Refer to grievance #_____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

**UGI Printed Name/Signature:**

**Application** of the screening criteria for this grievance is not expected to adversely
**Affect the offender's health.**

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials: |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |
| 2nd Submission | UGI Initials: |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |
| 3rd Submission | UGI Initials: |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |

**EXHIBIT: COMPLAINT # 06**

Appendix F

DATE: SATURDAY JUNE 03-17 * MMDCCLXX A.U.C.

TO: OFFICIAL LINDA HONE - RAMSEY UNIT GRIEVANCE SUPERVISOR

RE: STEP ONE GRIEVANCE # 2017141526 JUN 06 2017

SUBJECT: Please consider the following facts,

- Step One grievance No. 2017141526 pertains to events which occurred at the MONTFORD unit on Monday June 06-2016, one year ago.

- Step One grievance No. 2017141526 was filed against HUNTSVILLE-based official KATHERIN BELL, the Director of Use of Force. Her address is: 1107 Avenue J - Huntsville, Texas 77340.

- I contacted Huntsville for my informal resolution of grievance # 2017141526. And USE OF FORCE - in Huntsville - responded to me.

- Official KATHERIN BELL has access to the video-recording of the event which occurred at MONTFORD, on Monday June 06-16, last year.

- I want the video recording to be released to my relatives and the French Consulate. The present matter has NOTHING to do with the Office of the Inspector General (OIG). Errors were made when:

- Step One of Grievance # 2017141526 was sent to the OIG.

- Grievance # 2017141526 was answered by Assistant-Warden BABCOCK. (Again, the grievance has NOTHING to do with anyone at Ramsey).

Moreover, appealing the Step One cannot remedy the above errors.

The only remedy is to allow me to resubmit the grievance (See ENCLOSURE) AND for you to forward it to HUNTSVILLE, where the USE OF FORCE department and official KATHERIN BELL are located.

An Huntsville-based official should issue the ruling which either GRANT my request for the video-recording kept in Huntsville, or explain why the video-recording continues to be concealed/suppressed.

Thank you for your assistance in this matter. Most sincerely,

P.S: Again: (1). NO Ramsey official has ever been involved with the issues presented in grievance # 2017141526; (2). NONE of the events occurred at Ramsey; (3). The Office of the Inspector General can neither grant nor deny the request to resolve my complaint. Having the OIG involved compromises/undermines the grievance process.

If the enclosed resubmission were to be accepted, then I will NOT appeal the step one # 2017141526. However, if the enclosure were to be returned, in my appeal to Step One # 2017141526 I will report that involving Ramsey in Step One # 2017141526 is: A PLOY TO SHIELD USE OF FORCE/KATHERIN BELL IN HUNTSVILLE FROM BEING HELD ACCOUNTABLE/LIABLE.

CHARLES EPLEY # 601990                          RAMSEY UNIT
                                                ONE WING 4-11-T

File your Step 1. I have no control over another Unit.

EXHIBIT: COMPLAINT # 06

JUN 06 2017

# EXHIBIT: COMPLAINT # 06

THIS GRIEVANCE IS AGAINST "HUNTSVILLE". PLEASE SEND IT TO "HUNTSVILLE".

**Texas Department of Criminal Justice**

**STEP 1** **OFFENDER GRIEVANCE FORM**

| OFFICE USE ONLY |
|---|
| Grievance #: |
| Date Received: JUN 06 2017 |
| Date Due: |
| Grievance Code: |
| Investigator ID #: |
| Extension Date: |
| Date Retd to Offender: |

Offender Name: CHARLES EPLEY   TDCJ # 601990

Unit: RAMSEY   Housing Assignment: ONE WING 4-11-T

Unit where incident occurred: HUNTSVILLE

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.   HUNTSVILLE-BASED

Who did you talk to (name, title)? KATHERYN BELL-DIRECTOR USE OF FORCE When? SEE BELOW

What was their response? TO INFORM ME THAT THE OFFICIALS REFUSE TO GRANT MY REQUEST.

What action was taken? TO DENY MY REQUEST THAT THE VIDEO-RECORDING BE RELEASED. JUN 06 2017

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

INFORMAL RESOLUTION was attempted when I wrote my letter, dated 05-01-17, to Huntsville-based USE OF FORCE Supervising Official KATHERYN BELL. On Monday May 15-17, the mail-room official provided me with a letter, dated May 05-17, from USE OF FORCE Official MAGGIE SCHILLACI - on KATHERYN BELL's behalf - who denied my request that a copy of a video-recording be released to my relatives. Next, a communication, dated Tues. May 16-17, from Central Grievance Office, addressed to me, read: PLEASE UTILIZE THE OFFENDER GRIEVANCE PROCEDURE TO ADDRESS YOUR CONCERNS. GRIEVANCE: On Monday June 06-16, and at the Montford Unit of the TDCJ, I was the victim of an unjustified and illegal USE OF FORCE. The said USE OF FORCE has caused me to suffer serious injuries. I continue to be afflicted with severe chronic pain, distress, impairments... JUN 06 2017 On multiple occasions, I have asked the Texas prison officials, to release UNEDITED/UNALTERED copies of the ENTIRE and COMPLETE video-recording of the USE OF FORCE referenced/numbered MA-03534-6-16 MONTFORD Unit to my relatives, and to the Houston-based French General Consulate. The requests were made to enable the French Consular officials to know the facts in order to act per the authority granted to them by Article 36 of the Vienna Convention on Consular Relations. Notwithstanding the above, the officials continue to conceal/suppress the video-recording. It should further be noted that the officials at MONTFORD, ROBERTSON, LYNAUGH, and STRINGFELLOW have created "complications" for me/retaliated against me by, for example, denying me access to my LEGAL MATERIALS, to prevent me from alerting the Courts of the facts arising from the

I-127 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

**EXHIBIT: COMPLAINT # 06**   Appendix F

unjustified and illegal USE OF FORCE # MA-03534-06-16 MONTFORD Unit,

P.S:   It is my intention to alert all the responsible authorities, such

as the United States Department of Justice-Civil Rights Division,

of the events that took place on Monday June 06-16. Any attempt to

destroy, or alter/tamper/edit..., the video recording referenced/

numbered above will be construed to be an OBSTRUCTION OF JUSTICE.

NOTE:   All the documents in this matter, such as ALL the grievances I

have filed since Monday June 06-16, my medical records... are

incorporated by referenced to this grievance, for all purposes.

That copies of the USE OF FORCE video-recording,

**Action Requested to resolve your Complaint.**
numbered MA-03534-06-16 MONTFORD unit, be promptly released - at my

expenses - to my relatives, and to the Houston-based French Consulate.

**Offender Signature:** _____   **Date:** SATURDAY JUNE 03-17

**Grievance Response:**

**Signature Authority:** _____   **Date:** _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response.
State the reason for appeal on the Step 2 Form.

**Returned because:**   *Resubmit this form when the corrections are made.

☒ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant. Refer to grievance # _____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** CBrinkley/CBrinkley/AGI

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY |
|---|
| Initial Submission    UGI Initials: |
| Grievance #: 2017149809 |
| Screening Criteria Used: 01 |
| Date Recd from Offender: JUN 06 2017 |
| Date Returned to Offender: JUN 06 2017 |
| 2nd Submission    UGI Initials: _____ |
| Grievance #: _____ |
| Screening Criteria Used: _____ |
| Date Recd from Offender: _____ |
| Date Returned to Offender: _____ |
| 3rd Submission    UGI Initials: _____ |
| Grievance #: _____ |
| Screening Criteria Used: _____ |
| Date Recd from Offender: _____ |
| Date Returned to Offender: _____ |

**Appendix F**

# EXHIBIT: COMPLAINT # 06

ACCEPT AS ORIGINAL

AUG 0 3 2017, *illegible*

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2017141526 |
| UGI Recd Date: | JUN 0 9 2017 |
| HQ Recd Date: | JUN 1 2 2017 |
| Date Due: | 7 1 9 |
| Grievance Code: | 800 |
| Investigator ID#: | 1 7 7 3 |
| Extension Date: | |



**Texas Department of Criminal Justice**

# STEP 2     OFFENDER GRIEVANCE FORM

Offender Name:    CHARLES EPLEY    TDCJ #    601990

Unit:    RAMSEY |    Housing Assignment: ONE WING 4-11-T

Unit where incident occurred:    HUNTSVILLE AND HUNTSVILLE ONLY

THIS COMPLAINT HAS NOTHING TO DO WITH RAMSEY

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**    *I am dissatisfied with the response at Step 1 because...*

I must appeal the ruling, dated Tuesday May 16-17, issued in Step One grievance # 2017141526 for the following reasons:

FIRST, neither the Houston-based French General Consulate nor my relatives have been provided with copies of the VIDEO-RECORDING of the Use of Force MA-03534-06-16, which occurred on Monday June 06-2016.

SECOND, this grievance should not have been forwarded to the so-called Office of the Inspection General (OIG). This grievance is about obtaining a VIDEO-RECORDING of the Use of Force. It is NOT - as evidenced by the Step One itself - about the Use of Force. The officials have taken out of context the words "Use of Force" to shield Huntsville-based KATHERIN BELL + block the release of the VIDEO-RECORDING. It is a ploy to manipulate the grievance process so as to avoid having to issue a ruling on the merit. This is VERIFIED by the fact that on Sat. June 03-17, I resubmitted my Step One to allow the officials to provide me with a ruling on the merit i.e., correct the error if the error had not been made knowingly and intentionally. To deny me a ruling on the merit, the officials rejected my resubmission (see grievance #2017149809, which is incorporated by reference to this grievance for all purposes). I am now using the available space to quote excerpts from my one-page notice, also dated Saturday June 03-17, which is also incorporated by reference:

P.S: Again: (1). NO Ramsey official has ever been involved with the issues presented in grievance # 2017141526; (2). NONE of the

I-128 Front (Revised 11-2010)     **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**     (OVER)

## EXHIBIT: COMPLAINT # 06

Appendix G

events occurred at Ramsey;  (3).  The  Office  of  the  Inspector  General
can  neither  grant  nor  deny  the  request  to  resolve  my  complaint  [i.e.,
having  the  VIDEO-RECORDING  released].  Having  the  IOC  involved
compromises/undermines the grievance process.

[Certainly,]  it  is  a  ploy  to  SHIELD  [THE]  USE  OF  FORCE  [DEPARTMENT],
AND KATHERINE BELL IN HUNTSVILLE, FROM BEING HELD ACCOUNTABLE/LIABLE.

**Offender Signature:** _____  **Date:** TUESDAY JUNE 06-17

**Grievance Response:**

This issue has been reviewed by The Office of the Inspector General and that office has
determined that there is insufficient evidence to warrant opening a case.  No further action will
be taken.

**Signature Authority:** C. MARTINEZ   **Date:** JUL 2 0 2017

**Returned because:**   *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

Initial Submission          CGO Initials: _____
Date UGI Recd:_____
Date CGO Recd:_____
 (check one) ___Screened    ___Improperly Submitted
Comments: _____
Date Returned to Offender:_____
2nd Submission          CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd:_____
 (check one) ___Screened    ___Improperly Submitted
Comments: _____
Date Returned to Offender: _____
3rd Submission          CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd:_____
 (check one) ___Screened    ___Improperly Submitted
Comments: _____
Date Returned to Offender: _____

I-128 Back (Revised 11-2010)      **EXHIBIT: COMPLAINT # 06**      Appendix G

Scanned by ORTEGA, GINA in facility LYNAUGH (LH) on 06/10/2016 09:38

FROM: NOTIFICATION TO ALL LYNAUGH UNIT MEDICAL OFFICIALS

DATE: THURSDAY JUNE 09-16 * MMDCCLX' AUC

SUBJECT: On Monday JUNE 06-16, and AT THE MONTFORD UNIT, I was BRUTALIZED. I SUFFERED THE Following PHYSICAL INJURIES:

- NOSE WITH HEAVY bleeding (possibly BROKEN),
- FRONTAL TEETH (PAIN and AT LEAST ONE TOOTH LOOSE),
- CONCUSSION (LOSS OF CONSCIOUSNESS/HEADACHES/VOMITING),
- BLURRED VISION in RIGHT EYE,
- LOSS OF HEARING WITH RINGING in RIGHT EAR,
- PAIN in RIGHT SIDE of THE NECK,
- PAIN in LEFT SHOULDER,
- SHARP/ACUTE PAINS in RIGHT SIDE of CHEST (BROKEN RIB(S)?),
- WORSENED BACK PAIN of PRE-EXISTING INJURY,
- PAINS in BOTH KNEES,

PLEASE provide ME WITH prompt and MEANINGFUL MEDICAL CARE FOR THE ABOVE SERIOUS MEDICAL CONDITIONS.

FROM: CHARLES EPLEY # 601990 HOUSING:

DISPOSITION:

RECEIVED

JUN 10 2016

Nurse sick call clinic

LYNAUGH UNIT

EXHIBIT: COMPLAINT # 07

# EXHIBIT: COMPLAINT # 08

for CHARLIS EPLEY E

| Problem Description | Category / Subcategory | Status | Group | ICD | First Observed | Problem ID | Prov Name | Auto Stop Date | Entry User | Entry Date |
|---|---|---|---|---|---|---|---|---|---|---|
| GINGIVAL/PERIODONTAL | DENTAL1 DENTAL | ACTIVE | PRIMARY | K05.6 | 06/09/2002 14... | 211461973 | STEPHENS, DEBRAA | | LEAVITT, DEBORAH A | 02/27/2013 |
| HEPATITIS B ANTIBODY POSITIVE (HEP B) | CD1 | NURSING / CID | PRIMARY | E849.0 | 05/12/2009 00... | 194770749 | BLANTON-BOONE, JANIS | | GONZALEZ, CASEY | 11/10/2014 |
| TETANUS/DIPHTHERIA | CD1 | NURSING / CID | PRIMARY | V06.5 | 02/20/2009 00... | 194770756 | BLANTON-BOONE, JANIS | 11/05/2011 | GONZALEZ, CASEY | 11/10/2014 |
| FLU EXAM POST COMPLETED TX OR SURGERY (S/P SURG PROC) | 1 | ACTIVE | PRIMARY | Z09 | 09/01/1996 08... | 211865822 | SINGLETON, LATONYA | | LEAVITT, DEBORAH A | 02/27/2013 |
| OSTEOARTHRITIS, UNSPECIFIED (OA, DJD) | 1 | ACTIVE | PRIMARY | M19 | 02/02/1996 08... | 211869888 | SINGLETON, LATONYA | | LEAVITT, DEBORAH A | 02/27/2013 |
| LOW BACK PAIN | 1 | ACTIVE | PRIMARY | M54.5 | 09/01/1996 08... | 211613312 | SINGLETON, LATONYA | | LEAVITT, DEBORAH A | 02/27/2013 |
| NP-HEADACHE/DIZZINESS | 1 | ACTIVE | PRIMARY | H5N.26 | 02/05/2002 08... | 172877114 | SINGLETON, LATONYA | | LEAVITT, DEBORAH A | 07/18/2013 |
| HEADACHE-MIGRAINE | 1 | ACTIVE | PRIMARY | 346.9 | 04/07/1994 20... | 187175841 | UNKNOWN, UNKNOWN | | LEAVITT, DEBORAH A | 09/11/2014 |
| REACTION TO TB SKIN TEST WO ACTVE TUBERCLOSS (TB CLAS... | 1 | ACTIVE | PRIMARY | R76.11 | 12/20/2004 12... | 211114699 | BLANTON-BOONE, JANIS | | GONZALEZ, CASEY | 11/10/2014 |
| PERSONAL HISTORY OF (VARICELLA) INFECTIOUS/PARASITIC DISE... | 1 | ACTIVE | PRIMARY | Z86.19 | 03/20/2009 10... | 211167123 | BLANTON-BOONE, JANIS | | GONZALEZ, CASEY | 11/10/2014 |
| POSTTRAUMATIC STRESS DISORDER | MENTAL HEALTH1 | ACTIVE | PRIMARY | F43.10 | 04/14/1998 14... | 211302444 | PARKER, VICKIE A | | HEPLE, BRANDON G | 10/31/2012 |
| CARPAL TUNNEL SYNDROME, UNSPEC UPPER LIMB | 1 | ACTIVE | PRIMARY | G56.00 | 02/01/1998 08... | 211311688 | SINGLETON, LATONYA | | LEAVITT, DEBORAH A | 02/27/2013 |
| MISC DIAGNOSIS | 1 | NURSING / CID | PRIMARY | 999999 | 11/19/2012 07... | 163437456 | FRAYER-HERZOG, CATHY J | | LEAVITT, DEBORAH A | 12/03/2012 |
| SDO-CHEST PAIN | NURSE PROTOCOL1 | ACTIVE | PRIMARY | SDO4 | 01/03/2016 12... | 216487702 | DAPRAH, YAA S | | DAPRAH, YAA S | 01/03/2016 |
| CID-DOI CHART REVIEW | CD1 | NURSING / CID | PRIMARY | CID-2 | 11/22/2015 08... | 214064888 | GONZALEZ, CASEY | | GONZALEZ, CASEY | 11/22/2016 |
| CID-TB ASSESSMENT | CD1 | NURSING / CID | PRIMARY | CID-10 | 11/22/2015 08... | 214068898 | GONZALEZ, CASEY | | GONZALEZ, CASEY | 11/22/2015 |
| FRACTURE OF RIB(S), STERNUM AND THORACIC SPINE | 1 | RULE-OUT | PRIMARY | S22 | 06/14/2016 11... | 223810461 | ITIE, SAMUEL B | | ITIE, SAMUEL B | 06/14/2016 |
| MIGRAINE | 1 | ACTIVE | PRIMARY | G43 | 06/14/2016 11... | 223810489 | ITIE, SAMUEL B | | ITIE, SAMUEL B | 06/14/2016 |
| PAIN IN UNSPECIFIED SHOULDER | 1 | ACTIVE | PRIMARY | M25.519 | 06/14/2016 11... | 223810633 | ITIE, SAMUEL B | 06/28/2016 | ITIE, SAMUEL B | 06/14/2016 |
| ICN-NEWLY ASSIGNED CHART REVIEW | ICN1 | NURSING / CID | PRIMARY | ICN-1 | 06/13/2016 18... | 226773160 | ARREDONDO, APRILR | | ARREDONDO, APRILR | 09/13/2016 |
| PRE-SEOP/RE-CRISIS MANAGEMENT | 1 | NURSING / CID | PRIMARY | MU1 | 06/02/2016 18... | 226223243 | ACOSTA, IBELDA M | | ACOSTA, IBELDA M | 06/02/2016 |
| OTHER DISORDERS OF MUSCLE | 1 | ACTIVE | PRIMARY | M62 | 06/10/2016 11... | 225625141 | ITIE, SAMUEL B | | ITIE, SAMUEL B | 06/10/2016 |
| OTHER AND UNSPECIFIED INJURIES OF SHOULDER AND UPPER A... | 1 | ACTIVE | PRIMARY | S49 | 06/10/2016 11... | 225625147 | ITIE, SAMUEL B | 06/24/2016 | ITIE, SAMUEL B | 06/10/2016 |
| LACERATION BACK AND PELVIS | 1 | ACTIVE | PRIMARY | S31.010 | 06/10/2016 11... | 225625258 | ITIE, SAMUEL B | 06/24/2016 | ITIE, SAMUEL B | 06/10/2016 |
| MENTAL STATUS EXAM | MENTAL HEALTH1 | ACTIVE | PRIMARY | MHSE | 10/18/2007 11... | 80149182 | STONE, BILLY | | STONE, BILLY | 10/18/2007 |



## Texas Department of Criminal Justice

# STEP 1
### OFFENDER GRIEVANCE FORM

*13-1-22B*

| OFFICE USE ONLY |
|---|
| Grievance #: 2016170365 |
| Date Received: JUN 30 2016 |
| Date Due: 8-14-16 |
| Grievance Code: 608 |
| Investigator ID #: 12415 |
| Extension Date: 9.28.16 |
| Date Retd to Offender: AUG 10 2016 |

Offender Name: CHARLES EPLEY     TDCJ #: 601990

Unit: STRINGFELLOW   Housing Assignment: C13-1TR-23B

Unit where incident occurred: LYNAUGH

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing. (SEE BELOW)   SATURDAY

Who did you talk to (name, title)? M. FUENTES, PRACTICE MANAGER (SEE BELOW)   When? JUNE 18-16

What was their response? NO ANSWERS WERE GIVEN TO ME (SEE BELOW)

What action was taken? TO THE BEST OF MY KNOWLEDGE: NOTHING TO HELP ME (SEE BELOW)

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

SINGLE-ISSUE GRIEVED: Denial of dental, medical, and mental-health treatment at
LYNAUGH for the severe injuries I sustained at MONTFORD on Monday June 06-16.
BACKGROUND FACTS: Per the facts reported in my grievance dated Fri. June 10-16,
I was brutally assaulted on Monday June 06-2016, at the MONTFORD prison. As
of Friday June 10-16, I suffered from the following known physical injuries:
- Nose with heavy bleeding (possibly broken);
- Frontal teeth (pain and at least one tooth loose);
- Concussion (loss of consciousness/headaches/vomiting);
- Blurred vision in right eye;
- Loss of hearing with ringing in right ear;
- Pain in right side of neck;
- Pain in left shoulder;
- Sharp/acute pains in right side of chest (Broken rib(s)?);
- Worsened back pain of pre-existing injury;
- Pains in both knees.
SEE MY NOTIFICATION TO ALL LYNAUGH UNIT MEDICAL OFFICIALS DATED JUNE 09-16.
AT THE LYNAUGH PRISON: I subsequently alerted dental, medical, and mental-
health officials via verbal and written communications. My pleas for help
were ignored. I then alerted M. FUENTES, the Senior Practice Manager, with
the LYNAUGH Medical Department. The following is a corrected duplicate of my
I-60 substitute communication, dated Saturday June 18-16, to M. FUENTES:
"SUBJECT: Upon arriving at the LYNAUGH prison on Thursday June 02-2016, I was
transferred to MONTFORD where I was brutalized on Monday June 06-16., I was
returned to LYNAUGH on Thursday June 09-16. And I filed my first "SCR" on
June 09-2016 (SEE THE DOCUMENT REFERENCED ABOVE LISTING THE INJURIES).
The document is the only record that the LYNAUGH medical officials have
acknowledged having received, probably because the LYNAUGH officials did not
know then that my injuries had been inflicted by officials (at MONTFORD), as
opposed to by prisoners.
My following requests for medical care to medical, dental, and mental-health
(e.g., on June 10, 11, 13, 14, 15, and 16) FOR THE INJURIES SUSTAINED AT
MONTFORD have been suppressed/concealed.
Please diligently investigate the matter, and have my records processed per
the policies in effect. Thank you for your assistance. Sincerely,
NOTE #1:   When a document is deposited in the institutional medical box it is
           considered to be an official record, the tampering of which is a
           third class Felony...
NOTE #2:   Upon receiving a notice from me, Mental-Health MUST examine me
           within seventy-two (72) hours...
NOTE #3:   The notes compiled about my meeting with Ms. ROXIE INGRAM conceal/
           suppress relevant and material information...
NOTE #4:   When I approached the security supervisors [e.g., Sergeant PAUL
           ROBINSON] and asked for their assistance, they have ignored my pleas
           for help and ordered me to return to my housing assignment... I fear
           being given disciplinary cases for asking the security officials for
           help when I am in need.  Please advise.

I-127 Front (Revised 11-2010)      YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM      (OVER)

### EXHIBIT: COMPLAINT # 09

Appendix F

P.S:   My teeth continue to hurt (see my "SCR" dated Thursday June 09-16).   To
avoid unnecessary pain and suffering, please refer me to dental without
delay.   Thank you."
Certainly, the injuries sustained, on Monday June 06-16, are severe and serious.
They required immediate - i.e., timely - and meaningful medical attention the
denial of which greatly harmed me.   However, the maneuvering and manipulations
committed by the LYNAUGH medical/dental/mental-health officials to conceal and
suppress the injuries I sustained greatly exacerbated my sense of isolation,
my fears, my hopelessness, my helplessness, triggered depressive episodes...
Basically, my POST TRAUMATIC STRESS DISORDER symptoms were exacerbated, in
turn the anxiety/panic attacks, flashbacks, nightmares... triggered additional
TRAUMATIC BRAIN INJURY symptoms (e.g., excruciating migraine headaches).
All of the above made me appear to be even more vulnerable, whereas, the
LYNAUGH prison is infested, and corrupted, by hundred of prisoners belonging
to some of the most brutal gangs which exist anywhere.   Certain persons believe
that the entire sequence of events was orchestrated for me to be harmed...
NOTICE:  Due to space limitation I am unable to retype the four notes on the
back of my grievances dated Friday June 10-16 and Wednesday June 15-16.   The
said notes are incorporated be reference to this grievances, for all purposes.

**Action Requested to resolve your Complaint.**      That: (1) All the security and medical/mental-
health officials who knew, or should have known, of my need for medical care
from Thursday June 09-16 until Thursday June 23-16, be held liable in their
individual/personal and official capacities for the severe harm I have suffered.

**Offender Signature:** _____   **Date:** MONDAY JUNE 27-2016.

**Grievance Response:**

You have not been denied medical, mental health, or dental treatment. Upon your arrival at
the Lynaugh unit, you were evaluated by mental health and you remained on the mental
health caseload with medication. Your injuries were documented and you were referred to
medical. You were seen by Mr. Itie PA on 6/10/16 and 6/16/16. You refused radiology
diagnostic screens on 6/22/16. No dental sick call request was received by you for treatment;
submit a sick call request if you are wanting to be seen for dental treatment.

**Signature Authority:** M Fuentes FOI                           **Date:** 7/26/16

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response.
State the reason for appeal on the Step 2 Form.

**Returned because:**        *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance # _____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely
Affect the offender's health.**

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
| --- | --- |
| Initial Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| **2nd Submission** | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| **3rd Submission** | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Appendix F

**EXHIBIT: COMPLAINT # 09**

OCT 1 1 2016

**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

13-2-6B

Offender Name: CHARLES EPLEY    TDCJ #: 601990

Unit: STRINGFELLOW   Housing Assignment: C-13-1-22-B

Unit where incident occurred: LYNAUGH * Administrative-Segregation.

**OFFICE USE ONLY**

Grievance #: 2016170365

UGI Recd Date: AUG 2 2 2016

HQ Recd Date: AUG 2 4 2016

Date Due: 10-6

Grievance Code: 608

Investigator ID#: 0352

Extension Date:

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...* I AM APPEALLING THE RULING, dATEd AUGUST 09-16, IN GRIEVANCE #2016170365 BECAUSE IT CANNOT BE RECONSILED WITH THE KNOWN FACTS. MORE SPECIFICALLY, THE RULING IS FACTUALLY FALSE TO KNOWINGLY ANd INTENTIONALLY SHIELD THE LIABLE OFFICIALS. IT IS MY dESIRE TO CONTINUE TO PRESENT THE FACTS IN THIS APPEAL, ANd TO MAKE VIGOROUS REBUTTAL ARGUMENTS TO THE RULING dATEd Aug. 09-16. UNFORTUNATELY, I AM PREVENTEd FROM doing THAT by THE FOLLOWING:

1). I AM disABLEd by debILITATING TRAUMATIC BRAIN INJURY symptoms.

2). I AM disABLEd by debILITATING POST-TRAUMATIC STRESS DISORDER symptoms.

3). I AM HURT + VERY dEPRESSEd by THE INJURIES SUSTAINEd ON Monday JUNE 06-16.

4). I AM dEPRESSEd by MY CELL ASSIGNMENT IN AdMINISTRATIVE-SEGREGATION. THE "OVERFLOW" STATUS IS INVOKEd TO PUNISH ME. I HAVE COMMITTEd NO WRONG.

5). I AM ALSo dEPRESSEd BECAUSE MY REQUESTS TO PURSUE EdUCATIONAL AdVANCEMENT AT RAMSEY - WHERE I WOULd BE MUCH SAFER - ARE BEING BLOCKEd IN RETALIATION FOR THE GRIEVANCES I HAVE FILEd SINCE I WAS BRUTALLY ASSAULTEd ON Monday JUNE 06-16. I FEAR - And I AM BEING INCAPACITATEd by THAT FEAR - THAT providing FACTUAL INFORMATION IN THIS GRIEVANCE WILL RESULT IN AdditioNAL ACTS OF RETALIATION AGAINST ME (E.g., I FEAR BEING TRANSFERREd TO AN EVEN WORSE PRISON). HENCE, THE CHILLING-EFFECT WHICH PREVENTS ME FROM WRITING THE APPEAL WHICH I NEEd ANd WANT TO WRITE.

I-128 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

**EXHIBIT: COMPLAINT # 09**

_NOTE: ALL MY MEDICAL AND ADMINISTRATIVE RECORDS (SUCH AS, BUT NOT LIMITED TO, ALL THE GRIEVANCES I HAVE FILED SINCE MONDAY JUNE 06-16) ARE INCORPORATED BY REFERRENCE TO THIS GRIEVANCE FOR ALL PURPOSES. P.S: THE PRISON IS CURRENTLY ON LOCKED-DOWN (MMDCCLXIX A.U.C)_

**Offender Signature:** _____   **Date:** SATURDAY August 20-16

**Grievance Response:**

In your Step 1 medical grievance, you stated you were injured in an altercation at the Montford unit on 06/09/2016 and have been denied appropriate medical care for the injuries you received. You are requesting all security, medical, mental health and dental officials be held accountable for your needs of care.

Review of the health record reveals documentation to support the response at Step 1. Further review shows you were scheduled with Dental on 07/07/2016, but you were a no show for that appointment and were rescheduled for a later date. You were scheduled to see the provider on 07/20/2016, but refused to be seen at that time. You signed a Refusal of Treatment form for dental evaluation on 07/26/2016. You were scheduled for an x-ray of your neck on 09/02/2016, but signed a Refusal of Treatment on 09/02/2016. It is within your best interest to participate in your own treatment plan by attending all scheduled appointments.

If you feel your situation requires further evaluation you are advised to submit a Sick Call Request to the medical department. 2.02

**STEP II MEDICAL GRIEVANCE PROGRAM**
**OFFICE OF PROFESSIONAL STANDARDS**
**TDCJ HEALTH SERVICES DIVISION**

**Signature Authority:** _____   **Date:** 9-23-16

**Returned because:**   *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | **CGO Initials:** _____ |
| Date UGI Recd: _____ | |
| Date CGO Recd: _____ | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |
| **2nd Submission** | **CGO Initials:** _____ |
| Date UGI Recd: _____ | |
| Date CGO Recd: _____ | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |
| **3rd Submission** | **CGO Initials:** _____ |
| Date UGI Recd: _____ | |
| Date CGO Recd: _____ | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |

THIS IS AN EMERGENCY GRIEVANCE

# Texas Department of Criminal Justice

THIS IS AN EMERGENCY GRIEVANCE

## STEP 1    OFFENDER GRIEVANCE FORM

THIS IS AN EMERGENCY GRIEVANCE



Offender Name: ___CHARLES EPLEY___  TDCJ # ___601990___

Unit: ___LYNAUGH___  Housing Assignment: ~~B-1-08-B~~

Unit where incident occurred: ___LYNAUGH___  C13-1-22B

| OFFICE USE ONLY |
| --- |
| Grievance #: _2016163422_ |
| Date Received: JUN 20 2016 |
| Date Due: _07 30 2016_ |
| Grievance Code: _200_ |
| Investigator ID #: _12209_ |
| Extension Date: _____ |
| Date Retd to Offender: _AUG 2016_  0 3 AUG 2016 |

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing. (SEE BELOW)

Who did you talk to (name, title)? MS. SELLERS & MS. ROXIE INGRAM (SEE BELOW)    JUNE 2016

What was their response? NO MEANINGFUL ANSWERS WERE GIVEN TO ME (SEE BELOW)

What action was taken? TO THE BEST OF MY KNOWLEDGE: NOTHING TO HELP ME (SEE BELOW)

State your grievance in the space provided. Please state what, when, where and the disciplinary case number if appropriate

SINGLE ISSUE GRIEVED: Request to be provided with information about being placed in a prison where SAFEKEEPING housing assignments are available pending being returned to the RAMSEY prison where I was safe from physical assaults. BACKGROUND FACTS: With the exception of the RAMSEY prison, I have been the victim of brutal assaults, including SEXUAL assaults, in every prison of the Texas prison system where I have been assigned. The following list is illustrative, as opposed to exhaustive, of the reasons why I am easy prey:

01). I AM A CITIZEN OF FRANCE. Most black and Hispanic prisoners mistreat me because they consider me to be "white". The "white" prisoners mistreat me because I am an alien. Unlike the Mexican citizens in Texas, my isolation is complete. My French accent is also a stigmatizing factor.

02). I AM SUFFERING FROM POST TRAUMATIC STRESS DISORDER (PTSD) AS A RESULT OF TRAUMAS SUSTAINED IN THE TEXAS PRISONS. PTSD is a fear-based mental-disorder. In the Texas prisons, fearful prisoners are brutalized and exploited by predatory prisoners and security officials (see the video of the events which occurred at MONTFORD on Monday June 06-2016). My anxiety/panic attacks, flashbacks, feeling of unreality during which I do not know if I am dreaming and I experience visual distortions, such as the walls appears to be moving/the persons' appearances are distorted result in the prisoners/certain officials to ruthlessly manipulate me.

03). I AM AFFLICTED WITH TRAUMATIC BRAIN INJURY (TBI) AS A RESULT OF HAVING BEEN THE VICTIM OF HEAD TRAUMAS DURING BRUTAL ASSAULTS. During most of the debilitating migraine headaches I vomit. Prisoners do not want to be around me. Before I was SINGLE-CELLED, prisoners have brutalized me to keep from returning to my assigned cell. Moreover, when overwhelmed with stress I can no longer process information. At times, I can neither think nor comprehend. Upon written request, I will supplement the above.

04). I MUST PRACTICE MY RELIGION (AN ANCIENT EUROPEAN FORM OF YOGA/SHIVAISM). Christian and Moslem prisoners feel that they have a "god-given" right to harm me because of my sincerely help religious beliefs and practice. Only at the RAMSEY have the prisoners and the officials been tolerant.

05). MY SLIGHT BUILT, COLLEGE EDUCATION, THE FACT I DO NOT HAVE ONE SINGLE TATTOO... are causing the prisoners affiliated with the various Texas gangs, from all races, to victimize me. LYNAUGH is infected with gangs.

06). MY STEPFATHER, THE VICTIM OF THE HOMICIDE IN MY CASE, AND THE PRIMARY STATE WITNESS AT MY TRIAL WERE TEXAS PRISON OFFICIALS. Certain officials at the JESTER THREE, PACK ONE, MICHAEL, MONTFORD (i.e., all the prison where I have been assigned except for the RAMSEY prison) have either directly assaulted me or encouraged prisoners to assault me.

NOTE A: The above reasons must be considered separately and in the aggregate.
NOTE B: Due to space limitations, I am unable to cites additional reasons.

Thursday June 02-2016, when I arrived at the LYNAUGH prison, I asked Ms. M. SELLERS, the Chief of Classification, to help me with SAFEKEEPING. Ms. SELLERS has not helped me. Moreover, my last three written requests for assistance to ROXIE INGRAM have been suppressed/concealed. When a document is deposited in

I-127 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

---

**EXHIBIT: COMPLAINT # 10**    Appendix F

an institutional medical box it is considered to be an official record, the tampering of which is a class three felony... Upon receiving a notice from me, Mental-health MUST examine me within seventy-two (72) hours... The notes compiled by Ms. ROXIE INGRAM, about my meetings with her, conceal/suppress relevant and material information. What happened on Thursday June 16-2016 has greatly exacerbated my PTSD and my TBI symptoms. I fear that the LYNAUGH officials will brutalize me as the MONTFORD officials did. I AM STILL IN PAIN. Today, I have been thinking about the assault at MONTFORD over and over again. NOTE #1:  I fear being returned to the MONTFORD so-called hospital. I have never been brutalized at JESTER FOUR. I would feel less distressed being at a prison located near the JESTER FOUR Psychiatric Facility.

NOTE #2:   I am seeking information on SAFEKEEPING. I object to PROTECTIVE CUSTODY which would worsen my serious medical conditions. I also object to be placed in ADministrative-SEGregation at LYNAUGH where the cells are kept intentionally frigid to punish the prisoners. The courts have ruled that using temperature extremes is a form of torture.

NOTE: #3: All my medical/administrative records - including, but not limited to, the video of what happened to me at MONFORD on June 06-2016 - are incorporated by reference to this grievance for all purposes.

**Action Requested to resolve your Complaint.**   That I be provided with all the information necessary to make an intelligent decision about being transferred to a prison housing prisoners in SAFEKEEPING pending my return to the RAMSEY prison where I have been safe during the past twenty-years with the medical restrictions which were given to me by the JESTER FOUR psychiatric and medical officials.

**Offender Signature:** _____   **Date:** _THURSDAY JUNE 16-2016_

**Grievance Response:**

Your complaint has been noted.  Unit Classification contends you were appropriately housed at the Lynaugh Unit, single cell housed due to Health Summary.  Review of records revealed reassignment to the Stringfellow Unit recommended by the State Classification Committee.  No further action warranted.

**Signature Authority:** _____ Glen H. Whitfield    **Date:** JUL 2 8 2016

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**        *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant. Refer to grievance #_____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

**OFFICE USE ONLY**

Initial Submission        UGI Initials:_____

Grievance #: _ : _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

**2ⁿᵈ Submission**        UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

**3ʳᵈ Submission**        UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

Appendix F

**EXHIBIT: COMPLAINT # 10**



**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

Offender Name: CHARLES EPLEY       TDCJ # 601990

Unit: STRINGFELLOW   Housing Assignment: C-13-1-22-B

Unit where incident occurred: LYNAUGH PRISON   13.2.60

<table>
<tr><td colspan="2">OFFICE USE ONLY</td></tr>
<tr><td>Grievance #</td><td>2016163422</td></tr>
<tr><td>UGI Recd Date:</td><td>AUG 15 2016</td></tr>
<tr><td>HQ Recd Date:</td><td>AUG 19 2016</td></tr>
<tr><td>Date Due:</td><td>9.24</td></tr>
<tr><td>Grievance Code:</td><td>200</td></tr>
<tr><td>Investigator ID #</td><td>303 12245</td></tr>
<tr><td>Extension Date:</td><td>11-3</td></tr>
</table>

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**   *I am dissatisfied with the response at Step 1 because...*

I must appeal the ruling, dated July 28-2016, issued in grievance No. 2016163422 for the following reasons:
First, I requested information to ascertain what would be the safest housing assignment when my physical, mental, and spiritual health are considered. The ruling shows that the officials continue to conceal/suppress relevant/material documents, such as Administrative Directive (AD) 04.69 SECURITY REQUIREMENTS FOR AT RISK OR VULNERABLE OFFENDERS. That AD is a legal and public document which anybody in the Free-world can read. But I continue to be denied access to it. Thus, preventing me from making an educated decision about what should be my housing. Moreover, knowing that information which directly impact my health and safety is being knowingly/intentionally withheld/concealed/suppressed by the Texas officials exacerbates my Post Traumatic Stress Disorder.
Second, what has now be "noted", was known or should have been known since I was admitted into the Texas prison system. The facts were ignored to justify transferring me the LYNAUGH prison to harm me. The facts which were noted could very well be once again ignored at some time in the future causing more harm. Thus, the officials continue to deny me the safest prison (i.e., RAMSEY) I requested in my step one.
Third, I was transferred to MONTFORD and brutalized/traumatized there to intimidate me from invoking my Health Summary. This is verified by the fact that the LYNAUGH officials violated the CLASSIFICATION PLAN (more specifically: VII OPERATION COMPONENTS. B. Unit Administration [Page 31] 3. The offender's current HSM-18 is binding on all classification and correctional staff) when, on Thursday June 16-16, I was ordered to move into cells occupied by mentally-ill and gang-affiliated prisoners...
Fourth, it is frightening to read that I was "appropriately housed at the Lynaugh Unit" when, in fact, I was victimized by gang members. And when I reported that to medical officials (e.g., Mental-Health official ROXIE INGRAM), they "counseled" me to keep silent... And when I sought protection, from gang-members at LYNAUGH, the security officials ordered me to return to the buildings (#1 and #2) occupied by the very gang members I was trying to evade, resulting in victimization. It should be noted that seeking help from officials is by itself a dangerous endeavor. It is no secret that the use of illegal drugs is rampant at LYNAUGH. Who bring the drugs inside the prison? Reporting a desire to avoid the gang-members, who control the trade of illegal drugs, can create "complications"... I did alert Sergeant PAUL ROBINSON but he not only ignored my pleas for help, he also ordered me to return to the building occupied by the gang-members! This happened at the time when I was disabled (i.e., unable to defend myself; thus totally helpless) by the severe injuries inflicted upon me at the MONTFORD prison, on Monday June 06-2016 (see grievance number 2016158831 AND the video-recording.)

I-128 Front (Revised 11-2010)     **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**     (OVER)

**EXHIBIT: COMPLAINT # 10**

Appendix G

Fourth, many prisoners who have committed violent acts at RAMSEY are now
held at STRINGFELLOW.  STRINGFELLOW is a far more violent prison than
RAMSEY who hold prisoners interested in pursuing educational advancement.
For the reasons stated above, there are continuing violations.
NOTE #1: I am unable to report all the facts due to space limitation.
NOTE #2: All my medical and my administrative records - including but
not limited to ALL the grievances I have filed after Monday
June 06-16, the video recording of what happened to me at
MONTFORD on Monday June 06-16 - are incorporated by reference
to this grievance for all purposes.

**Offender Signature:** _____  **Date:** TUE, AUGUST 09 -16

**Grievance Response:**

An investigation has been conducted regarding grievance #2016163422. Records reveal that you were administratively assigned to the Stringfellow unit by the recommendation of the State Classification Committee. Records reveals that grievance #2016158831 was reviewed at both levels of the grievance process and no further action is warranted.

**Signature Authority:** _____  M. BLALOCK  **Date:** NOV 0 1 2016

**Returned because:**   *Resubmit this form when corrections are made.*

☐ 1. **Grievable time period has expired.**

☐ 2. **Illegible/Incomprehensible.***

☐ 3. **Originals not submitted. ***

☐ 4. **Inappropriate/Excessive attachments.***

☐ 5. **Malicious use of vulgar, indecent, or physically threatening language.**

☐ 6. **Inappropriate.***

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

**Initial Submission**   CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**2nd Submission**   CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**3rd Submission**   CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**I-128 Back** (Revised 11-2010)

Appendix G

EXHIBIT: COMPLAINT # 10



**Texas Department of Criminal Justice**

# STEP 1

**OFFENDER
GRIEVANCE FORM**

*13-1-220*

| OFFICE USE ONLY | |
|---|---|
| Grievance # | 2016171719 |
| Date Received: | JUL 05 2016 |
| Date Due: | 8-14-16 |
| Grievance Code: | 515 |
| Investigator ID #: | I 2415 |
| Extension Date: | |
| Date Retd to Offender: | AUG 02 2016 |
| | AUG 15 2016 |

Offender Name: ___CHARLES EPLEY___ TDCJ # ___601990___

Unit: ___STRINGFELLOW___ Housing Assignment: ___C13-1TR-238___

Unit where incident occurred: ___LYNAUGH___

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.                    (SEE BELOW)                    **THURSDAY**

Who did you talk to (name, title)? ___MS. GALINDO, PROPERTY SUPERVISOR___ When? ___JUNE 23-16___

What was their response? ___THAT SHE DID NOT KNOW WHERE MY RELIGIOUS MEDALLION IS___

What action was taken? ___TO THE BEST OF MY KNOWLEDGE: NOTHING TO HELP ME (SEE BELOW)___

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

SINGLE-ISSUE GRIEVED: Sergeant PAUL ROBINSON intentionally inappropriately

confiscated my religious medallion by violating AD-03.72 and my rights under

the First Amendment to the U.S. Constitution/the Federal law known as RLUIPA.

BACKGROUND FACTS:  I arrived at the LYNAUGH prison on Thursday June 02-16.  On

that day I was transferred to the MONTFORD prison. The pertinent authority is:

Administrative Directive 03.72 (Rev. 06) Offender Property, at page 25 of 49.

IX Departure From Unit.  C.  Medical Appointments.  2.  Offenders departing a

unit due to medical or psychological reasons for temporary assignment at a

psychiatric facility may be unable or incapable of making decisions regarding

the offender's property at the time of departure.  The property shall be

INVENTORIED, TAGGED, LOGGED, and STORED in the property room.  The property

shall be maintained at the unit of assignment until the offender returns...

The available evidence show that SERGEANT PAUL ROBINSON failed to comply with

the above policy either because he decided to violate the said policy, or

because he was not properly trained by the administration.

On Thursday June 09-16, when I returned to LYNAUGH prison, official ROXIE

INGRAM found items of property belonging to me in the infirmary.

On Thursday June 16-16, Property Supervisor GALINDO returned certain items of

property, but assured me that my religious medallion was never given to her.

On Monday June 20-16, as I was seeking the help of Ms. SHEILA LEHNERT,

Sergeant PAUL ROBINSON declared that he was the official who had taken my

religious medallion.  Sgt. ROBINSON stated that my religious medallion was in

official GALINDO's office.  I briefed official GALINDO of the above via an

JUL 05 2016

I-127 Front (Revised 11-2010)        **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**                    (OVER)

---

**EXHIBIT: COMPLAINT # 11**                    Appendix F

I-60.  Official GALINDO never returned my I-60 with a disposition.  As the property supervisor, GALINDO was present when I left the LYNAUGH prison on Thursday June 23-16.  Then and there GALINDO said that she did not know where my religious medallion is.  I was then ordered to board the departing van. Thus, Thu. June 23-16, was my last attempt to informally resolve the matter. GRIEVANCE: Had Sergeant PAUL ROBINSON obeyed the established procedure, official GALINDO would have been able to return the religious medallion to me. All the evidences, including - but not limited to - his admission in front of Ms. SHEILA LEHNERT, the LYNAUGH prison grievance supervisor, on Monday June 20-16, indicate that Sergeant PAUL ROBINSON is liable.  JUL 05 2016

Action Requested to resolve your Complaint.    That: (1) My religious medallion, a much-needed and essential religious devotional item, be either promptly returned to me or promptly replaced.  (2). Sgt. PAUL ROBINSON be held liable for the harm he has done to me either intentionally or through negligence.  JUL 05 2016

Offender Signature: _____    Date: THURSDAY JUNE 30-2016.

Grievance Response:

Your complaint has been noted.  Staff contends you were advised on the day you were placed in medical observation all personal items, as well as state clothing, was bagged and placed outside the door in the infirmary.  You were never told items were sent to the property room.  Property staff contends they were never contacted in regards to your property and the only items received from the Medical department was Rhino boots and eye glasses.  There is no evidence staff is responsible for the loss of your property.  No further action warranted.

Glen H. Whitfield

Signature Authority: _____    Date: AUG 1 0 2016

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:      *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant. Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority: _____

I-127 Back (Revised 11-2010)

OFFICE USE ONLY

Initial Submission       UGI Initials:
Grievance #:
Screening Criteria Used:
Date Recd from Offender:
Date Returned to Offender:

2nd Submission          UGI Initials:
Grievance #:
Screening Criteria Used:
Date Recd from Offender:
Date Returned to Offender:

3rd Submission          UGI Initials:
Grievance #:
Screening Criteria Used:
Date Recd from Offender:
Date Returned to Offender:

Appendix F

EXHIBIT: COMPLAINT # 11

OCT 1 1 2016

**Texas Department of Criminal Justice**

# STEP 2    OFFENDER

**GRIEVANCE FORM** 13-2-08

Offender Name: CHARLES EPLEY   TDCJ # 601990

Unit: STRINGFELLOW   Housing Assignment: E-13-1-22-B

Unit where incident occurred: LYNAUGH* Administrative-
SEGREGATION.

--OFFICE USE ONLY--

Grievance #: 2016171719

UGI Recd Date: AUG 2 3 2016

HQ Recd Date: AUG 2 6 2016

Date Due: 10-2-16

Grievance Code: 515

Investigator ID#: 12245

Extension Date:

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

Give reason for appeal (Be Specific).   *I am dissatisfied with the response at Step 1 because...* I AM APPEALING
THE RULING, dATED August 10-16, IN GRIEVANCE # 2016171719
BECAUSE IT CANNOT BE RECONCILED WITH THE KNOWN FACTS. MORE
SPECIFICALLY, THE RULING IS FACTUALLY FALSE TO KNOWINGLY AND
INTENTIONALLY SHIELD THE LIABLE OFFICIALS. IT IS MY DESIRE TO
CONTINUE TO PRESENT THE FACTS IN THIS APPEAL, AND TO MAKE
VIGOROUS REBUTTAL ARGUMENTS TO THE RULING dATED Aug 10-16.
UNFORTUNATELY, I AM PREVENTED FROM doing THIS by THE FOLLOWING:
1). I AM disabled by dEBILITATING TRAUMATIC BRAIN INJURY symptoms.
2). I AM disabled by dEBILITATING POST-TRAUMATIC STRESS DISORDER symptoms.
3). I AM HURT+ VERY depressed by THE INJURIES SUSTAINED ON Monday JUNE 06-16.
4). I AM depressed by MY CELL ASSIGNMENT IN AdministRATIVE-SEGREGATION.
THE "OVERFLOW" STATUS is INVOKED TO punish ME. I HAVE COMMITTED NO WRONG.
5) I AM ALSO depressed bECAUSE MY REQUESTS TO pursue
EducATIONAL ADVANCEMENT AT RAMSEY - WHERE I would bE
MUCH SAFER - ARE bEINg blocked IN RETALIATION FOR THE
GRIEVANCES I HAVE FILED SINCE I WAS brUTALLY ASSAULTED ON
MONdAY JUNE 06-16. I FEAR - And I AM bEINg INCAPACITATED
By THAT FEAR - THAT prOVIDING FACTUAL INFORMATION IN THIS
GRIEVANCE WILL RESULT IN AddITIONAL ACTS of RETALIATION
AGAINST ME (E.g., I FEAR bEING TRANSFERRED TO AN EVEN WORSE
PRISON). HENCE, THE CHILLINg-EFFECT WHICH PREVENTS ME FROM
WRITTING THE APPEAL WHICH I NEED And WANT TO WRITE.

I-128 Front (Revised 11-2010)          YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM          (OVER)

Appendix G

EXHIBIT: COMPLAINT # 11

NOTE: ALL MY MEDICAL AND ADMINISTRATIVE RECORDS (SUCH AS, BUT NOT LIMITED TO, ALL THE GRIEVANCES I HAVE FILED SINCE Monday JUNE 06-16) ARE INCORPORATED BY REFERENCE TO THIS GRIEVANCE FOR ALL PURPOSES. P.S: THE PRISON IS CURRENTLY ON LOCKED-down. (MMDCCLXX A.U.C)

**Offender Signature:** _____ **Date:** Saturday August 20-16

**Grievance Response:**

There is insufficient evidence to support your claim that staff named in your complaint was responsible for your alleged property loss/damage. In the absence of evidence to support your claim, this office warrants no action.

**Signature Authority:** _K. Ward_    K. Ward    **Date:** SEP 2 2 2016

**Returned because:**    *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

**Initial Submission**          CGO Initials: _____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender:_____

**2nd Submission**          CGO Initials: _____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**3rd Submission**          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd:_____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

Appendix G

**EXHIBIT: COMPLAINT # 11**

# MA-03534-06-16 Montford Unit

## Basic Information

**Date/Time of Use of force:**          6/6/16 Time 1458
**Location of Use of force:**          A3 pod Dayroom #4

**Employee Participant  Name:**          David Camargo, CO III
                                                  Julio Espinosa III, CO IV
                                                  Marco Gonzalez, Sergeant
                                                    Rafael Guitron II, CO V
                                                    Bobby Gutierrez, CO V
                                                    Jonathan Smith, CO II

**Injury Incurred to employee as a result of the use of force:** No

**Offender Participant Name:**                Charles Epley #601990

**Injury Incurred to offender participant as a result of the use of force:** Yes

**Brief Summary:**  On the date and time listed above, and at A3 pod Dayroom #4, Offender Charles Epley #601990, was ordered to move into a new housing assignment and the offender failed to obey the order, thus resulting in the use of chemical agents and a 5 man team was utilized in order to gain compliance from the offender.

**Administrative/disciplinary charges filed against offender:** Yes  *NOT TRUE*
Level II, 24.0-Refusing or Failing to Obey Orders

*FALSE INFORMATION*

**Administrative/disciplinary charges filed against employees:** No

---

### EXHIBIT: COMPLAINT # 12

---

Basic Information Provided by Maggie Schillaci 10/10/16

Texas Department of Criminal Justice
The Office of the Administrative Monitor for Use of Force
PO Box 99, Huntsville, TX  77320

www.tdcj.state.tx.us

 Gmail          **EXHIBIT: COMPLAINT # 13**          Charles Epley <epleylegal@gmail.com>

---

## Open Records Request - 04/04/2018

**OGC Open Records** <ogcopenrecords@tdcj.texas.gov>          Tue, Apr 17, 2018 at 6:50 PM
To: "epleylegal@gmail.com" <epleylegal@gmail.com>
Cc: Nicholas Morrell <Nicholas.Morrell@tdcj.texas.gov>

Good Morning Mr. Epley,

Please see the attached for your copy of our request for decision from the Attorney General. Please respond to this email with a valid mailing address so that the AG can mail you your copy of their ruling in 45-55 days.

Thank you,

Zeke Tisdale

Legal Assistant I – Legal Affairs

Texas Department of Criminal Justice

Office of the General Counsel

(936) 437-6004

(936) 437-6994 Fax

The information contained in this electronic mail and any attachments is intended for the use of the addressee(s) and may contain confidential, privileged, or proprietary information.  Any other use of these materials is strictly prohibited.  This email may not be forwarded outside the Texas Department of Criminal Justice Office of the General Counsel without the permission of the original sender.  If you have received these materials in error, please notify me immediately by telephone and destroy all electronic, paper, or other versions.

---

**2 attachments**

📄 **PIR-Charles Epley.pdf**
39K

📄 **Requestor Copy-Charles Epley.pdf**
435K



### Texas Department of Criminal Justice

**EXHIBIT: COMPLAINT # 14**

Bryan Collier
Executive Director

April 25, 2018

Charles Epley
Via Email: epleylegal@gmail.com

RE:   Your Public Information Request re Charles Epley, TDCJ#ZT0128

Dear Mr. Epley:

The information responsive to the portion of your request where you ask for the video recording for case number MA-03534-06-16 has been deemed confidential by the Office of the Attorney General.

The Office of the Attorney General has previously ruled that the Texas Department of Criminal Justice (TDCJ) may withhold the use of force video for case number MA-03534-06-16. Thus, the TDCJ will not be releasing the responsive video to you or any other member of the public pursuant to OR2017-17674.

If you have any further questions please do not hesitate to contact this office.

Sincerely,

Nicholas Morrell
Assistant General Counsel

NAM/ZZT

*Our mission is to provide public safety, promote positive change in offender behavior, reintegrate offenders into society, and assist victims of crime.*
**Office of the General Counsel**
**Sharon Felfe Howell, General Counsel – Sharon.Howell@tdcj.texas.gov**
P.O. Box 13084 Capitol Station
Austin, Texas 78711-3084
Phone (512) 463-9899, FAX (512) 936-2159

P.O. Box 4004
Huntsville, Texas 77342-4004
Phone (936) 437-6700, FAX (936) 437-6994

www.tdcj.texas.gov



# Texas Department of Criminal Justice

—————————————————— **Bryan Collier**
Executive Director

April 25, 2018

Honorable Ken Paxton
Attorney General of Texas
Open Records Division
P.O. Box 12548 – Capitol Station
Austin, Texas 78711-2548

**EXHIBIT: COMPLAINT # 15**

RE: Public Information Request Submitted by Charles Epley – TDCJ#ZT0128

Dear Mr. Attorney General:

In earlier correspondence, we requested your decision as to whether certain material requested by the above referenced requestor was excepted from disclosure. Accordingly, the TDCJ withdraws its decision request in this matter due to the following:

☐   All of the requested documents have been released to the requestor.

☐   The requestor has withdrawn the request for information voluntarily.

☐   The requestor has withdrawn the request for information by operation of law.

☐   The requestor has clarified and/or narrowed the request for information and this office has released the information subject to the more narrowly tailored request.

☐   The requestor is satisfied with the information or response provided.

☐   We have no information responsive to the request.

☒   Other: <u>Ruling OR2017-17674 states this information may be withheld.</u>

Sincerely,

Nicholas Morrell
Assistant General Counsel

cc:   Charles Epley
      epleylegal@gmail.com

NAM/ZZT

*Our mission is to provide public safety, promote positive change in offender behavior, reintegrate offenders into society, and assist victims of crime.*
**Office of the General Counsel**
**Sharon Felfe Howell, General Counsel – Sharon.Howell@tdcj.texas.gov**
P.O. Box 13084 Capitol Station
Austin, Texas 78711-3084
Phone (512) 463-9899, FAX (512) 936-2159
P.O. Box 4004
Huntsville, Texas 77342-4004
Phone (936) 437-6700, FAX (936) 437-6994
www.tdcj.texas.gov

03/06/2018          Gmail - Information requested to allow me to serve the SUMMONS in a federal civil action pursuant to Rule 4 of the Federal Rules of Ci...

 **Gmail**          **EXHIBIT: COMPLAINT # 16**          Charles Epley <epleylegal@gmail.com>

## Information requested to allow me to serve the SUMMONS in a federal civil action pursuant to Rule 4 of the Federal Rules of Civil Procedure.

**Charles Epley** <epleylegal@gmail.com>                                    Mon, May 28, 2018 at 8:24 PM
To: Sharon.Howell@tdcj.texas.gov

General Counsel Sharon Felfe Howell
Office of the General Counsel
Texas Department of Criminal Justice
P.O. Box 4004
Huntsville, Texas 77342 USA

Dear General Counsel Howell:

Please note that the TDCJ-ID officials named below are the Defendants in a civil lawsuit in the federal court in Lubbock, Texas.

In the parenthesis, appears the rank of the officials, when known, and the prisons/departments/services where they were employed at some time during the year 2016.

Please provide me with all the available information (such as the complete names and the current addresses) you have access, or know how to access, which I need to serve the SUMMONS - pursuant to Rule 4 of the Federal Rule of Civil Procedure - upon the following persons:

01. Marco Gonzalez (Sergeant at Montford on June 06-2016),

02. David Camargo (Officer at Montford on June 06-2016),

03. Julio Espinosa III (Officer at Montford on June 06-2016),

04. Rafael Guitron II (Officer at Montford on June 06 2016),

05. Bobby Gutierrez (Officer at Montford on June 06-2016),

06. Jonathan Smith (Officer at Montford on June 06-2016),

07. Herrera (Sergeant at Montford on June 07-2016),

08. Tara C. Flores (Nurse at Montford on June 06-2016),

09. Maria R. Martinez (Nurse at Montford on June 06-2016),

10. Shaquavia C. Wagner (Nurse at Montford on June 06-2016),

11 Tasia M. Rains (Nurse at Montford on June 06-2016),

12. Robert Stevens (Warden at Montford on June 06-2016),

13. Lopez (Sergeant at Robertson on June 07-2016),

14. "Blue" (Duty medical official who dispensed the prescribed medications in the transit building of Administrative-Segregation at Robertson on June 07-2016),

15. The John/Jane Doe(s) security and medical officials at the "reception" area of the transit building of Administrative-Segregation at Robertson, when the bus arrived from Montford on June 07- 2016),

16. Samuel B. Itie (Medical official at Lynaugh on June 10-2016),

17. Roxie Ingram (Medical/Mental-Health official at Lynaugh in June of 2016),

18.   M. Fuentes (Practice Manager at Lynaugh who issued the ruling in step one of grievance # 2016170365),

19.  Michelle D. Sellers (Classification at Lynaugh in June of 2016),

20.  Paul M. Robinson (Sergeant at Lynaugh in June of 2016),

21.  Carolina Galindo (Property official at Lynaugh in June/July of 2016),

22.  Heather M. Gonzales (Sergeant at Lynaugh on June 20-2016),

23.  Raul Melero (Captain at Lynaugh on June 20-2016) ,

24.  Sheila R. Lehnert (Grievance at Lynaugh in June of 2016),

25.  Glen H. Whitfield (Warden at Lynaugh in June of 2016),

26.   John/Jane Doe(s) (officials, with the Step II Medical Grievance Program - Office of Professional Standards - TDCJ Health Services Division, who issued the ruling in step two grievance # 2016170365),

27.  K. Ward (official who issued the ruling in step two grievance # 2016171719),

28.  C. Martinez (Official who issued the ruling in step two grievances # 2016160882 and # 2017141526),

29.  M. Blalock (Official who issued the ruling in step two grievance # 2016163422),

30.  Steve Massie (Assistant Regional Director who issued the ruling in step two grievance # 2016158831),

31.  Katheryn Bell (Official with the TDCJ Office of the Administrative Monitor for Use of Force, in 2016),

32.  Maggie Schillaci (Official with the TDCJ Office of the Administrative Monitor for Use of Force on October 10-2016),

33.  Eric K. Miller (TDCJ Assistant General Counsel on June 01-2017),

34.  John/Jane Doe(s) (the officials with the State Classification Committee in Huntsville in May and June of 2016),

35.  Ashley Crutchfield (Assistant Attorney General-Open Records Division on August 07-2017).

**Please provide me with the information requested above, without delay, to allow me to serve the summons, on the above named defendants, in a timely manner, pursuant to Rule 4 of the Federal Rules of Civil Procedure. Alternatively, please provide me, without delay, with the names, titles, mailing addresses, fax numbers, email addresses, and telephone numbers of the Texas Department of Criminal Justice officials who can provide me with the information requested in this communication.**

Should you have any questions or need further information, please do not hesitate to contact me at epleylegal@gmail.com;

Thank you very much for your time and assistance in this matter.

Respectfully submitted,

Charles Epley

CC (via registered Mail):   Clerk of the Court
United States District Court
Northern District of Texas-Lubbock Division
1205 Texas Avenue; Suite 209
Lubbock, Texas  79401-4091

---

**EXHIBIT: COMPLAINT # 16**