IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION



| | | |
|---|---|---|
| CHARLES EPLEY | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Civil Action No. 5:18-cv-00142-BQ |
| | § | |
| Marco Gonzalez, et al., | § | |
| Defendants. | § | |

## OBJECTION TO THE ORDERS TRANSFERRING VENUES

## DATED AUGUST 15-2018, ISSUED BY D. GORDON BRYANT, JR.

## UNITED STATES MAGISTRATE JUDGE

## DATED AUGUST 17-2018, ISSUED BY SAM R. CUMMINGS

## SENIOR UNITED STATES DISTRICT JUDGE

## AND

## MOTION FOR RECONSIDERATION

In his Complaint filed with the Federal Court in Lubbock, on June 06-2018 (Docket # 15), Plaintiff reported a series of Constitutional violations committed by Texas prison officials over a period of about one month, on three different prisons of the Texas Department of Criminal Justice (TDCJ).

------

Again, Plaintiff filed his COMPLAINT (Docket # 15) in the Federal Court located in Lubbock because the events which connect ALL the defendants - regardless of the fact that some are at the Montford prison, others at the Robertson prison, and others at the Lynaugh prison - originated at the Montford prison located in Lubbock, Texas.

------

To understand why Plaintiff is compelled to vigorously OBJECT to the lawsuit being, essentially, broken-down into three (3) separate lawsuits, imagine if you will all the defendants representing "dots", so to speak. What the COMPLAINT (Docket # 15) did was to connect all the so-called "dots" together to establish that they willfully combined, conspired, and agreed with one another and with co-conspirators to knowingly and intentionally cause serious and severe harm and injuries to Plaintiff in violation to the United States Constitution and federal laws.

What the above orders (i.e., the orders Plaintiff is vigorously objecting to) did was to disconnect the "dots" and to segregate/separate them into three (3) groups making it very difficult, if not impossible, for Plaintiff to prove his legal claims against the defendants.

In effect, the above orders (i.e., the orders Plaintiff is vigorously objecting to) not only provide opportunities, but essentially allow the defendants to hide in their respective "corners" (i.e., at their respective prisons) to evade being connected to the conspiracies and the collusions - which are not only civil rights violation, but also federal crimes the way Plaintiff understands the law. Thus, the defendants will be able to conceal the facts that they willfully combined, conspired, and agreed with one another and with co-conspirators to knowingly and intentionally cause serious and severe harm and injuries to Plaintiff in violation to the United States Constitution and federal laws.

Proving Deliberate Indifference is illustrative, as opposed to exhaustive, of the kind of legal burden Plaintiff must overcome. Deliberate Indifference, which is a legal standard substantially higher than negligence, has two components. The objective and the subjective components.

In prison cases, it is very difficult to prove the subjective component because the Texas prison officials have developed sophisticated and complex methods and procedures to hide/conceal their state-of-minds so as to make it very difficult for jurors to understand the Texas Prison Officials' motivations/purposes/reasons... behind their actions and omissions. Thus, they routinely evade being held liable for their actions and omissions.

A complicating factor is that certain federal judicial officials inclined to view prisoners' rights issues as being a low priority, or not a priority at all, too often claim to believe the stories of the Texas prison officials... Plaintiff's experience is that these federal judicial officials are prone to dismiss with prejudice meritorious lawsuits filed by prisoners and former prisoners.

-----

Clearly, if there were to be three separate trials, then the jurors at each trial would only be able to consider only a fraction of the facts. A fraction of the evidences. This would make proving Deliberate Indifference almost impossible. And it will make proving that the defendants willfully combined, conspired, and agreed with one another and with co-conspirators impossible.

By breaking down the lawsuit into three lawsuits, the Court has probably defeated Plaintiff's lawsuit before the defendants are even served the summons...

The following are but three examples:

1. One of the John Doe defendant is the bus driver who transported Plaintiff from the Montford prison to the Robertson prison (see paragraph 96 at page 24 of 49 of the Complaint – Docket # 15).

A. During the morning hours of Tuesday June 07-2016, and at the desk located near the bus-boarding area of the Montford prison, Montford-based defendant Sergeant Marco Gonzalez told the bus driver - of the bus which a few minutes later departed the Montford prison to transport Plaintiff to the Robertson prison – to tell the Robertson-based officials to deny Plaintiff medical care so as to conceal the injuries Plaintiff sustained at Montford.

B. Upon arriving at the Robertson prison, the same bus driver relayed the message, Sergeant Marco Gonzalez had given him, to several of the Robertson prison-based defendants who then committed the violations reported in the Complaint (Docket # 15).

Considering the above, the bus driver should be a defendant in which lawsuit? The one in Lubbock or the one in Abilene? How are both juries going to hear the evidences about the bus driver which connected the dots between the Montford-based defendants and the Robertson-based defendants?

Certainly, Plaintiff's legal claims will be prejudiced/harmed/undermined/greatly weakened by the bus driver not presenting the totality of what he knows to a single jury for ALL the jurors to hear ALL the evidences at the very same time.

2. Lynaugh-based defendants Roxie Ingram and Michelle D. Sellers communicated with the Montford-based defendants and acted with them to violate Plaintiff's rights to, for example, receive much-needed medical care and treatments. And to cause Plaintiff severe harm for the purpose of:

A. Concealing the injuries Plaintiff had sustained at Montford;

B. Intimidating Plaintiff from pursuing his claims against the Montford defendants;

C. Punishing Plaintiff for struggling to expose the truth.

Having the Lynaugh-based defendants to reveal that they conspired and colluded with the Montford-based defendants is essential to prove the state-of-mind of not only the Lynaugh-based defendants, but also of the Montford-based defendants.

Again, which juries should hear the evidences? The one in the Northern District-based Court or in one in the Western District-based Court? Having defendants Roxie Ingram and Michelle D. Sellers separated/segregated from the Montford-based defendants will greatly prejudice/harm/ undermine/ weaken Plaintiff's legal claims in the Lubbock-based Court.

3. Lynaugh-based defendants Captain Raul Melero (or Malero) and Sergeant Heather M. Gonzales had a duty to investigate what happened to Plaintiff at the Montford prison. As such, they told Plaintiff that they had communicated with both the security and the medical Montford-based defendants. Thus, their part in the conspiracy and collusion with the Montford-based defendants is essential to show the state-of-mind of all the defendants who were part of these conversations whether they were in Montford/Lubbock or Lynaugh/Fort Stockton. The same jurors, i.e., the same fact finders, should hear the totality of the evidences to ascertain whether the defendants were Deliberately Indifferent.

It would be devastating, to Plaintiff's legal claims, not to have the testimonies of Lynaugh-based Defendants Raul Melero and Sergeant Heather M. Gonzales while cross-examining the Montford-based defendants. Again, the Lubbock-based jurors should hear the testimonies of, for example, Captain Raul Melero and of Sergeant Heather M. Gonzales.

If Plaintiff were not so exhausted, he would continue to show additional examples of the irreparable harms that Plaintiff will suffer as a result of the defendants having been separated/segregated into three groups.

------

Another matter to be given serious consideration is the fact that all the defendants will be represented by experienced and sophisticated attorneys within the Office of the Attorney General of Texas. Assuming three separate trials, not all the trials will be held simultaneously. For example, the trial in Lubbock could be held first. This would allow the attorneys for the Robertson and the Lynaugh defendants to have knowledge of the evidences, such as the testimonies of the defendants, presented during the Montford trial. It is impossible to believe that the attorneys for the Robertson and Lynaugh defendants will not gain an unfair advantage both in term of information but also in term of trial strategies to help their defendants evade being held liable.

------

It should be noted that the Lubbock-based defendants are very well aware of how the Lubbock Federal Court operates. They probably even anticipated what the Court did. Here is why:

The Montford prison is a psychiatric facility. Very few prisoners are assigned to the Montford prison. Instead, twenty-four hours a day, seven days a week, prisoners arrive at the Montford prison only to be returned, usually a few days later, to the prisons from which they came from.

The Montford-based officials know that because the prisons are located in different federal districts/jurisdictions it is almost impossible for the prisoners to "connect the dots" i.e., to show that the Texas prison officials located in different prisons conspired and colluded together to cause them harm. Overwhelmed, the prisoners are defeated.

Defendant Sergeant Marco Gonzalez knew that Plaintiff was being transferred back to the Lynaugh prison located in the Western District, as opposed to the Northern district. Moreover, defendant Sergeant Marco Gonzalez knew that the Robertson prison is located in the Abilene Division as opposed to the Lubbock Division. Plaintiff believes that Defendant Marco Gonzalez acted on his

desire to brutalize Plaintiff because he felt that due to Plaintiff going to the Lynaugh prison, he will be able to evade being held liable for violating Plaintiff's Constitutional rights at the Montford prison. Plaintiff believes that the Court's custom/practice of separating the defendants indirectly invited the conduct of the Lubbock-based defendants against Plaintiff.

-----

Plaintiff is also objecting because while the breaking down of the lawsuit into three lawsuit appears to make it simpler for the Lubbock Court, it makes it incredibly complicated to Plaintiff who – per the evidences previously provided in the pleadings – is afflicted with serious and debilitating medical conditions, such as Traumatic Brain Injuries, Post Traumatic Stress Disorder, Recurring Depressive Episodes… This matter is reviewed in greater details in Plaintiff's:

OBJECTION TO THE ORDER DENYING APPOINTMENT OF COUNSEL
DATED AUGUST 15-2018, ISSUED BY D. GORDON BRYANT, JR
UNITED STATES MAGISTRATE JUDGE
AND
MOTION FOR RECONSIDERATION

Also dated September 02-2018, which is incorporated by reference to this pleading for all purposes.

It will be an impossible burden for Plaintiff to respond to the pleadings submitted by three different sets of attorneys representing three groups of defendants in three different courts i.e., to prepare to three different trials in three different courts.

------

Plaintiff cannot help himself feeling that it is ironic that the Court created three lawsuits out of one, whereas, the judiciary always invokes "judicial economy" to justify making certain legal decisions.

Where is the "judicial economy" when one lawsuit is turned into three lawsuits?

Unless, of course, by breaking down the lawsuit into three, the Court is confident that plaintiff will not be able to prevail in any i.e., that the courts will dismiss with prejudice Plaintiff's claims in all three (3) Courts because the breaking down of the legal claims will prevent Plaintiff from proving Deliberate Indifference…

------

For the reasons stated above when considered in the aggregate, Plaintiff is hereby vigorously:

A.  OBJECTING to the ORDERS:

(1.) Dated August 15-2018, issued by D. Gordon Bryant, Jr., United States Magistrate Judge (Docket # 24).

(2.) Dated August 17-2018, issued by Sam R. Cummings, Senior United States District Judge.

Moreover, Plaintiff is demanding a "running" (i.e., a continuing) OBJECTION covering the entirety of the legal proceedings pertaining to each, every, and all legal claims presented in his COMPLAINT, filed June 06-2018, (see Docket # 15) so as to protect their integrity.

B. Demanding that the Court RECONSIDERS the above orders and RESCIND them without delay.


Respectfully submitted,


Signed this 02nd day of September, 2018.

CHARLES EPLEY, Plaintiff – Pro Se
BOITE POSTALE N° 30036
31701 BLAGNAC CEDEX - FRANCE

EMAILS:   EpleyLegal@gmail.com
          EpleyPlaintiffLubbock@gmail.com

Sunday September 02-2018

Clerk of Court Karen Mitchell
United States District Court
Northern District of Texas – Lubbock division
1205 Texas Avenue; Suite 209
Lubbock, Texas 79401-4091

CAUSE NUMBER: Civil Action No. **5:18-CV-00142-BQ**

Dear Clerk of Court Karen Mitchell:

Please find enclosed the following documents, to be filed with this Court:

1. Plaintiff's eight-page:
    OBJECTION TO THE ORDERS TRANSFERRING VENUES
    DATED AUGUST 15-2018, ISSUED BY D. GORDON BRYANT, JR.
    UNITED STATES MAGISTRATE JUDGE
    DATED AUGUST 17-2018, ISSUED BY SAM R. CUMMINGS
    SENIOR UNITED STATES DISTRICT JUDGE
             AND
    MOTION FOR RECONSIDERATION, dated September 02-2018.;

2. Plaintiff's six-page:
    OBJECTION TO THE ORDER DENYING APPOINTMENT OF COUNSEL
    DATED AUGUST 15-2018, ISSUED BY D. GORDON BRYANT, JR.
    UNITED STATES MAGISTRATE JUDGE
             AND
    MOTION FOR RECONSIDERATION, dated September 02-2018.

Please note that I continue to be denied the use of ECF. If you could communicate to me via email, I would greatly appreciate it. Again, in addition to the email address I have repeatedly provided in the past for my legal documents i.e., EpleyLegal@gmail.com. I have also opened a dedicated email address for the Court to use to promptly communicate with me. It is: EpleyPlaintiffLubbock@gmail.com.

Thank you for your time and for communicating with me at the email addresses provided above.

Respectfully submitted,

Signed this 02nd day of September, 2018.

RECEIVED
SEP 10 2018
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

CHARLES EPLEY, Plaintiff – Pro Se
BOITE POSTALE N° 30036
31701 BLAGNAC CEDEX - FRANCE

EMAILS:   EpleyLegal@gmail.com
          EpleyPlaintiffLubbock@gmail.com

Case 5:18-cv-00142-BQ   Document 38   Filed 09/10/18   Page 10 of 11   PageID 389

218335-1-1-PRI
Mr. Charles E Epley
PO Box 100729
Arlington, VA 22210-3729

PRESORTED
FIRST-CLASS MAIL
POSTAGE AND FEES PAID
C2M LLC
22202

USPS CERTIFIED MAIL™



9207 1901 3247 3400 0760 9961 60

SIGNATURE REQUIRED PER DMM 3.1.1

1*************************SNGLP 480
Clerk of the Court
USDC Lubbock Division
Northern District of Texas
1205 Texas Ave RM 209
Lubbock, TX 79401-4027



RECEIVED
SEP 1 0 2018
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**CERTIFIED MAIL**



