U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 28 2018
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| CHARLES EPLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:18-CV-142-BQ |
| ) | |
| MARCO GONZALEZ, ) | |
| *Sergeant at Montford, et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the court are three documents filed by Plaintiff Charles Epley in which he seeks the following relief: (1) an extension of time to file an application to proceed *in forma pauperis* (IFP) (ECF No. 41), apparently in response to the court's September 5, 2018, Appellate Fee Deficiency Order requiring Epley to, within 20 days, either pay the appeal fee of $505 or file a signed application to proceed IFP; (2) reconsideration of the court's previous order severing claims against defendants outside this division and district (ECF Nos. 38, 39); and (3) reconsideration of the court's order denying Epley's motion for appointment of counsel. ECF Nos. 36, 37. The court has considered Epley's motions and the applicable law, and orders that the motions are hereby **DENIED**.

The first motion (ECF No. 41), purportedly seeking an extension of time "to file a signed application to proceed in forma pauperis," instead consists of seven pages and seventeen exhibits describing Epley's alleged physical and mental condition and the burden imposed upon him by pursuing litigation he initiated. Regardless of the motion's content, the court notes Epley subsequently filed an application to proceed IFP on September 24, 2018, which substantially complies with the court's September 5 order. *See* ECF No. 42. Because Epley has provided the

1

required information in a timely fashion and the court has now addressed by separate order Epley's request to proceed on appeal IFP, his request for an extension of time to file his IFP request is **DENIED as moot**.

The motion seeking reconsideration of the court's order severing claims against defendants in the Abilene Division of the Northern District of Texas, as well as the Pecos Division of the Western District of Texas (*see* ECF No. 24, filed Aug. 15, 2018), similarly provides no basis for relief. Other than citing the alleged inconvenience posed to Epley by the severance, Epley primarily references perceived evidentiary and proof issues created by having to pursue his claims in three separate forums. Specifically, Epley expresses angst over whether he can "connect the dots" if juries in each of the separate forums are not allowed to consider all the evidence related to his claims of deliberate indifference.

Epley's claims must obviously clear numerous hurdles prior to being considered by a jury, not the least of which is the initial screening process under 28 U.S.C. § 1915; however, even assuming some or all of his claims eventually merit a trial, this court has no doubt the judge presiding over Epley's cases, whether in Lubbock, Abilene, and/or Pecos, will ensure a fair trial and render appropriate rulings on any evidentiary issues that may arise. In any event, Epley offers no credible basis for the court to reconsider its initial determination that the transferred claims were filed either in (1) the incorrect district (claims against defendants located in the Western District of Texas) or (2) a location that, in the interest of justice, required transfer for the convenience of the majority of the parties and witnesses (Abilene defendants). In the court's view, the overall availability and convenience of the witnesses and parties, the cost of obtaining witness attendance, the relative ease of access to proof, and the place of the alleged wrong, outweigh any other considerations for location of the appropriate forum. *See* 28 U.S.C. § 1404(a); *Von*

*Graffenreid v. Craig*, 246 F. Supp. 2d 553, 562 (N.D. Tex. 2003) (applying these and other factors in analyzing venue under § 1404(a)).  For the foregoing reasons, Epley's motion seeking reconsideration of the court's previous order severing claims against defendants outside this division and district (ECF Nos. 38, 39) is **DENIED**.

Finally, Epley seeks reconsideration of the court's order (ECF No. 25) denying his motion for court-appointed counsel.  ECF Nos. 36, 37.  While Epley articulately and concisely states numerous grounds for reconsideration, he fails to address the most fundamental reason previously provided by the court for denying his motion at this time:  the court has yet to conclude its initial screening of his claims, as required by statute.  *See* 28 U.S.C. § 1915(e)(2) (requiring court to dismiss any case proceeding IFP if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks relief against a defendant who is immune).  For the reasons previously stated in the court's order denying appointment of counsel, including the prematurity of Epley's request, the court **DENIES** Epley's renewed motion for court-appointed counsel.

The court will not entertain any further filings or argument from Epley regarding its decision to sever the Western District and Abilene Division claims.  Moreover, the court will not consider additional requests by Epley for appointment of counsel **prior to the court completing the initial screening of Epley's claims**.  Any additional filings by Epley on these two issues will be considered a violation of this order and will result in the imposition of sanctions.  **Such sanctions may include monetary sanctions or a complete bar to filing pleadings without leave of court.**

      **SO ORDERED.**

Dated: September 28, 2018

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE