IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| CHARLES EPLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:18-CV-142-BQ |
| | § | |
| MARCO GONZALEZ, | § | |
| Sergeant at Montford, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION[1]

On February 18, 2022, the Court granted the Office of the Attorney General for the State of Texas's (OAG) Rule 12(e) motion and directed pro se Plaintiff Charles Epley to file a more definite statement as to his claims under the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA). ECF Nos. 99, 100. The order required Epley to file his response within fourteen days—the timeframe mandated by Rule 12(e). ECF No. 100. Thereafter, the Court granted Epley permission to renew his Texas state-law claims for assault, battery, and negligence (ECF No. 104) and similarly required Epley to identify the defendants he intends to sue as to those claims. ECF No. 105.

Now, almost ten months later, Epley has not only failed to file a more definite statement, but he has also refused to comply with at least five court orders, including an Order to Show Cause requiring him to explain his non-compliance. Thus, in accordance with Rules 12(e) and 41(b), and for the reasons explained more fully herein, the undersigned recommends that the United States District Judge **STRIKE** and **DISMISS without prejudice** Epley's ADA and RA claims as to all

---

[1] The Honorable Sam R. Cummings, Senior United States District Judge, transferred this case to the undersigned for further proceedings consistent with 28 U.S.C. § 636. *See* ECF No. 83. Not all parties have consented to proceed before the magistrate judge.

Defendants other than the Texas Department of Criminal Justice (TDCJ).[2] The undersigned further recommends that the United States District Judge **DISMISS without prejudice** Epley's state-law claims under Rule 41(b) for failure to comply with Court orders.

## I.     Background

On May 29, 2019, the undersigned entered a Report in this action, recommending dismissal of Epley's Amended Complaint and all claims therein, including claims under 42 U.S.C. § 1983, the ADA, RA, and Texas state law for assault, battery, and negligence. ECF No. 57; *see* Am. Compl. 3–11, 48, ECF No. 15. The Senior United States District Judge adopted the Report and Recommendation in full, dismissing Epley's federal-law claims with prejudice and his state-law claims without prejudice, in accordance with 28 U.S.C. § 1367(c)(3). ECF Nos. 71, 72. Epley appealed the dismissal of his ADA and RA claims (*see* Appellant's Opening Br., No. 19-10781, 2021 WL 807847, at *2 (5th Cir. Mar. 1, 2021)), and the United States Court of Appeals for the Fifth Circuit reversed and remanded for further proceedings. *Epley v. Gonzalez*, 860 F. App'x 310, 311, 315 (5th Cir. 2021) (per curiam). Thereafter, the Senior United States District Judge transferred this case to the undersigned for further proceedings. ECF No. 83.

The Court entered an order requiring Epley to amend his complaint as to the live ADA and RA claims because Epley's then-operative pleading spanned almost ninety pages (including exhibits) and named at least twenty-six defendants, but it was not clear which defendants Epley intended to sue in connection with his live claims. ECF No. 84; *see* ECF No. 15. On October 11, 2021, Epley timely filed his Second Amended Complaint. ECF No. 90; *see* ECF Nos. 85, 87, 88, 89. Thereafter, the Court entered an order on November 29, 2021, requiring Defendants— employees of the State of Texas at the time of the events giving rise to this action—to answer or

---

[2] By separate order of even date herewith, the undersigned is requiring TDCJ to answer or otherwise respond to Epley's ADA and RA claims asserted in his Second Amended Complaint.

otherwise plead to the ADA and RA claims. ECF No. 92. In response, the OAG filed a notice as amicus curiae in which it requested, among things, that the Court require Epley to file a more definite statement under Rule 12(e). *See* ECF No. 99 (noting that Epley added additional defendants and retained all original defendants, despite dismissal of all claims except those under the ADA and RA, and that the OAG "cannot reasonably identify all the necessary defendants . . . in order to obtain authorization to represent those defendants or to prepare a response").

On February 18, 2022, the Court granted the OAG's request and directed Epley to identify the specific Defendants against whom he seeks to pursue the ADA and RA claims, within fourteen days from the date of the order—i.e., the timeframe mandated by Rule 12(e). ECF No. 100. In the order, the Court stated that under Rule 12(e), Epley's failure to comply could result in the Court striking his Second Amended Complaint "or issu[ing] any other appropriate order." *Id.* at 4 (quoting Fed. R. Civ. P. 12(e)). Epley timely filed (after the Court granted him an extension) a non-compliant document. *See* ECF Nos. 102, 103. In his filing, Epley stated that his "remaining claims include, but are not limited, to his state law claims" (referring to a then-pending motion (ECF No. 96)), and he attached the first two pages from his Second Amended Complaint that list no less than thirty-one different Defendants, many of whom have no apparent connection to Epley's live claims and whom the Court has already dismissed, including Texas Department of Criminal Justice (TDCJ) grievance investigators, general counsel employees, and medical officials. ECF No. 103.

Based on that filing and a formal motion, the Court granted Epley leave to renew his state-law claims. ECF Nos. 96, 104. The Court then entered an order requiring Epley, within ten days from the date of the order, to identify the Defendants he intends to name as to *each* claim—i.e., those under the ADA and RA, as well as those for state-law assault, battery, and negligence. ECF No. 105. The Court's order further directed Epley to "cite the specific portion(s) of his Second

Amended Complaint (ECF No. 90) in which he alleges facts as to the named Defendants for the particular claim." ECF No. 105, at 1–2. The Court admonished Epley that should he fail to comply with the order, the Court would recommend that his claims be dismissed in accordance with Fed. R. Civ. P. 41(b) and/or 12(e). *Id.* at 2.

Epley did not submit a more definite statement but instead filed a motion for extension of time "to contact an attorney so as to present his claims to interest the attorney in representing [Epley]." ECF No. 106, at 7. The Court denied Epley's extension request, explaining that Epley had had ample time to contact an attorney over the lifespan of the case. ECF No. 107, at 1. Nevertheless, the Court granted Epley thirty additional days to comply with the Court's prior orders (ECF Nos. 100, 105), giving him until June 13, 2022, to file a response. ECF No. 107, at 2. The Court again cautioned Epley, however, that his failure to comply with the order in its entirety could result in, *inter alia*, a recommendation that his claims be dismissed under Fed. R. Civ. P. 41(b) and/or 12(e). *Id.*

On June 12, 2022, Epley filed another non-responsive document—a fifth motion requesting appointment of counsel, which the Court denied. ECF Nos. 108, 110; *see* ECF Nos. 3, 7, 62, 86. In the motion, Epley asserted that he "is unable, as opposed to unwilling, to comply with the [o]rder because of his disabilities." ECF No. 108, at 10 (emphasis omitted). Epley did not, however, explain the basis for his suggestion that, without counsel, he is "unable" to provide the Court with the basic facts supporting his claims—i.e., the conduct of which he complains and the parties who purportedly engaged in that conduct. *See id.* at 4–6 (stating that he requires counsel "to make legal arguments/reasonings").[3] And more significantly, Epley did not make any attempt to comply with

---

[3] Problematically for Epley, only *he* can supply the *facts* upon which he bases his claims, e.g., who did what and when. He needs no third party (including counsel, appointed or otherwise) to act as an intermediary in providing this information to the Court.

4

the Court's orders requiring him to identify the Defendants he wishes to sue in connection with *each* claim and the specific portions of his Second Amended Complaint setting forth factual allegations in support. *See id.* at 1–11.

As a result, the Court entered an Order to Show Cause, requiring Epley, no later than November 16, 2022, "to (1) *fully* comply with the Court's prior orders . . . , **and** (2) file a response, in writing, explaining why the Court should not strike his Second Amended Complaint and dismiss this case under Rule 41(b) and/or Rule 12(e)." ECF No. 111, at 5–6. The Court admonished Epley that the order served as a lesser sanction, affording him notice and the opportunity to explain why the case should not be dismissed, and that his failure to comply would result in a recommendation that the district judge dismiss this action. *Id.* at 6.

As of the date of this Report, Epley has not responded to the Order to Show Cause, nor has he filed a more definite statement in accordance with Rule 12(e) and this Court's orders. *See* ECF Nos. 100, 102, 105, 107, 111. Moreover, Epley has not communicated with the Court in any manner for over five months. *See* ECF No. 108 (dated June 12, 2022). In this posture, the Court can only conclude that Epley either refuses to comply or no longer wishes to pursue his claims.

## II.     Legal Standard

Rule 12(e) provides that where a party fails to comply with a court order requiring a more definite statement, "the court may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e). Concomitantly, a court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (per curiam). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

Courts may dismiss a case under Rules 12(e) and 41(b) with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996); *Pardee v. Moses*, 605 F.2d 865, 866 (5th Cir. 1979) (per curiam) (considering the propriety of a district court's Rule 12(e) dismissal with prejudice). Where the court dismisses a case without prejudice, "but the applicable statute of limitations probably bars future litigation," the dismissal is effectively with prejudice. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (citation omitted). Courts must apply a more stringent standard for dismissals that are effectively with prejudice due to the statute of limitations. *See id.* Dismissals with prejudice for failure to prosecute are appropriate only "where there is a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice." *Id.* (internal quotation marks and citation omitted).

"A [plaintiff's] delay meriting a Rule 41(b) dismissal with prejudice 'must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity.'" *Haynes v. Turner Bass & Assocs.*, No. 20-40787, 2022 WL 2383855, at *1 (5th Cir. July 1, 2022) (quoting *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988)). On the other hand, contumacious conduct is "the stubborn resistance to authority." *McNeal*, 842 F.2d at 792 (citation omitted).

And even where significant delay or contumacious conduct is present, "there should usually be at least one 'aggravating factor.'" *Raborn v. Inpatient Mgmt. Partners Inc.*, 278 F. App'x 402, 404 (5th Cir. 2008) (per curiam). The three aggravating factors are: "(1) the delay was caused by the plaintiff, as opposed to [his] attorney; (2) the defendant suffered actual prejudice; or (3) the delay was caused by intentional conduct." *Id.* at 404–05.

6

## III. Discussion

### A. Epley's failure to file a more definite statement in accordance with Rule 12(e) necessitates dismissal of his ADA and RA claims against all Defendants except for TDCJ.

On February 18, 2022, the Court granted the OAG's motion for a more definite statement, concluding that Epley's failure to identify the defendant(s) to which he attributes the ADA and RA violations prevented the OAG from framing a responsive pleading because it could not identify the individual(s) for whom it needed to (1) obtain authority to represent and (2) file an answer on their behalf. ECF No. 100, at 3–4. That is, Epley's global reference to Defendants in relation to his claims did not provide each Defendant notice of the allegations asserted against him or her, if any. *Id.*; *see, e.g.*, 2d Am. Compl. 6, ECF No. 90 ("Having been harmed inside the cell . . . as a result of the defendants having: (1). Denied the housing accommodation for Plaintiff's disabilities; (2). Colluded with one another to conceal the acts of disability discrimination reported above."), 7 ("Having been harmed during the transfer from the Montford prison to the Robertson prison as a result of having been denied transportation accommodation for his disabilities on June 07-2016."), 8 ("It was part of the manner and means of the intentional discrimination to deny Plaintiff accommodations for his disabilities that certain defendants would unjustifiably harm plaintiff . . . ."), 13 ("[D]efendants should not have allowed Plaintiff being transported."); *see also id.* at 7–13 (listing a state-law claim for negligence but failing to specify against whom he asserts such claim). Over a span of nearly ten months, the Court provided Epley multiple opportunities to file a more definite statement addressing the deficiencies raised by the OAG and discussed in the Court's February 18 and May 3 orders, but Epley made no attempt to meaningfully respond.[4] *See*

---

[4] The Court granted Epley's request to renew his state-law claims after it had directed him to file a more definite statement under Rule 12(e). *See* ECF Nos. 96, 100, 104. Nevertheless, anticipating that the OAG would similarly seek relief under Rule 12(e) as to Epley's state-law claims and finding they suffered from the same deficiencies, the Court proactively directed Epley to identify the individual(s) he wishes to sue in connection with his state-law claims. ECF No. 105. That is, the Court effectively directed Epley to file a more definite statement concerning his state-law

ECF Nos. 100, 101, 102, 103, 105, 106, 107, 108, 111. Instead, Epley asked the Court to appoint counsel or provide him additional time to find a lawyer. ECF Nos. 106, 108. He further maintained that all named Defendants are responsible for all of the alleged violations (ADA, RA, and state-law assault, battery, and negligence), but failed to cite the factual portions of his Second Amended Complaint that provide notice to each Defendant as to their purported wrongful conduct. *See* ECF Nos. 103, 103-1, 106, 108.

The Court does note, however, that Epley has named TDCJ as a Defendant in this action. 2d Am. Compl. 2. And under the ADA and RA, TDCJ is a proper Defendant. *See* 42 U.S.C. § 12131(1) (defining "public entity" as "any State or local government," and "any . . . instrumentality of a State or States or local government"); *see also Smith v. Hood*, 900 F.3d 180, 184 n.6 (5th Cir. 2018) (noting that "the ADA cannot be assessed against an individual"); *Nottingham v. Richardson*, 499 F. App'x 368, 376 n.6 (5th Cir. 2012) (observing that the Fifth Circuit has held "that only the public 'entity' was amenable to suit under the RA, and" has "repeatedly noted that, because the rights and remedies under the ADA and the RA are the same, caselaw interpreting one statute can be applied to the other"); *Estrada v. Director, TDCJ-CID*, No. 5:20-CV-00030-H, 2022 WL 16919789, at *8 (N.D. Tex. Nov. 14, 2022) ("[T]he Court finds that TDCJ is the only proper defendant on [prisoner's ADA and RA] claims."); *Schorsch v. Miller*, No. 2:19-CV-323, 2020 WL 5803255, at *6 (S.D. Tex. Aug. 11, 2020) ("While [p]laintiff did not separately name the TDCJ as a defendant, it is the appropriate defendant for this type of claim."). In the interest of justice, and based on the Fifth Circuit's decision finding Epley has alleged sufficient facts to state a claim under the ADA and RA (*Epley*, 860 F. App'x at 311, 315), the

---

claims. But because the Court did not formally grant relief under Rule 12(e) as to those claims, the undersigned finds Rule 12(e) does not apply to Epley's state-law claims and discusses their disposition under Rule 41(b) herein. *See infra* Section III.B.

Court concludes that Epley's ADA and RA claims against TDCJ should proceed, despite his failure to comply with this Court's Rule 12(e) orders. *See* Fed. R. Civ. P. 12(e) (providing that courts may "issue any other appropriate order").

As to Epley's ADA and RA claims against all other Defendants, however, he has not filed a more definite statement specifying their purported wrongful involvement.[5] Therefore, under Rule 12(e), the undersigned recommends that the district judge strike and dismiss Epley's ADA and RA claims against all Defendants, in both individual and official capacities,[6] except for TDCJ. *See, e.g., Guajardo v. Freddie Records, Inc.*, No. H–10–2024, 2013 WL 12144152, at *7 (S.D.

---

[5] A question may arguably arise as to whether 12(e), as opposed to 12(b)(6), is the appropriate vehicle for addressing this particular issue. *Compare Sisk v. Tex. Parks & Wildlife Dep't*, 644 F.2d 1056, 1059 (5th Cir. Unit A May 1981) (per curiam) ("If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e)."), *with Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959) (explaining that courts must use "great care" in evaluating Rule 12(e) motions, which "should not be used to frustrate [Rule 8's notice pleading] policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss"), *and Conceal City, L.L.C. v. Looper Law Enf't, LLC*, 917 F. Supp. 2d 611, 621 (N.D. Tex. 2013) ("When a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted." (citation omitted)). Even assuming Epley's failure in this regard is more suitably addressed under 12(b)(6), that conclusion provides no ultimate barrier to dismissal at this juncture. The Court has provided Epley myriad opportunities to cure the deficiency, under threat of dismissal, and he has refused to do so. As such, this Court has the inherent authority to dismiss these allegations for failure to state a claim. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006).

Moreover, the Court's action in allowing the ADA and RA claims to proceed against TDCJ, rather than Defendants in their official capacity, preserves the claims recognized as viable by the Fifth Circuit and avoids any prejudice to Epley's rights. Epley cannot obtain injunctive relief as he is not currently incarcerated in TDCJ, and he in fact seeks only monetary damages. 2d Am. Compl. 14. For this reason, Epley's Second Amended Complaint cannot be said to fall within the *Ex parte Young* exception. *See Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) ("In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." (cleaned up)); *see also Forster v. Bexar Cnty.*, No. 5:21-cv-00765-JKP-RBF, 2022 WL 2820857, at *9, *33 (W.D. Tex. July 19, 2022) ("Courts, moreover, may dismiss official-capacity claims as duplicative when the 'allegations duplicate claims against the respective governmental entities themselves.'" (citation omitted)); *Montgomery v. Logsdon*, No. 20-756, 2022 WL 850649, at *3 n.12 (E.D. La. Jan. 18, 2022), *R. & R. adopted by* 2022 WL 834750 (E.D. La. Mar. 21, 2022).

[6] Those Defendants include the following: (1) Marco Gonzalez; (2) David Camargo; (3) Julio Espinosa III; (4) Rafael Guitron II; (5) Bobby Gutierrez; (6) Jonathan Smith; (7) Joe Castillo; (8) Unidentified Assistant-Warden at the TDCJ Montford Unit; (9) Sergeant Herrera; (10) Tara C. Flores; (11) Maria R. Martinez; (12) Shaquavia C. Wagner; (13) Tasia M. Rains; (14) Robert Stevens; (15) John/Jane Doe(s) at Montford; (16) John Doe, bus driver; (17) Montford Unit; (18) John/Jane Does, step II medical grievance; (19) K. Ward; (20) C. Martinez; (21) M. Blalock; (22) Steve Massie; (23) Katheryn Bell; (24) Maggie Schillaci; (25) John/Jane Does, state classification committee; (26) Zeke Tisdale; (27) Nicholas Morrell; (28) Sharon Felfe Howell; (29) Ken Paxton; and (30) State of Texas. 2d Am. Compl. 1–2.

Tex. Apr. 9, 2013) ("Pursuant to Rule 12(e), [plaintiff's] failure to articulate 'the acts and/or conduct attributable to' [defendants] warrants the striking and/or dismissal of those copyright claims against [defendants]."), *R. & R. adopted by* 2013 WL 12144073 (S.D. Tex. June 27, 2013); *Jones v. CNT Chartis Ins. Agency, Inc.*, No. CIV 11-402 BB/GBW, 2011 WL 13291151, at *2 (D.N.M. Aug. 9, 2011) (recommending the court strike plaintiff's amended complaint and dismiss the case without prejudice under Rule 12(e)).

In addition to his failure to file a more definite statement, Epley has also not complied with Court orders and did not respond to the show cause order. The undersigned therefore finds that dismissal of Epley's ADA and RA claims against all Defendants except for TDCJ is also warranted under Rule 41(b) for failure to prosecute. *See, e.g., Canales v. Fox*, No. W–11–CV–257, 2014 WL 12629671, at *1–2 (W.D. Tex. Mar. 31, 2014) (recommending dismissal of case "for failure to prosecute and failure to obey orders of the [c]ourt" after plaintiff did not file a more definite statement under Rule 12(e) as ordered by the court); *Jones*, 2011 WL 13291151, at *2 (finding dismissal warranted under Rule 41(b) in addition to Rule 12(e) because plaintiff did not comply with a court order); *see also Breaux v. Aramark Uniform & Career Apparel LLC*, No. 3:21-cv-1718-M-BN, 2022 WL 10177695, at *1, *4 (N.D. Tex. Sept. 15, 2022) (recommending dismissal under Rule 41(b), even where statute of limitations likely barred future litigation, because plaintiff failed to actively participate in case and did not respond to the show cause order), *R. & R. adopted by* 2022 WL 10207522 (N.D. Tex. Oct. 17, 2022); *Castaneda v. Citimortgage, Inc. ex rel. Cenlar FSB*, No. SA-21-CA-1254-FB (HJB), 2022 WL 2762719, at *1–2 (W.D. Tex. May 4, 2022) (finding plaintiff's failure to respond to court orders, including one requiring him to show cause, "warrant[ed] dismissal without prejudice under Rule 41(b)"), *R. & R. adopted by* 2022 WL 3337810 (W.D. Tex. June 7, 2022).

**B. Epley's failure to comply with Court orders necessitates dismissal without prejudice of his state-law claims under Rule 41(b).**

As noted herein, the Court did not require Epley to file a more definite statement as to his state-law claims. *See supra* note 4. It did, however, order Epley "to identify the Defendants he intends to name as to *each* claim," including those "for assault, battery, and negligence under Texas state law," and also to "cite the specific portion(s) of his Second Amended Complaint . . . in which he alleges facts as to the named Defendants for the particular claim." ECF No. 105, at 1–2. Epley disregarded this order, along with two others that provided him additional opportunities to comply. ECF Nos. 107, 111.

In his pleading, Epley does not indicate the individual(s) he intends to sue as to each state-law claim. *See* 2d Am. Compl. 7. In fact, Epley uses the word "negligence" only one time and not in connection with a specific Defendant. *Id.* ("Having been harmed by the torts of assault and battery, negligence . . . ."). Despite providing Epley multiple opportunities to correct this "sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against," he has not done so. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

Thus, the undersigned recommends the district judge dismiss without prejudice Epley's state-law claims for assault, battery, and negligence for failure to comply with Court orders. *See* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal of "any claim" against a defendant, as well as the entire action); *Gonzalez v. T. Cronkovich*, No. 1:15-CV-136-BL, 2017 WL 1489218, at *2 (N.D. Tex. Apr. 24, 2017) (dismissing without prejudice claims against single defendant under Rule 41(b) after plaintiff failed to comply with court order for more definite statement); *see also Breaux*, 2022 WL 10177695, at *1, *4; *Castaneda*, 2022 WL 2762719, at *1–2.

### C. Dismissal is warranted even if the statute of limitations will bar refiling of Epley's claims.

Although an involuntary dismissal is generally without prejudice, it appears that dismissing Epley's claims could effectively constitute dismissal with prejudice because the statute of limitations will prevent Epley from refiling.[7] Both elements for dismissal with prejudice, i.e., a clear record of delay (or contumacious conduct) and the fact that lesser sanctions would not serve the best interests of justice, are established in the record before the Court.

The Court notes initially that there is not only a clear record of delay but also contumacious conduct. Epley has caused significant delay by failing to comply with the Court's orders to provide a more definite statement, despite having been afforded multiple opportunities. In total, nearly ten months have elapsed since the Court first granted the OAG's Rule 12(e) motion (ECF No. 100), more than seven months have expired since the order requiring additional information as to the state-law claims (ECF No. 105), and more than one month has passed since the Court entered the Order to Show Cause. ECF No. 111. Moreover, Epley has not communicated with the Court since June 12, 2022—i.e., more than six months. ECF No. 108. Courts have found this type of delay— the passage of many months in combination with the litigant's complete inactivity—sufficient to support dismissal. *See, e.g., Price v. McGlathery*, 792 F.2d 472, 474–75 (5th Cir. 1986) (per curiam) (affirming district court's dismissal with prejudice where plaintiff's counsel did not file a pretrial order, failed to appear at the pretrial conference, and let ten-and-a-half months pass without certifying that he would comply with the court's order); *Brown v. Werner Holdings Co.*, No. 5-18-

---

[7] The events of which Epley complains occurred in June 2016. 2nd Am. Compl. 6, 8–13. Generally, a plaintiff in Texas has two years from the date he learns of facts giving rise to his claims to pursue the matter in federal court. *See, e.g.*, Tex. Civ. Prac. & Rem. Code § 16.003; *Brockman v. Tex. Dep't of Crim. Just.*, 397 F. App'x 18, 21 (5th Cir. 2010) (per curiam) ("Since there is no federal statute of limitations for ADA or § 1983 claims, we look to the general personal injury limitations period provided by the forum state, which in this case is Texas's two-year limitations period."); *Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 982–83 (5th Cir. 1992) (affirming lower court's application of Texas's two-year limitations period to RA claim). But even if the default four-year limitations period for federal causes of action applies, Epley's ADA and RA claims would still likely be time-barred.

12

CV-00977-FB-RBF, 2019 WL 2515313, at *3 (W.D. Tex. June 18, 2019) (concluding plaintiff's complete failure to prosecute his case over a nine-month time period warranted dismissal), *R. & R. adopted by* 2019 WL 4061690 (W.D. Tex. June 18, 2019); *Mosquera v. Hininger*, No. B-17-7, 2019 WL 1259153, at *4 (S.D. Tex. Feb. 21, 2019) (finding "a clear record of delay" where plaintiff "ha[d] not filed any documents with the [c]ourt in over a year" and "ha[d] not responded to any orders during th[at] time period, including multiple show cause orders"), *R. & R. adopted by* 2019 WL 1261956 (S.D. Tex. Mar. 19, 2019).

The Court further finds Epley's decision to repeatedly file requests for extensions of time and motions related to counsel, instead of substantively responding to the Court's orders (i.e., filing a more definite statement), demonstrates contumacious conduct through his deliberate delay and disregard of those orders. After entering the initial order requiring a more definite statement concerning Epley's ADA and RA claims (ECF No. 100), the Court provided Epley four separate opportunities to comply and cautioned Epley that his failure to do so could result in dismissal of this action. ECF Nos. 102, 105, 107, 111. Similarly, the Court supplied Epley three chances as to his state-law claims. ECF Nos. 105, 107, 111. Epley made no meaningful attempt to respond. To the contrary, in response to each order Epley asked for additional time or asserted that he needed a lawyer. ECF Nos. 101, 106, 108. And in one response, Epley merely attached the first two pages of his Second Amended Complaint (which list at least thirty-one Defendants) and stated that "[t]he filing . . . identifies the specific Defendants again[st] whom [he] seeks to pursue his remaining claims." ECF No. 103. Finally, when the Court ordered Epley to show cause why this case should not be dismissed, he did not respond.

The foregoing reflects a clear record of "stubborn resistance to authority." *McNeal*, 842 F.2d at 792 ("[I]t is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead, it is 'the stubborn

13

resistance to authority' which justifies a dismissal with prejudice."); *see McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 558 (5th Cir. Unit A Oct. 1981) (defining contumacious conduct as including "intentional delay or willful misconduct"); *Lasalle v. Acevedo*, No. 3:21-CV-1263-D, 2022 WL 1307837, at *3 (N.D. Tex. May 2, 2022) (dismissing case under Rule 41(b) based on delay and contumacious conduct where plaintiffs, over the span of one year, did not comply with "orders regarding their certificate of interested persons" and local counsel, nor did they respond to discovery requests or defendants' motion to dismiss); *cf. Burden v. Yates*, 644 F.2d 503, 504–05 (5th Cir. Unit B May 1981) (concluding dismissal that was effectively with prejudice was inappropriate, in part because plaintiff's noncompliance with three court orders "was more a matter of negligence than purposeful delay or contumaciousness"); *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. Unit B Jan. 1981) (per curiam) (holding that dismissal with prejudice was not warranted where plaintiffs were negligent and had not "disobeyed court orders"). Epley's conduct extends beyond mere error or negligence. He has declined to provide basic and essential *factual* information as to his ADA and RA claims for almost ten months—a time period much longer than that contemplated by Rule 12(e)—and for approximately seven months as to his state-law claims. And even when the Court extended the deadline to respond, Epley either rested on his already-identified deficient complaint, i.e., the basis for granting the Rule 12(e) motion (*see* ECF Nos. 103, 106), or asked for counsel. ECF Nos. 106, 108.

The record as developed further supports a finding that lesser sanctions would not serve the best interest of justice. "Lesser sanctions include 'assessments of fines, costs, or damages against the plaintiff . . . , conditional dismissal, . . . and explicit warnings.'" *Lewis v. Sheriff's Dep't Bossier Par.*, 478 F. App'x 809, 818 (5th Cir. 2012) (per curiam) (alteration in original) (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). The Court has already tried lesser sanctions. First, it expressly warned Epley that his failure to file the required information

could result in the Court striking his Second Amended Complaint and/or dismissing the case under Rules 12(e) and/or 41(b). ECF Nos. 100, 105, 107. Second, it formally extended Epley's deadline to comply (ECF Nos. 102, 105, 107), and nearly ten months have now passed without any legitimate attempt by Epley to file a more definite statement, despite being aware that the Court requires such filing.

Most importantly, the Court cautioned Epley that the Order to Show Cause "serve[d] as a lesser sanction, which afford[ed] notice and the opportunity to respond and explain why this case should not be dismissed for" failure to file a more definite statement and comply with Court orders.[8] ECF No. 111, at 6; *see Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that a district court may dismiss a claim on its own motion as long as the procedure employed is fair. More specifically, fairness in this context requires both notice of the court's intention and an opportunity to respond before dismissing *sua sponte* with prejudice." (internal quotation marks and citations omitted)); *Mastronardi v. Wells Fargo Bank*, 653 F. App'x 356, 358 (5th Cir. 2016) (per curiam) ("[T]he district court first imposed a lesser penalty through a show-cause order, warning the [plaintiffs] that failure to respond to that order could result in dismissal."); *McNeal*, 842 F.2d at 793 (describing "explicit warnings" as a lesser sanction).

Finally, Epley is proceeding IFP (*see* ECF Nos. 9, 75-1), so financial sanctions would not likely induce a response. *See, e.g., Sampson v. Giles*, 410 F. App'x 823, 825 (5th Cir. 2011) (per curiam) (affirming district court's consideration, but ultimate rejection, of imposition of fine, concluding fine was "inappropriate given [prisoner's] IFP status"); *Milazzo v. Young*, No.

---

[8] Similarly, this Report and Recommendation not only serves as notice of the deficiencies but also provides Epley another opportunity to respond and explain why his claims should not be dismissed for the reasons set forth herein. *Breaux*, 2022 WL 10177695, at *5.

15

6:11CV350, 2013 WL 3098225, at *3 (E.D. Tex. June 18, 2013) ("Plaintiff is proceeding *in forma pauperis* and a monetary sanction would be fruitless.").

Not only have both elements for dismissal with prejudice been met, but all three of the aggravating factors are present. First, because Epley is proceeding pro se, his "recalcitrance is attributable to [him] alone." *Coleman v. Groom*, No. 3:19-CV-1155-N-BK, 2019 WL 5069065, at *3 (N.D. Tex. Sept. 18, 2019), *R. & R. adopted by* 2019 WL 5068169 (N.D. Tex. Oct. 9, 2019), *appeal dismissed*, 847 F. App'x 219 (5th Cir. 2021); *see Brown*, 2019 WL 2515313, at *3 ("Because [plaintiff] is proceeding pro se, any delay here is attributable to him, not an attorney."); *Mosquera*, 2019 WL 1259153, at *4 ("Throughout this case, [plaintiff] has represented himself pro se, so all of the delay is attributable to him.").

In addition, given that (1) this Court entered an order more than a year ago requiring Defendants to answer (ECF No. 92), but the OAG has been unable to secure authority to represent the appropriate parties or otherwise defend them due to the unspecific nature of Epley's allegations (ECF Nos. 99, 100),[9] and (2) Epley has not communicated with the Court for five months, the Court finds any further delay will result in actual prejudice to Defendant(s). *See, e.g., Guerra v. 21st Mortg. Corp.*, No. 5:21-CV-99, 2022 WL 16821100, at *5 (S.D. Tex. Oct. 19, 2022) (finding actual prejudice to defendant, where case had been pending for more than one year and plaintiff had not contacted the court for five months), *R. & R. adopted by* 2022 WL 16823052 (S.D. Tex. Nov. 8, 2022); *McKeller v. LVNV Funding, LLC*, No. 3:20-CV-3065-M-BK, 2021 WL 3625078, at *2 (N.D. Tex. July 22, 2021) (concluding defendants were prejudiced by plaintiff's "intentional failure to respond to court orders and [d]efendants' motions," resulting in "no fruitful activity" for nine months), *R. & R. adopted by* 2021 WL 3619933 (N.D. Tex. Aug. 16, 2021).

---

[9] Also noting, *inter alia*, that many of the individuals named as defendants "no longer hold the positions they did in 2016." ECF No. 99, at 3.

16

Finally, Epley's persistent refusal to submit basic factual information amounts to intentional conduct. Epley has made the conclusory statement that he does not understand the Court's orders. *See, e.g.*, ECF No. 106. His filings, however, reflect that he understands the substance of the orders and he simply does not wish to comply because he believes doing so requires him to make a legal determination. *Id.* at 5; *see* ECF No. 108, at 5, 9. Thus, Epley's delay and failure to comply with orders is intentional as opposed to merely negligent, particularly where Epley did not respond to the Order to Show Cause requiring him to explain his failure to submit the required information. *See, e.g., Robinson v. Home Depot USA Inc.*, 478 F. App'x 820, 824 (5th Cir. 2012) (per curiam) ("[Plaintiff] intentionally failed to attend court-ordered hearings, gave either disingenuous or irrational excuses for his absences, exhibited a disregard for the authority of the court, and displayed a clear intention never to appear in [court], despite what the court might order."); *Guerra*, 2022 WL 16821100, at *5 ("Plaintiff has failed to show that his failure to comply with court orders and to cooperate with [d]efendant resulted from an inability to comply or a misunderstanding, rather than intentional conduct."); *Jones*, 2011 WL 13291151, at *2 (opining that plaintiff's decision to file a second motion for remand instead of the court-ordered more definite statement under Rule 12(e) "serve[d] only to demonstrate [p]laintiff's unwillingness to observe the rules of court"); *cf. Nottingham*, 837 F.3d at 442 ("A litigant may not flout valid court orders simply because he is not independently certain of their validity."); *Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009) (per curiam) ("Even a *pro se* litigant is required to comply with the Federal Rules of Civil Procedure, particularly after being expressly directed to do so.").

In sum, Epley's failure to file a more definite statement in accordance with Rule 12(e) and his general noncompliance with Court orders over a span of nearly ten months—decisions solely attributable to him—coupled with his apparent indifference to lesser sanctions, requires that the

Court strike and dismiss Epley's ADA and RA claims against Defendants other than TDCJ, and also dismiss his state-law claims for failure to prosecute. *See, e.g., Giles*, 359 F. App'x at 93 (affirming district court's dismissal of case, where despite court's guidance "on how to cure the deficiencies in [plaintiff's] complaint and a clear warning that noncompliance would be cause for dismissal," plaintiff did not file a more definite statement); *Canales*, 2014 WL 12629671, at *1–2 (concluding plaintiff's stubborn resistance to court orders requiring him to file a more definite statement required dismissal of the case under Rules 12(e) and 41(b), particularly where court extended deadlines and plaintiff had not communicated in over five months); *Jones*, 2011 WL 13291151, at *2–3 (recommending the district judge strike plaintiff's amended complaint and dismiss the action under Rule 12(e), as well as under Rule 41(b), for failure to comply with a court order).

## IV. Recommendation

For these reasons, the undersigned **RECOMMENDS** that the Senior United States District Judge (1) strike Epley's ADA and RA claims against all Defendants other than TDCJ under Rule 12(e), (2) dismiss without prejudice Epley's ADA and RA claims against all Defendants other than TDCJ under Rules 12(e) and 41(b), and (3) dismiss without prejudice Epley's Texas state-law claims for failure to comply with Court orders under Rule 41(b).

## V. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination

is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: December 15, 2022.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE