IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| CHARLES EPLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:18-CV-142-BQ |
| | § | |
| MARCO GONZALEZ, | § | |
| Sergeant at Montford, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### REPORT AND RECOMMENDATION[1]

Defendant Texas Department of Criminal Justice (TDCJ) moves to dismiss this action under Rule 41(b) based on pro se Plaintiff Charles Epley's alleged failure to prosecute. ECF No. 126. Alternatively, TDCJ asks for a thirty-day extension to file a motion for summary judgment. *Id.* at 5. Epley did not file a response, and the time to do so has now expired. Because Epley has demonstrated an intent to pursue his claims, albeit not always diligently, the undersigned recommends that the United States District Judge **DENY** TDCJ's Motion to Dismiss for Lack of Prosecution. ECF No. 126. The undersigned further recommends that the district judge **GRANT** TDCJ's request for an extension of time and require it to file any dispositive motion within fourteen days after any order adopting this Report and Recommendation.

### I. Background

#### A. Relevant Procedural History

On January 25, 2023, Epley filed a motion to stay proceedings indefinitely. ECF No. 121. Epley asserted that he is unable to prosecute this case because he has (1) "serious medical

---

[1] The Honorable Sam R. Cummings, Senior United States District Judge, transferred this case to the undersigned for further proceedings consistent with 28 U.S.C. § 636. *See* ECF No. 118. Not all parties have consented to proceed before the magistrate judge.

conditions which have been worsening as [he] is getting older," and (2) had difficulty accessing the Court's case management/electronic case files (CM/ECF) system since the Court updated to NextGen. *Id.* at 1–5. The Court denied Epley's request, finding he had failed to meet his burden of establishing an indefinite stay was warranted. ECF No. 122.

Less than seven months later, Epley filed a second motion to stay. ECF No. 125. In this motion, Epley argued the Court should stay proceedings pending the Fifth Circuit's decision in a separate case—*Epley v. Itie*, No. 21-50574 (5th Cir.). He explains that in the appeal, he is challenging this Court's decision to sever and transfer certain claims/defendants to the Western District of Texas. ECF No. 125, at 1. Epley asks the Fifth Circuit to reverse the severance and consolidate his cases in this Court. *Id.*; *see* ECF No. 125-1 (copy of the brief filed in the Fifth Circuit). In Epley's view, "[i]t would appropriately conserve the resources of this Court" to stay proceedings considering the Fifth Circuit may remand and consolidate his pending actions. ECF Nos. 125, 125-1. Of even date herewith, the Court has entered an order denying Epley's motion.

### B. Parties' Arguments

TDCJ moves to dismiss Epley's case based on his two motions to stay. Mot. 3–4, ECF No. 126. It argues that Epley has expressly shown "that he will be unable to prosecute or participate in his case." *Id.* at 4. Citing the Court's prior findings, TDCJ asserts that Epley's "months of inactivity, refusal to comply with Court orders, repeated requests for extension, and his own admission that he will not be capable of prosecuting clearly evinces an unreasonable delay in [Epley's] prosecution of his claims." *Id.* at 5. TDCJ maintains it is therefore "entitled to dismissal for want of prosecution." *Id.* Alternatively, however, TDCJ asks the Court to extend the dispositive motions deadline thirty days.[2] *Id.*

---

[2] The motions deadline was set for August 30, 2023 (ECF No. 123, at 2)—the day TDCJ filed its motion.

2

## II. Legal Standard

Rule 41(b) provides that in the event a "plaintiff fails to prosecute" his case, "a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). The dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996). Where the court dismisses a case without prejudice, "but the applicable statute of limitations probably bars future litigation," the dismissal is effectively with prejudice. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (citation omitted). Courts must apply a more stringent standard for dismissals that are effectively with prejudice due to the statute of limitations. *See id.* Dismissals with prejudice for failure to prosecute are appropriate only "where there is a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice." *Id.* (internal quotation marks and citation omitted).

"A [plaintiff's] delay meriting a Rule 41(b) dismissal with prejudice 'must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity.'" *Haynes v. Turner Bass & Assocs.*, No. 20-40787, 2022 WL 2383855, at *1 (5th Cir. July 1, 2022) (quoting *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988)). On the other hand, contumacious conduct is "the stubborn resistance to authority." *McNeal*, 842 F.2d at 792 (citation omitted).

And even where significant delay or contumacious conduct is present, "there should usually be at least one 'aggravating factor.'" *Raborn v. Inpatient Mgmt. Partners Inc.*, 278 F. App'x 402, 404 (5th Cir. 2008) (per curiam). The three aggravating factors are: "(1) the delay was caused by the plaintiff, as opposed to [his] attorney; (2) the defendant suffered actual prejudice; or (3) the delay was caused by intentional conduct." *Id.* at 404–05.

3

### III. Discussion

The Court agrees that Epley has not always been diligent in prosecuting his case. *See* ECF No. 112, at 12–18 (reviewing in detail the timeline in this case, including Epley's failure to prosecute certain claims that were ultimately dismissed). But Epley last communicated with the Court a mere four weeks before TDCJ filed its motion. *See* ECF No. 125. Epley's sporadic but continued communication is not the type of "clear record of delay" sufficient to support a dismissal with prejudice.[3] *Cf. Price v. McGlathery*, 792 F.2d 472, 474–75 (5th Cir. 1986) (per curiam) (affirming district court's dismissal with prejudice where plaintiff's counsel did not file a pretrial order, failed to appear at the pretrial conference, and let ten-and-a-half months pass without certifying that he would comply with the court's order); *Brown v. Werner Holdings Co.*, No. 5-18-CV-00977-FB-RBF, 2019 WL 2515313, at *3 (W.D. Tex. June 18, 2019) (concluding plaintiff's complete failure to prosecute his case over a nine-month time period warranted dismissal), *R. & R. adopted by* 2019 WL 4061690 (W.D. Tex. July 29, 2019); *Mosquera v. Hininger*, No. B-17-7, 2019 WL 1259153, at *4 (S.D. Tex. Feb. 21, 2019) (finding "a clear record of delay" where plaintiff "ha[d] not filed any documents with the [c]ourt in over a year" and "ha[d] not responded to any orders during th[at] time period, including multiple show cause orders"), *R. & R. adopted by* 2019 WL 1261956 (S.D. Tex. Mar. 19, 2019).

---

[3] The events of which Epley complains occurred in June 2016. 2nd Am. Compl. 6, 8–13, ECF No. 90. Generally, a plaintiff in Texas has two years from the date he learns of facts giving rise to his claims to pursue the matter in federal court. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE § 16.003; *Brockman v. Tex. Dep't of Crim. Just.*, 397 F. App'x 18, 21 (5th Cir. 2010) (per curiam) ("Since there is no federal statute of limitations for ADA or § 1983 claims, we look to the general personal injury limitations period provided by the forum state, which in this case is Texas's two-year limitations period."); *Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 982–83 (5th Cir. 1992) (affirming lower court's application of Texas's two-year limitations period to RA claim). But even if the default four-year limitations period for federal causes of action applies to Epley's Americans with Disabilities Act and Rehabilitation Act claims, they would still likely be time-barred.

TDCJ seeks to preemptively dismiss this action so that it need not "spend the time and resources to draft and file a motion for summary judgment" to which Epley may not respond. Mot. 5. Involuntary dismissal under this circumstance is inappropriate. The undersigned therefore recommends the district judge deny TDCJ's Motion to Dismiss under Rule 41(b).

The undersigned finds, however, that TDCJ has established good cause to extend the dispositive motions deadline. TDCJ asserts that it "requires more time to attempt to gather appropriate records" to support their motion for summary judgment. *Id.* On this basis, the undersigned concludes an extension is warranted.

### IV. Recommendation

For these reasons, the undersigned **RECOMMENDS** that the United States District Judge deny TDCJ's Motion to Dismiss under Rule 41(b). The undersigned further **RECOMMENDS** that the district judge grant TDCJ's request for an extension of time and require it to file any dispositive motion within fourteen days after any order adopting this Report and Recommendation. After entering an order disposing of this Report and Recommendation, the undersigned **RECOMMENDS** that the district judge transfer this action back to the undersigned for further proceedings.

### V. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the

magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: September 26, 2023.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE

6